**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number (if known) _____ Chapter __11__

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Immune Pharmaceuticals Inc.** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **52-1841431** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1 Bridge Plaza North, Suite 270**<br>**Fort Lee, NJ 07024**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Bergen**<br>County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)   **www.immunepharma.com**

6. Type of debtor
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  **Immune Pharmaceuticals Inc.**                               Case number (*if known*) _____
           Name

**7. Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __3254__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | When | Case number, if known | |

Debtor   Immune Pharmaceuticals Inc.                                 Case number (if known)
         Name

**11. Why is the case filed in this district?**

Check all that apply:

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

Where is the property?
_____
Number, Street, City, State & ZIP Code

Is the property insured?
- ☐ No
- ☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☒ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor    **Immune Pharmaceuticals Inc.**    Case number (*if known*)
Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 17, 2019**
MM / DD / YYYY

X _____    **Anthony Fiorino**
Signature of authorized representative of debtor    Printed name

Title    **President and Interim CEO**

**18. Signature of attorney**

X _____    Date    **February 17, 2019**
Signature of attorney for debtor    MM / DD / YYYY

**Morris S. Bauer, Esq. 039711990**
Printed name

**Norris McLaughlin, P.A.**
Firm name

**400 Crossing Blvd
8th Floor
Bridgewater, NJ 08807**
Number, Street, City, State & ZIP Code

Contact phone    **908-722-0700**    Email address    **msbauer@norris-law.com**

**039711990 NJ**
Bar number and State

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of New Jersey

In re  **Immune Pharmaceuticals Inc.**                                Case No.
                                      Debtor(s)                       Chapter   **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-36602**.

2. The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2018**.

   a. Total assets                                                  $ **20,716,000.00**

   b. Total debts (including debts listed in 2.c., below)            $ **19,874,000.00**

   c. Debt securities held by more than 500 holders:                                    Approximate number of holders:

| | | | | | | Amount | Holders |
|---|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |

   d. Number of shares of preferred stock               3,233                   9

   e. Number of shares common stock                     172,878,093             22,000

   Comments, if any:
   **The above financial amounts are on a consolidated basis for the Debtor and its subsidiaries based on the September 30, 2018 10-Q. The number of holders of common stock is based on the Nobo and Euroclear list as of November 2018, which number may have substantially increased in the last several months. The number of holders of preferred stock is approximated as of November 2018 and may not include several retail holders.**

3. Brief description of Debtor's business:
   **Immune Pharmaceuticals Inc., together with its subsidiaries, is a clinical stage biopharmaceutical company specializing in the development of novel targeted therapeutic agents in the fields of inflammation, dermatology and oncology.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **To the best of Debtor's knowledge, none.**

## RESOLUTION OF BOARD OF DIRECTORS OF
## IMMUNE PHARMACEUTICALS INC.

I, Tony Fiorino, the President, Interim CEO and Interim Chairman of the Board of Directors of Immune Pharmaceuticals Inc. (the "Company"), a corporation of the State of Delaware, hereby certify that at a Special Meeting of the Board of Directors (the "Board") of said corporation being held on the 17th day of February, 2019 in accordance with the By-Laws of said corporation, and the Board having adopted at said Special Meeting the following resolution:

Whereas, after due consideration of the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business it is in the best interest of the Company to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

**NOW, THEREFORE, THE BOARD CONSENTS TO THE COMPANY'S ADOPTION OF THE FOLLOWING ACTIONS AND RESOLUTIONS:**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in a court of proper jurisdiction; and it is further

**RESOLVED**, that any officer of the Company (collectively, the "**Authorized Officers**") acting alone or with one or more Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to the operation of the Company's business and to maximize the value of the Company's assets; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of NORRIS MCLAUGHLIN, P.A. as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of NORRIS MCLAUGHLIN, P.A.; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of LOWENSTEIN SANDLER LLP as special corporate counsel to represent and assist the Company in carrying out its corporate affairs, including any required SEC filings, continuation of on-going negotiations relating to the sale, assignment, license or other transfer e of certain assets of the Company and other corporate matters that arise during the course of the chapter 11 case, and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of LOWENSTEIN SANDLER LLP; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firms of ARMORY GROUP, LLC and VINE HOLDING GROUP as investment bankers and financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of ARMORY GROUP, LLC and VINE HOLDING GROUP; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

**IN WITNESS WHEREOF,** I have hereunto set my hand on this 17th day of February, 2019.

_____
Anthony Fiorino, President and Interim CEO

The above is a true copy of the Resolutions adopted by the Board of Directors of the Company at a Special Meeting on the day and year stated above.

