**FOLEY & LARDNER LLP**
Leah M. Eisenberg, Esq.
90 Park Avenue
New York, NY  10016-1314
Tel:     (212) 682-7474
Fax:    (212) 687-2329
leisenberg@foley.com

- and -

Michael J. Small, Esq. (*pro hac vice* pending)
Emil P. Khatchatourian, Esq. (*pro hac vice* pending)
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel:    (312) 832-4500
Fax:   (312) 832-4700
msmall@foley.com
ekhatchatourian@foley.com

*Counsel for Discover Growth Fund, LLC*

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Immune Pharmaceuticals, Inc., | Case No. 19-13273 (VFP) |
| Debtor. | |
| In re: | Chapter 11 |
| Immune Pharmaceuticals, Ltd., | Case No. 19-13710 (VFP) |
| Debtor. | |
| In re: | Chapter 11 |
| Cytovia, Inc., | Case No. 19-13896 (VFP) |
| Debtor. | |
| In re: | Chapter 11 |
| Immune Oncology Pharmaceuticals, Inc., | Case No. 19-13898 (VFP) |
| Debtor. | |

| | |
|---|---|
| In re:<br><br>Maxim Pharmaceuticals, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-13899 (VFP) |
| In re:<br><br>Immune Pharmaceuticals USA Corp.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-13092 (VFP) |

**LIMITED OBJECTION OF DISCOVER GROWTH FUND, LLC TO
THE MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 521 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 1007(c) AND 9006(b) TO EXTEND TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Discover Growth Fund, LLC ("Discover"), by and through its undersigned counsel, hereby submits this limited objection (this "Limited Objection") to the *Motion of Debtors for the Entry of an Order Pursuant to 11 U.S.C. § 521 and Federal Rules of Bankruptcy Procedure 1007(c) and 9006(b) to Extend Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Schedules of Executory Contracts and Unexpired Leases* [Docket No. 17] (the "Extension Motion") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[1] In support of this Limited Objection, Discover respectfully represents the following:

**LIMITED OBJECTION**

1. Discover is the Debtors' senior secured lender. Prior to the date hereof, Discover filed the *Motion of Discover Growth Fund, LLC for Relief from the Automatic Stay* [Docket No. 11] (the "Relief from Stay Motion"), which is set for hearing on March 26, 2019. Discover expects the Debtors to oppose the Relief from Stay Motion.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Extension Motion.

2

2.      Immune filed a bare-bones bankruptcy petition on February 17, 2019. Pursuant to Bankruptcy Rules 1007(c) and 9006(a), the Schedules and Statements are required to be filed no later than March 4, 2019. By the Extension Motion, the Debtors seek an additional 14 days (*i.e.*, through March 18, 2019) to complete and file their Schedules and Statements (the "Extension Request"). See Extension Motion, Conclusion.[2] The basis for the Debtors' Extension Request is the (a) complexity of the Debtors' business, (b) the number of potential creditors, and (c) the numerous burdens imposed by the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Extension Motion, at p.5.

3.      In making this request, the Debtors fail to establish a true necessity for the Extension. To be sure, the Debtors' business is not sufficiently complex to warrant a further delay in the filing of the Schedules and Statements. By their own admission, the Debtors essentially own or possess two assets. See Fiorino Declaration, ¶15.[3] Likewise, the Debtors' organizational structure is not overly complex—the Debtors (except for Ltd.) share operations at a single corporate headquarters, see Fiorino Declaration, ¶12, and each of the Debtors appears to operate under the control and governance of Mr. Fiorino. See Fiorino Declaration, ¶1. The Debtors also state that they have decreased their full-time staffing from six individuals to two individuals, see Fiorino Declaration, ¶23, and "will continue to be non-operational" in the post-petition period. See Fiorino Declaration, ¶28. Thus, the evidence shows that "complexity" is hardly a justification for the Extension Request. At any rate, the Debtors have the support and

---

[2] Discover notes that the Extension Motion also requests an extension through March 25, 2019, a date that is 35 days after the Inc. Petition Date. Extension Motion, Relief Requested. As the proposed order granting the Extension Motion uses the March 18, 2019 date, Discover assumes that the use of the March 25, 2019 date was a scrivener's error.

[3] The "Fiorino Declaration" refers to the *Declaration of Anthony ("Tony") Fiorino in Support of First Day Motions* [Docket No. 18].

resources of their bankruptcy professionals to assist in the compilation and filing of the Schedules and Statements.

4. The Debtors cite "numerous burdens" as being an impediment to the timely filing of Schedules and Statements. This is disingenuous. Since the Inc. Petition Date, the Debtors have sought very limited relief from the Court: (a) a joint administration motion [Docket No. 16], and (b) the Extension Motion. Beyond that, the Debtors have done little to disclose useful and meaningful information regarding their financial affairs. The Debtors have, however, signaled that they intend to seek expedited relief with regard to the sale of their assets and the filing of a plan of liquidation or reorganization. See Fiorino Declaration, ¶¶24, 29, and 34. Moreover, the Debtors have stated that they intend to file a motion seeking the approval of debtor-in-possession financing by March 6, 2019. See Fiorino Declaration, ¶24.

5. While the Debtors will likely (a) propose debtor-in-possession financing in the near term, (b) oppose Discover's Relief from Stay Motion on grounds that have yet to be asserted, and (b) seek expedited relief regarding the sale of the Debtors' assets, they, at the same time, are effectively seeking to deprive Discover (and all other creditors) with the basic information necessary to analyze these Chapter 11 Cases in context and evaluate the propriety of the Debtors' proposed actions. If the Extension Request is granted, the Debtors' creditors will be hamstrung by a lack of fundamental information for an unreasonably long period of time, which will adversely affect their ability to take necessary and appropriate actions in these Chapter 11 Cases.

6. Discover submits that the Debtors should not be permitted to proceed with actions that would have a significant impact on the Debtors' estates and creditors without affording parties-in-interest the benefit of full disclosure through the Schedules and Statements.

7. To prevent any prejudice to Discover and other creditors, Discover objects to the Extension Motion to the extent that the Extension Request would authorize the Debtors to file the Schedules and Statements *after* any requests for relief relating to debtor-in-possession financing, bidding and sale procedures, or any other substantive relief that could materially impact the interests of Discover and the Debtors' other creditors. If the Court grants the Extension Motion, Discover respectfully requests that the deadline for the Debtors to file the Schedules and Statements be extended to a date no later than March 6, 2019.

## CONCLUSION

**WHEREFORE**, Discover respectfully requests that this Court deny the Extension Motion. Alternatively, Discover respectfully requests that the Court grant a limited extension of the Debtors' deadline to file Schedules and Statements to March 6, 2019.

Dated: March 4, 2019

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Leah M. Eisenberg*
Leah M. Eisenberg, Esq.
90 Park Avenue
New York, NY 10016-1314
Tel:   (212) 682-7474
Fax:   (212) 687-2329
leisenberg@foley.com

- and -

Michael J. Small, Esq. (*pro hac vice* pending)
Emil P. Khatchatourian, Esq. (*pro hac vice* pending)
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel:   (312) 832-4500
Fax:   (312) 832-4700
msmall@foley.com
ekhatchatourian@foley.com

*Counsel for Discover Growth Fund, LLC*