|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>**MORRIS S. BAUER**<br>**MELISSA A. PEÑA**<br>**CATHERINE L. COREY**<br>**NORRIS McLAUGHLIN, P.A.**<br>400 Crossing Boulevard, 8th Floor<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700<br>msbauer@norris-law.com<br>mapena@norris-law.com<br>clcorey@norris-law.com<br>Proposed Counsel for the Debtors/Debtors-in-Possession |  |
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-13273 (VFP)<br><br>Hon. Vincent F. Papalia |

## APPLICATION FOR RETENTION OF PROFESSIONAL

1.   The applicants, the above captioned debtors and debtors-in-possession (the "Debtors") are the (check all that apply):

☐ Trustee:   ☐ Chap. 7   ☐ Chap. 11   ☐ Chap. 13.

☒ Debtors:   ☒ Chap. 11   ☐ Chap. 13

☐ Official Committee of _____

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceuticals, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

2. The applicant seeks to retain the following professional: Gary H. Rabin ("Rabin") to serve as (check all that apply):

☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

☒ Other Professional:

☐ Realtor    ☐ Appraiser    ☐ Special Counsel

☐ Auctioneer    ☒ Other (specify): <u>President, Interim CEO and Consultant</u>

3. The employment of the professional is necessary because: The Debtors are seeking to retain Rabin as both President and Interim CEO and Consultant. The Debtors require the retention of Rabin for the foregoing positions because the Debtors need assistance and advise with respect to the negotiations surrounding potential debtor-in-possession financing, securing the sale of both the Ceplene and anti-eotaxin antibody assets, as well as assisting the Debtors' restructuring efforts in general during the pendency of the bankruptcy cases.

4. The professional has been selected because: The Debtors have selected Rabin to act as both President and Interim CEO and Consultant because Rabin is familiar with the Debtors' business and needs no lead up time to assist with the proposed services during the bankruptcy case. With respect to the President and Interim CEO position, I am in the process of stepping down from these positions; however, I will remain on as a board member. Rabin has considerable experience and knowledge in assisting debtors-in-possession with transactions

during the pendency of a chapter 11 case, and is well-qualified to assist the Debtors with respect to same.

5. The professional services to be rendered by the professional are as follows: General financial advisory services, including assisting Debtors in negotiating and obtaining debtor-in-possession financing, assisting the Debtors in divesting the Ceplene and anti-eotaxin antibody assets, and assisting the Debtors with general advisory services throughout the pendency of the Chapter 11 Cases.

6. The proposed arrangement for compensation is as follows: Subject to Bankruptcy Court approval, Rabin will be compensated the following amounts: for his services as Consultant: (i) an initial retainer in the amount of $16,000 upon the Bankruptcy Court approving this retention; (ii) a consulting fee in the amount of $11,000 per month payable on March 15, April 15, and May 15, 2019; (iii) a success fee in the amount of $12,500 upon the sale of the Ceplene assets for an amount not less than $500,000; and (iv) a one-time fee of $75,000 upon the winding up of the Debtors' bankruptcy cases. For Rabin's services as President and Interim CEO: (i) an initial retainer of $11,000 payable upon the parties signing the Employment Agreement, and (ii) a work fee in the amount of $4,000 per month payable on each of April 5, May 5, and June 5, 2019. The Debtors will also compensate Rabin for any expenses that may result from Rabin's rendering of services to the Debtors, provided that any expenses greater than $250 must be approved the Debtors in advance.

Because Rabin is typically compensated on a monthly basis via a fee structure similar to the structure set forth above, Rabin does not maintain detailed time records. Given the nature and scope of the services being provided and the fee structure as set forth in the Consulting Agreement attached as Exhibit "A" and the Employment Agreement attached as Exhibit "B"

to the Rabin Declaration, Rabin requests that in lieu of submitting detailed time records, Rabin will instead submit a narrative summary of the services provided in connection with the services rendered in Rabin's interim and final fee applications. Such billing format and associated details will be sufficient for the Debtors and other parties in interest to make informed judgments regarding the nature and appropriateness of Rabin's services and fees.

7. To the best of the applicant's knowledge, the professional's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

☒ None

☐ Describe connection:

8. To the best of the applicant's knowledge, the professional (check all that apply):

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which the professional will be retained under 11 U.S.C. § 327(e)

☐ Other; explain:

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follow: N/A

The applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

4

Date: March 7, 2019

By: _____
Signature of Applicant
Anthony ("Tony") Fiorino, Director

*rest of page is blank*