| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Dale E. Barney, Esq.<br>David N. Crapo, Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: dbarney@gibbonslaw.com<br>           dcrapo@gibbonslaw.com<br>*Counsel for Discover Growth Fund, LLC* |

| | |
|---|---|
| **In re:**<br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>**Debtors.**[2] | Chapter 11<br><br>Case No. 19-13273 (VFP)<br><br>(Jointly Administered)<br><br>Hearing Date: April 9, 2019 at 10:00 a.m. ET<br>Objection Deadline: April 2, 2019 |

**OBJECTION OF DISCOVER GROWTH FUND, LLC
TO DEBTORS' MOTION TO QUASH SUBPOENA SERVED BY DISCOVER GROWTH
FUND, LLC**

Discover Growth Fund, LLC ("Discover"), the senior secured lender to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this Objection (the "Objection"), pursuant to Rule 9016-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).
[2] The Debtor in this chapter 11 case and the last four digits of their federal tax identification number is AMG International, Inc. (7839). The Debtor's service address is: 71 Walsh Drive, Parsippany, NJ 07054.

2719003.1 115785-100485

to Debtors' Motion to Quash the Subpoena Served by Discovery Growth Fund, LLC [Doc 59] (the "Motion"). In support of this Objection, Discover respectfully represents the following:

## PRELIMINARY STATEMENT

1. Discover has a perfected, first-priority security interest and lien on all of the assets of lead Debtor Immune Pharmaceuticals Inc. (the "Debtor"). On March 5, 2019, Discover's prior counsel properly served a timely Fed. R. Bankr. P. 2004 subpoena ("Subpoena") on the Debtor's counsel, who agreed to accept service. A copy of the Subpoena is attached to the Motion as Exhibit A.

2. The Motion was filed to obtain the stay provided by Local Bankruptcy Rule 9016-1(b), which is tacitly acknowledged in the Motion. *See* Certification of Morris S. Bauer, Esq. filed in support of the Motion [Doc 59-1] ("Bauer Cert."), ¶ 14. The parties have entered into the Stipulation and Consent Order Regarding Confidentiality ("Stipulation") sought by the Debtor prior to responding to the Subpoena, and the Court has "So Ordered" the same [Doc 90]. As such, the Motion must be denied.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* (D.N.J. Sept. 18, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal bases for the relief requested herein are Rule 9016-1 of the Local Bankruptcy Rules.

## FACTUAL BACKGROUND

**A. Procedural Background**

5.  On February 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned Chapter 11 Case. The other Debtors filed the balance of the Chapter 11 Cases thereafter. The Debtor is operating its business and/or managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case. The United States Trustee for Region 3 appointed the Committee effective March 14, 2019.

7.  The Debtor is a New Jersey-based clinical stage biopharmaceutical company specializing in the development of "novel targeted therapeutic agents" in the fields of inflammation, dermatology and oncology.

8.  Discover is the Debtor's senior secured lender, pursuant to the terms of a $5,500,000.00 face amount Senior Secured Redeemable Convertible Debenture (the "Debenture") issued to Discover on October 9, 2018 and the Securities Purchase Agreement dated October 9, 2018 (the "Agreement"), pursuant to which it was issued (the Debenture and Agreement together, the "Debt Documents").

**B. Pertinent Provisions of the Debt Documents**

9.  Discover respectfully refers the Court to the Declaration of John C. Kirkland in Support of Motion of Discover Growth Fund, LLC for Relief from the Automatic Stay dated February 25, 2019 ("Kirkland Dec.")[3] [Doc 11-3] in support of this Objection. The Debenture is

---

[3] Capitalized terms used herein shall have the meaning ascribed in the Kirkland Dec. unless otherwise defined.

