**GIBBONS**

DALE E. BARNEY
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4557 Fax: (973) 639-6234
dbarney@gibbonslaw.com

April 5, 2019

VIA ECF

Hon. Vincent F. Papalia, USBJ
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3d Floor
Newark, NJ 07102

RE: Immune Pharmaceuticals, Inc., Case No. 19-13273 (Jointly Administered)
Discover Growth Fund, LLC's Motion to Quash Debtor's Subpoena [Doc 63]

Dear Judge Papalia:

We are counsel to Discover Growth Fund, LLC ("Discover") in the captioned chapter 11 cases and with respect to our captioned motion to quash the Debtor's subpoena to Discover ("Motion"). I write in reply to the letter objection to the Motion filed by Morris Bauer, Esq. dated April 2, 2019. The Motion and the Debtor's companion motion to quash are scheduled for hearing on April 9, 2019.

The Debtor's subpoena is defective because it specified New Jersey, rather than the U.S. Virgin Islands, as the place of compliance. Fed. R. Civ. P. 45(c). Discover has always been—and remains—ready, willing and able to produce documents and appear for deposition before a court reporter in the Virgin Islands upon the issuance of a proper subpoena identifying the Virgin Islands as the place of compliance. The Debtor's counsel is free to appear by telephone and, as a practical matter, documents will be produced electronically regardless.

Instead of following proper procedure, the Debtor improperly subpoenaed Discover to appear in New Jersey. The Debtor is not entitled to document production or deposition testimony in New Jersey, and Discover's Motion thus should be granted.

Mr. Bauer suggests that the Motion was filed simply to delay Discover's response to the Debtor's subpoena, but the fact remains that that subpoena was untimely served and did not give Discover the required 14-day notice prior to the dates for production and appearance. In addition, the subpoena improperly sought to have Discover, which is based in the Virgin Islands, produce documents in New Jersey; and further to require Discover's principal, John Kirkland, who resides in the Virgin Islands, to appear for an examination in New Jersey, in clear violation of the express geographical limits of F.R.Civ.P. 45(c).

Mr. Bauer attempts to impose the standards for establishing long-arm jurisdiction under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and progeny upon the rules governing the Court's subpoena power under Fed. R. Civ. P. 45, but that attempt is unavailing. It was the Debtor who approached Discover in the Virgin Islands, and the loan documents provide for Virgin Islands law and binding arbitration in the Virgin Islands. Moreover, neither Mr. Kirkland nor any employee of Discover has ever set foot in New Jersey on company business. *See* Kirkland Affidavit filed in support of the Motion.

More to the point, the applicable section of Rule 45 is clear that "[a] subpoena may command a person to attend a . . . deposition *only* as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business *personally*." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added); *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, Civ. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. 2015) ("the plain language of Rule 45(c) indicates that the court cannot compel a witness" to testify at a deposition (as an individual or as a corporate representative) when the individual must "travel more than 100 miles from a place of residence, employment, or regular business ... regardless of where the corporate entity itself 'resides.'") The Debtor's objection establishes none of the foregoing, so that Mr. Kirkland cannot be compelled to travel to this district to be deposed. *See Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. 1998) ("Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work."); *Dietz v. Spangenberg*, 2014 WL 537753, *5 (D. Minn. 2014) (three business trips to Minnesota in past year, totaling four days in state, did not amount to regularly conducting business there).

The Debtor cannot require Mr. Kirkland to appear by telephone before a court reporter who is physically located in New Jersey. *See Gipson v. Wells Fargo Bank, N.A.*, 239 F.R.D. 280, 281 (D.D.C. 2006) ("A deposition by telephone cannot evade the proscription of the Rule.") However, Debtor's counsel is free to appear by telephone at a deposition held before a court reporter located in the Virgin Islands.

Nor can the Debtor require Mr. Kirkland or Discover to produce documents in New Jersey. *See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, Civ. No. 09-126, 2010 WL 181088 at *2-3 (D. Del. 2010) (document production only allowable if company has an employee or other legal representative within the district "who possesses a sufficient degree of control over corporate documents maintained outside the court's jurisdiction to make it appropriate to enforce the production subpoena"). As a practical matter, if properly subpoenaed, Discover will be producing documents electronically. The Debtor therefore has no rational basis to complain about having to serve a proper subpoena identifying the appropriate place of compliance as the Virgin Islands.

GIBBONS P.C.

April 5, 2019
Page 3

Rule 45 was extensively amended in 2013. The goal of the amendments was "to clarify and simplify the rule," including to "resolve a conflict that arose after the 1991 amendment about a court's authority to compel a party or party officer to travel long distances to testify." *See* Advisory Committee Notes on Rule 45-2013 Amendment. The amended rule makes clear that "such testimony may now be required only as specified in new Rule 45(c)." *Id.* "Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." *Id.* Moreover, Rule 45(d) provides that, "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that … requires a person to comply beyond the geographical limits specified in Rule 45(c)." F.R.Civ.P. 45(d)(3)(A)(ii) (emphasis added).

As such, the Motion should be granted.

Respectfully submitted,

Dale E. Barney
Director

Enc.
Cc:   All parties in interest (via ECF/Email)