UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re: IMMUNE PHARMACEUTICALS INC., et al.,[1]

Debtors,

Chapter 11

Case No. 19-13273 (VFP)

Hon. Vincent F. Papalia

## AMENDED NOTICE OF PROPOSED SALE

On March 15, 2019, Immune Pharmaceuticals Inc. (the "Immune Debtor"), debtor/debtor-in-possession, filed a motion seeking authorization to sell certain property of the estate (the "Motion"). On or about April 3, 2019, the Immune Debtor provided notice that a hearing would be held on April 29, 2019 with respect to the Motion. The hearing on that Motion has been adjourned and will be held on May 14, 2019 at 11:00 a.m. (the "Sale Hearing") at the United States Bankruptcy Court, Martin Luther King Federal Building, 50 Walnut Street, Courtroom 3B, Newark, New Jersey 07102 before the Honorable Vincent F. Papalia. The Court has instructed the Debtors to send out this Notice with the adjourned date for the Sale Hearing. The terms of the proposed sale are set forth below.

If you object to the proposed sale, you must file a written objection with the Clerk of the Bankruptcy (Clerk of the Court, U.S. Bankruptcy Court, Martin Luther King Federal Building, 50 Walnut Street, Newark, New Jersey 07102) and serve it on counsel for the Immune Debtor (whose contact information is listed below) no later than 7 days before the date of the Sale Hearing. **Higher and better offers must be submitted in writing to counsel for the Immune Debtor on or before May 10, 2019.**

**Description of the Assets to Be Sold:** Ceplene® product line and assets related thereto as more particularly described in Exhibit A hereto (collectively the "Ceplene Assets").

**Deadline for Higher and Better Offers: May 10, 2019.**

**Sale Hearing and/or Auction: May 14, 2019** at 11:00 a.m. at the United States Bankruptcy Court, Martin Luther King Federal Building, 50 Walnut Street, Courtroom 3B, Newark, New Jersey 07102.

**Proposed Purchaser:** Vector Therapeutics, Inc. (f/k/a Oxygen Therapy Inc.) ("Vector")

**Sale Price:** $10,550,169.60 (the "Purchase Price"), representing (A) a net price to the Immune Debtor of $8,791,808.00 which consists of (i) a cash payment of $2,500,000 (the "Cash Purchase Price") with $2,250,000 (the "Initial Payment") payable at closing and $250,000 payable on or before July 31, 2019; (ii) the assumption of certain liabilities in the aggregate amount of $1,291,808; (iii) $5,000,000 in the form of a release of claims against the Immune Debtor's estate held by Meda Pharma SARL ("Meda") arising under the Asset Purchase Agreement between Meda and the Immune Debtor dated June 15, 2017 (the "Meda Agreement"), which release has been obtained by Vector through the proposed payment of a $4,000,000 cure payment to Meda; and (B) 20% of the Purchase Price in the amount of $1,758,361.60 that is payable

---

[1] The following Immune Pharmaceuticals, Inc.'s subsidiaries also filed voluntary petitions for relief with this Court: Immune Pharmaceuticals, Ltd., Cytovia, Inc., Maxim Pharmaceuticals, Inc., Immune Pharmaceuticals USA Corp. and Immune Oncology Pharmaceuticals Inc. (collectively the "Debtor Subsidiaries"). The Chapter 11 bankruptcy cases of the Debtor Subsidiaries have been administratively consolidated for procedural purposes only with the above-captioned action.

4180576

by Vector to the Licensors of the Ceplene patents[2] upon the sale of the Ceplene Assets pursuant to the terms of the License Agreements.

**Agreements to Be Assumed and Assigned by the Immune Debtor or by Consent**: The Immune Debtor shall assume and assign the following agreements to Vector: (a) the Meda Agreement; and (b) the License Agreements and (c) the European commercialization and regulatory Agreements (the "Noventia Agreements") with Noventia Pharma SRL ("Noventia"). The Immune Debtor's ability to assume and assign the Meda Agreement, the License Agreements and the Noventia Agreements to any other interested third party may be contingent on such third party reaching an agreement with Meda, the parties to the License Agreements and Noventia, respectively (as Vector has done).

**No Contingency:** At the time the Immune Debtor filed the Motion, the APA with Vector was contingent on Vector reaching an agreement with Meda as to the cure amounts owed under the Meda Agreement. Such contingency has been satisfied. Vector has also obtained releases of the Immune Debtor from the counterparties to the License Agreements and from Noventia.

**Readily Available Funds at Closing:** Vector has agreed to provide the Immune Debtor with the Initial Payment by way of a certified check at the Sale Hearing.

**The Debtors are continuing to consider higher and better offers. Higher and better offers must be submitted in writing, to counsel for the Immune Debtor on or before May 10, 2019. Further, proof of the financial wherewithal to close on the transaction must be submitted to counsel for the Immune Debtor on or before May 10, 2019. This proof must be provided by all potential bidders, including Vector.** Any interested bidders must have the cash component of its bid including its cure payment to Meda (as required by Meda) (as opposed to monies for assumed liabilities) available by certified funds at the Sale Hearing. Should the interested bidder desire to potentially increase its bid at the Sale Hearing, the interested bidder must have a witness at the hearing prepared to testify about the financial wherewithal of the bidder with written evidence of (i) sufficient cash on hand to fund the cash portion of its purchase price or (ii) sources of immediately available funds that are not conditioned on third-party approvals or commitments, in each case that will allow the Immune Debtor to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transaction contemplated herein. Any interested bidders must also disclose their intentions and negotiations with respect to obtaining consents from Meda, the counterparties to the License Agreements and Noventia to the assumption of their respective agreements.

Offers, objections and/or requests for additional information (including a complete copy of the Motion, the APA, the Amendment to the APA, the Meda Agreement, the License Agreements and the Noventia Agreements) shall be directed to:

Name: Morris S. Bauer, counsel for the Immune Debtor.
Address: Norris, McLaughlin, PA,
400 Crossings Boulevard, 8th Floor
Bridgewater, New Jersey 08807
Telephone: (908) 722-0700
Email: msbauer@norris-law.com

---

[2] All capitalized terms, not otherwise defined herein, shall have the meaning set forth in Exhibit A hereto.

2

10089606v1
4180576