UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Dale E. Barney, Esq.
David N. Crapo, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: dbarney@gibbonslaw.com
       dcrapo@gibbonslaw.com
*Counsel for Discover Growth Fund, LLC*

| | |
|---|---|
| **In re:** | Chapter 11 |
| IMMUNE PHARMACEUTICALS, INC., *et al.*,[1] | Case No. 19-13273 (VFP) |
| **Debtor.** | (Jointly Administered) |
| | Hearing Date: June 11, 2019 at 11:00 a.m. ET |
| | Objection Deadline: June, 4, 2019 |

## OPPOSITION OF DISCOVER GROWTH FUND, LLC TO DEBTORS' MOTION TO EXTEND EXCLUSIVITY

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

Discover Growth Fund, LLC ("**Discover**"), the senior secured lender to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 bankruptcy cases (collectively, the "**Chapter 11 Cases**"), by and through its undersigned counsel, hereby submits this opposition ("**Opposition**") to the Debtors' motion to extend exclusivity [Doc 178]. In support of this Opposition, Discover respectfully represents the following:

1. The only tenable exit strategy for the Debtors in these case has been liquidation. Accordingly, Discover intends to file a motion to convert these cases to Chapter 7 forthwith.

2. The debtors have been reduced to impotent shells. They have but two employees between them, a chief financial officer and the recently retained president, Gary Rabin, a restructuring professional who was only retained as an employee due to certain objections of the United States Trustee.

3. The Debtors have only two tangible assets with any *potential* value, other than the proceeds of D&O insurance. Both assets, the Ceplene Assets and the Bert Assets, are now indisputably encumbered by a security interest in favor of Discover to whom the Debtors owe $14,848,569.00. The Debtors have lost the license for an integral component of the Bert Assets. Although these jointly administered cases have been pending for more than three months, the Debtors have thus far failed in their attempts to sell either the Ceplene Assets or the Bert Assets.

4. The proposed sale of the Ceplene Assets was moved on extremely shortened notice, but has been stymied by the *repeated* inability of Vector Therapeutics, Inc., the proposed buyer, to fund the purchase price. Similarly, while the Debtors claim to have a stalking horse buyer for the Bert Assets, it is unclear how the Debtors will sell those assets in the absence of a license to one of its integral component parts.

6.      There is no conceivable need for these Debtors to go through the costly process of plan confirmation, as these cases are mere liquidations.  These Chapter 11 cases are being used to deprive creditors, particularly Discover, of their rights.  They present the Court with an inevitable liquidation of the Debtors' estates that can be accomplished more economically in Chapter 7.  As stated above, Discover will file a motion to convert these cases forthwith.  Accordingly, the Court should adjourn the Debtors' motion to extend exclusivity to be heard concurrently with the motion to convert.

**WHEREFORE,** Discover respectfully requests that the hearing on the Debtors' motion to extend exclusivity be adjourned until the return date of Discover's motion to convert.

Dated: June 4, 2019
    Newark, New Jersey

**GIBBONS P.C.**

By:   */s/* Dale E. Barney              .
     Dale E. Barney, Esq.
     David N. Crapo, Esq.
     One Gateway Center
     Newark, NJ 07102-5310
     Tel.  973-596-4500
     Fax.  973-596-
     E-mail: dbarney@gibbonslaw.com
           dcrapo@gibbonslaw.com

*Counsel for Discover Growth Fund, LLC*