June 23rd, 2019

Hon. Vincent F. Papalia, USBJ
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

VIA US MAIL and Email @ chambers_of_vfp@njb.uscourts.gov

RE: Immune Pharmaceuticals Inc., Bankruptcy Case No. 19-13273

Dear Judge Papalia:

My name is Eric Hughes and I am a shareholder in Immune Pharmaceuticals owning 4.99% of the outstanding shares.  I am not an attorney and have no formal legal training, but since there is no legal representation for shareholders in these proceedings, I am contacting you directly to request that the Court:

  1.) **Deny Discover Growth Fund's Motion to convert the Case from Chapter 11 to Chapter 7**
  2.) **Limit Discover Growth Fund's claim to $2 million + applicable interest and fees**

**Deny Motion to Convert to Chapter 7:**

Per Anthony Fiorino's Declaration in the filings, (Doc 67, page 12), Immune received (3) offers for Bertilimumab (Bert) before filing Bankruptcy:

December 14th, 2018: $6 million up-front ($120 million total value) from a "German-based biotech"

February 7th: $12.5 million up-front ($45 million total value) from a "major US- based bio-pharmaceutical company"

Verbal Offer: $6 million up-front with downstream payments to be negotiated from a "company focused on dermatology products"

The "total value" of the offers would presumably include milestone payments typically tied to positive clinical trial results, FDA approvals, and possibly sales numbers.  To maximize this value, it is in the best interest of all parties to allow Immune the opportunity to either emerge from bankruptcy via a reorganization plan or to create another mechanism in which the stakeholders could benefit from these potential future payments.

These offers were received prior to the completion of the Ulcerative Colitis (UC) clinical trial.  The UC trial has been ongoing for more than 4 years and was scheduled to be completed 2 months ago.  It is the primary market indication for Bert and represents a much larger market than Bullous Pemphigoid (BP).  A Phase 2 trial for BP was completed last year with positive results. If the UC results are also positive, then the up-front sum a party would be willing to pay should increase substantially as would the value of a total cash transaction.

Bert is worth significantly more than Ceplene and is one reason why Immune has been primarily focused on developing Bert for the past several years while attempting to divest itself of Ceplene.  Every analysis of Bert that I have read has valued it between $100-$200 million, such as this one which assigned a net present value of $157 million in 2015:

IMNP: Large Market Opportunity for Bertilimumab in the Treatment of Inflammatory Bowel Diseases

It is critical that the Chapter 11 process be allowed to continue so Immune is able to maximize the value of its assets, particularly Bert for the benefit of all stakeholders. As I understand, if this case was converted to a Chapter 7, it is possible that the only creditor to benefit would be Discover while the other stakeholders could be wiped out. Please deny Discover's Motion to convert this to a Chapter 7.

**Limit Discover's claim to $2 million + applicable interest and fees**

As I understand, Discover funded $2 million to Immune as part of the first tranche in a $5.5 million face value promissory note. They were going to fund an additional $3 million but decided not to which forced Immune into Bankruptcy. They now claim Immune owes them the $2 million as well as the $3 million (plus interest) even though they never actually provided Immune the $3 million. I'm not an attorney, but I can do simple math and that does not add up.

I was a commercial real estate broker for 8 years and was involved in many promissory notes. If a borrower signs a promissory note with a lender and files bankruptcy before the lender funds the loan, the lender doesn't have a claim in the case because they never funded the loan. Construction loans are typically funded in multiple tranches. If a construction project goes bankrupt before it is completed, and the lender forecloses, they are only owed the portion of the loan that was funded, not any amounts they agreed to lend in the future because they never funded those, and the project was never finished.

Discover claims that the note contained an acceleration clause and as a result the entire face value became due and payable because of certain "trigger" events that caused a default. Many real estate loans contain acceleration clauses, but these clauses only effect the amounts that are actually funded. I have never heard of a loan accelerating that was never funded in the first place.

Discover also claims they are owed what the future interest would have been on the entire amount, (even the $3 million that they didn't fund), not just the accrued interest.

Imagine a bank executes a 30-year mortgage using a promissory note on a piece of real property in the amount of $100,000 at 7.0% (The total interest paid on this loan over 30 years would be $139,508.). The bank ends up foreclosing a short time thereafter, but at the Trustees Sale, the bank demands $239,508 even though the loan amount had only been for $100,000. Nobody would dispute the absurdity of this, yet this is exactly what Discover is claiming. They are claiming they are owed $14.85 million for making a $2 million loan 4 months earlier. Please stop this madness by limiting Discover's claim to the $2 million they actually funded + the accrued interest and applicable fees.

The unfunded $3 million should not be treated in the same way as the shareholder's interest is either. I bought my shares and invested actual funds and assumed the risk to own those shares. Discover invested nothing, loaned nothing, and assumed zero risk. So, the $3 million is not an investment and not a loan. There was only a "promise" (promissory note) to lend in the future at predetermined terms. But Discover by their own will decided not to lend the additional $3 million, so they are owed nothing more than what they actually provided Immune, $2 million + interest and fees.

Discover is an off-shore based fund which regularly exploits small public companies and shareholders like me for their own gain. They use "death spiral financing" and other tactics which destroys businesses. On Oct. 18th, 2018, the day Immune executed the promissory note with Discover, Immune's stock closed at .0545. By January 8th, 2019 the stock price had dropped to as low as .0028, a 95% decline.

According to Tony Fioroni's Declaration (Doc 67, page 19), John Kirkland, the Fund Manager of Discover, demanded Immune hire a stock promoter at a cost of approx. $50k per month to promote the stock so Discover would be more easily able to profit from shares they receive from conversion of the note. But when they didn't fund Immune the $3 million as they said they would, Immune was unable to pay the promoter, so the promoter is now listed as one of the unsecured creditors in the Bankruptcy.

Mr. Kirkland has a long history of unscrupulous practices when it comes to financing companies like Immune. Mr. Kirkland was the Managing Director of Ironridge Global Partners LLC when according to the

SEC, Ironridge and its subsidiary Ironridge Global IV, Ltd. violated The Securities Exchange Act over a 3-year period in financing-related dealings with 28 different companies.  As a result, Ironridge and its subsidiary agreed to pay a fine of $4.4 million as a settlement agreement for violating Section 15(a) and Section 20(b) of the Securities Exchange Act:   https://www.sec.gov/litigation/admin/2017/34-81443.pdf

Please limit Discover's claim to the amount they actually loaned, the interest they are due for that amount and any appropriate fees.

Respectfully,

Eric Hughes
Shareholder