July 15th, 2019

Hon. Vincent F. Papalia, USBJ
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

VIA US MAIL

RE: Immune Pharmaceuticals Inc., Bankruptcy Case No. 19-13273

Dear Judge Papalia:

I am a shareholder of Immune Pharmaceuticals owning 4.99% of the outstanding shares and am sending this letter to you as a follow-up to my earlier letter dated June 23rd, 2019 which is viewable as Doc 212 in the case filings.

I am not an attorney, so I am unable to reference specific case law, however I have extensive real-world experience in dealing with promissory notes and foreclosures. I was a Commercial Real Estate Broker for 8 years in Los Angeles and I was also involved in Hotel Development for 10 years. I have personally brokered many foreclosed properties and have been involved in many real estate foreclosure sales, acting as both a broker and a consultant. I am asking the Court to:

- **Declare Discover Growth Fund's Notice of Default and Notice of Sale as Invalid**
- **Declare Discover Growth Fund's Claim as Invalid**
- **Assess Discover a Substantial and Appropriate Penalty**

The **Notice of Default and Notice of Sale of Collateral** (Notice) which Discover Growth Fund provided to Immune prior to the scheduled Foreclosure Sale was invalid.

Although the specific law which would apply to the promissory note in this case may be somewhat different than the law which would apply to the foreclosure of real estate, I believe there are similar legal concepts that are applicable to the note, particularly since the collateral in this case was valued at more than $100 million dollars. With this in mind, I believe the Notice and the Foreclosure Sale if it had occurred should be declared as invalid based at least in part on some or all of the following:

1. Discover did not provide an accurate amount due to Immune to cure the Note.
2. Discover did not provide a reasonable time to cure the Note.
3. Discover increased the amount due on the Note 1 business day prior to the scheduled Sale.
4. Discover did not provide adequate public notice of the Sale.
5. Discover did not schedule the Sale at a location that is reasonably accessible to potential bidders.

If a lender forecloses on a note, they are required to provide the borrower a reasonable opportunity to cure the note before holding a sale. If the Court determines that Discover's actual claim (and the amount Discover should have demanded to cure the note) is anything less than $14.85 million, then the Notice was invalid because Immune was never given an opportunity to cure the note; How could Immune cure the note if Discover failed to provide an accurate amount due to Immune before holding the sale?

Furthermore, if the Court determines that the amount owed under the terms of the note is close to $2 million as I believe, then it is reasonable to expect that Immune could have raised the amount necessary from another source and cured the note. But Immune was never given the opportunity to cure the note because Discover demanded significantly more than what was actually owed. This would make the Notice invalid and would have subsequently made the Foreclosure Sale invalid if it had occurred.

Discover didn't provide a reasonable period of time to cure the note. The final demand of $14.85 million was not given to Immune until Thursday, February 14th, 2019 with the sale scheduled for Monday morning, February 18th, 2019. So even if Immune had access to $14.85 million, they were given only one business day to procure the funds.

Discover increased the amount they demanded after already providing Immune the date of the sale but failed to extend the date of the sale to allot for this. On February 8, 2019, Discover sent Immune a notice demanding a payment amount of $12.1 million to cure the note, but then on February 14th, 2019, 1 business day before the sale, Discover increased the amount they demanded to $14.85 million. Apparently even Discover didn't know what they were owed.

Suppose Immune had attended the sale with a check for $12.1 million cash and then one hour before the sale, Discover indicated to Immune that the actual amount owed was $14.85 million and consequently Discover was going to foreclose anyway. Would this be allowable under the terms of the note? If not, then why would one business day be allowed?

Discover did not provide adequate public notice of the sale. As far as I am aware the only party that Discover contacted regarding the sale was Immune. Discover could have sent notice out to the market to make any potential bidders aware of the sale, just as the Immune is currently doing to attract purchasers for its Bertilimumab asset. But Discover didn't do this. In 30 years of real-world business experience, I have never heard of a foreclosure sale in which the only parties who knew about the sale were the debtor and the lender, especially when the collateral is worth $100 million. Ridiculous.

Discover didn't schedule the Foreclosure Sale at a place that was reasonably accessible to potential bidders. Discover's counsel at the time of the sale was located at 90 Park Ave. in New York City, 11 miles from Immune's office, yet Discover decided to hold the sale in the US Virgin Islands which was 1,645 miles away from their Counsel's office. Interestingly when Mr. Kirkland of Discover was served a subpoena by Immune to testify at a Deposition to be held in New Jersey on March 21st, 2019, Discover filed a Motion to quash the Subpoena based in part on the grounds that "it fails to allow a reasonable time to comply" and "subjects Mr. Kirkland to undue burden." (Doc 63).

It is very clear by their actions, that Discover did not want there to be any bidders at the sale. If they did, why didn't they provide notice to the market? Why not provide bidders more than 1 business day

to procure their funds? Why not hold the sale in a major US city like New York where everyone in the Industry could easily attend?

**Discover's Claim is Invalid and Absurd**

I believe Supreme Court Justice Antonin Scalia stated (paraphrasing) that a law can be tested by applying it in an extreme situation and seeing if it holds up. Let's apply that concept to this note.

The note consisted of a first tranche of $2 million which was funded and a second tranche of $3 million which was not funded. According to Discover, certain "trigger" events occurred which resulted in the default of the note and as a result the amount due and payable was $14,848,569.

Now suppose the same note was executed except this time it consisted of a first tranche of $100 and a second tranche of $4,999.990 which was not funded. Each of the (3) "trigger" events that Discover claims to have occurred would still have occurred in this example and therefore would have resulted in a default. So according to Discover, per the terms of the note they would still be owed $14.85 million dollars for funding just $100 four months earlier.

Conversely, if Discover had in fact funded the additional $3 million dollars, bringing the total funded amount to $5 million, the amount due under a default would still be $14,848,569. So whether Discover had funded one tranche of $100 or 2 tranches totaling $5 million, the same "trigger" events would have occurred and according to Discover, the balance due would be $14,848.569 in both instances.

Please ask Discover's Counsel to explain how this would not be the case. I'm almost certain they can't. Discover would likely argue that the $100 funding is unrealistic because Discover would never execute a note in which they would only fund $100, but it clearly demonstrates the absurdity of Discover's claim. According to Discover, the amount due under a default of the note has zero relationship to the amount that was funded and instead is based solely upon the face value of the note even if that amount wasn't actually funded. This is absurd.

**Assess Discover a substantial and appropriate penalty**

**If the Court finds that the amount actually owed under the terms of the note is less than $14.85 million, then that would mean that Discover's Demand Notice was not only invalid but also fraudulent. And consequently, would mean that Discover Growth Fund sent a Fraudulent Demand Notice to a publicly traded company with assets in excess of $100 million demanding more than what they were actually due. They did this 1 business day before they fully intended to hold a foreclosure sale of the entire company.**

If the Court determines that this is the case, then the Court should assess Discover a substantial and appropriate penalty. Otherwise they could be setting a precedent in which other lenders like Discover could try similar nefarious tactics to attempt to foreclose on businesses like Immune. If there is no penalty, then why wouldn't another company or even Discover try this same tactic again in an attempt to foreclose on companies with valuable assets? If the worst case is that their claim is simply reduced to

the original amount of the funding plus interest, then there's nothing for them to lose and nothing to discourage Discover or others from doing this again.

Respectfully,

Eric Hughes
Shareholder, Immune Pharmaceuticals