_____
Anthony Fiorino, Acting Secretary

Fill in this information to identify the case:
Debtor name: Immune Pharmaceuticals Inc.
United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| Meda Pharma SARL<br>43 Avenue John Fitzgerald Kennedy<br>L-1855 Luxumbourg | | | Unliquidated | | | $3,000,000.00 |
| Heights Capital Management Inc.<br>(CVI Inv<br>101 California Street, Suite 3250<br>San Francisco, CA 94111 | | | | | | $625,309.65 |
| Alpha Capital Anstalt<br>Lettstrasse 32<br>9490 Vaduz<br>Lichtenstein | | | | | | $580,810.62 |
| Ayrton Capital (Alto Opportunity Fund)<br>222 Broadway, 19th Floor<br>New York, NY 10038 | | | | | | $536,132.88 |
| Wuxi Biologics (Hong Kong) Limited<br>Unit C, 20/F, OfficePlau @Mong Kok,<br>No. 998 Canton Road<br>Hong Kong | | | | | | $532,465.00 |
| Anson Funds<br>155 University Avenue, Suite 207<br>Toronto, ON M5H 3B7 | | | | | | $446,777.40 |

Debtor  Immune Pharmaceuticals Inc.                                  Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Hudson Bay Capital Management LP<br>777 Third Avenue, 30th Floor<br>New York, NY 10017 | | | | | | $436,589.62 |
| L2 Capital, LLC<br>411 Dorado Beach East<br>Dorado, PR 00646 | | | | | | $325,650.50 |
| FirstFire Capital<br>1040 First Ave., Suite 190<br>New York, NY 10022 | | | | | | $309,521.84 |
| L1 Capital<br>135 Eat 57th Street, Level 23<br>New York, NY 10022 | | | | | | $292,598.22 |
| Nixon Peabody LLP<br>55 West 46th Street<br>Tower 46<br>New York, NY 10036 | | | | | | $245,857.00 |
| Elliot Maza<br>550 Sylvan Ave., Suite 102<br>Englewood Cliffs, NJ 07632 | | | | | | $185,100.00 |
| Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | | | | | | $182,940.00 |
| Intracoastal Capital LLC<br>2211A Lakeside Drive<br>Bannockburn, IL 60015 | | | | | | $171,840.60 |
| Primera Analytical Solutions Corp<br>259 Prosper Plains Rd.<br>Cranbury, NJ 08512 | | | | | | $152,642.00 |
| Sheppard Mullin Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | | | | | | $130,929.00 |
| RobinsonButler LLC<br>7 Stone Crossing Way<br>Hopkinton, MA 01748 | | | | | | $126,620.00 |

Debtor  **Immune Pharmaceuticals Inc.**                                    Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Sylva International LLC<br>516 SW 13th Street, Suite 20<br>Bend, OR 97702 | | | | | | $100,000.00 |
| Nadler Pharma Associates LLC<br>7 Waterview Lane<br>Randolph, NJ 07869 | | | | | | $96,000.00 |
| STC Biologics, Inc. (Inc)<br>330 Nevada St.<br>Newtonville, MA 02460 | | | | | | $90,087.00 |

**United States Bankruptcy Court**
District of New Jersey

In re   Immune Pharmaceuticals Inc.                                   Case No.
                                    Debtor(s)                          Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Immune Pharmaceuticals Inc.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

February 17, 2019
Date

Morris S. Bauer, Esq. 039711990
Signature of Attorney or Litigant
Counsel for   Immune Pharmaceuticals Inc.
Norris McLaughlin, P.A.
400 Crossing Blvd
8th Floor
Bridgewater, NJ 08807
908-722-0700 Fax:908-722-0755
msbauer@norris-law.com

Fill in this information to identify the case:

Debtor name: **Immune Pharmaceuticals Inc.**

United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
■ Other document that requires a declaration    **Corporate Ownership Statement (Rule 7007.1)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 17, 2019**    X _[signature]_
Signature of individual signing on behalf of debtor

**Anthony Fiorino**
Printed name

**President and Interim CEO**
Position or relationship to debtor