3

attached to the Kirkland Dec. as Exhibit A, and the Agreement is attached to the Kirkland Dec. as Exhibit B. Kirkland Dec., ¶ 3. The Kirkland Dec. describes the terms of the Debt Documents, the genesis of the transaction between the parties, amounts due under the Debt Documents, and the Debtor's defaults thereunder. Those factual recitations are incorporated herein and supplemented by the Reply Declaration of John C. Kirkland in Further Support of Discover Growth Fund, LLC's Motion for Relief from the Automatic Stay etc. ("Kirkland Dec. II") filed on March 22, 2019 [Doc 77], which is likewise incorporated herein by reference.

### C. Calculation of Discover's Claim

10. As a result of the Debtor's Events of Default and Discover's acceleration of all amounts due under the Debt Documents, the Debtor is indebted to Discover in the principal amount or Face Amount of $5,499,470. Kirkland Dec., ¶¶ 21- 50. Through February 25, 2019, accrued interest is $670,182, for total principal and interest of $6,169,652 before additional interest.

11. The Debenture provides a mechanism whereby Discover will immediately receive the full amount of principal and interest due for the five-year term of the Debenture upon the occurrence of any contractually-defined Deemed Liquidation Event. Kirkland Dec., ¶ 51. Accordingly, under the "Mandatory Redemption" provision of the Debenture, Discover is immediately entitled to be paid the "Early Redemption Price" in cash. Debenture, Exhibit A to Kirkland Dec., p. 4, Section I.F. The Early Redemption Price is $14,848,569. *See* Kirkland Dec. II, ¶ 13. Discover is also entitled to collect attorneys' fees and other costs of collection from the Debtor pursuant to, *inter alia*, Sections III.G.1 and V.H of the Agreement.

### D. Discover's Subpoena to the Debtor

12. On March 5, 2019, Discover timely served the Subpoena on Debtor's counsel, who accepted service. Bauer Cert., ¶ 4. The Subpoena set a return date of March 19, 2019 (two weeks

after service) for both the production of documents and the examination of Anthony Fiorino in his "capacity as President and Interim Chief Executive Officer of Immune Pharmaceuticals, Inc."

## RELIEF REQUESTED AND REASONS THEREFOR

13. Discover submits that the Motion should be denied, as it was expressly filed to buy the Debtor time to respond to the Subpoena and to obtain entry of the Stipulation. The Debtor filed the Motion on March 18, 2019. Since the Motion was filed, the Court has entered the Stipulation, and the Debtor has begun production of documents responsive to the Subpoena on a rolling basis, by way of providing to Discover and its counsel access to various data rooms.

14. Discover is unquestionably entitled to inquire into the subject matters raised by the Subpoena, and to obtain the testimony of Dr. Fiorino.

15. The Debtor does not dispute as much, and the parties are working together to schedule discovery, briefing schedules, and hearings on the various pending motions, including Discover's motion for relief from the automatic stay. Discover is optimistic that, prior to the hearing on the Motion, the parties will consensually resolve the dispute raised by the Motion and this Objection, thereby obviating the need for a hearing. As such, this Objection is filed as a precaution.

## MEMORANDUM OF LAW

16. The rules and statutory provisions that constitute the basis for this Objection, the legal authorities that support the relief requested, and the factual grounds for the relief requested are all included and/or cited herein. Accordingly, Discover submits that no separate memorandum of law is necessary or required.

## NOTICE

17. Notice of this Objection is being provided to counsel for the Debtor, the Committee and other parties in interest entitled to receive notice in connection with these Chapter 11 Cases. Discover submits that no other or further notice is required under the circumstances.

## NO PRIOR REQUEST

18. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, Discover respectfully requests that this Court enter an order denying the Motion.

Dated: April 2, 2019                 Respectfully submitted,

                                     **GIBBONS P.C.**


                                     By: /s/ Dale E. Barney
                                     Dale E. Barney
                                     David N. Crapo
                                     One Gateway Center
                                     Newark, New Jersey 07102-5310
                                     Tel:   (973) 596-7474
                                     Fax:   (973) 639-6244
                                     dbarney@gibbonslaw.com
                                     dcrapo@gibbonslaw.com

                                     *Counsel for Discover Growth Fund, LLC*