UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Benjamin Teich, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  Benjamin.Teich@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 19-13273 (VFP) :  : Chapter 11 |
| Immune Pharmaceuticals, Inc., | : : The Honorable Vincent F. Papalia : : Hearing Date: September 17, 2019 at 10:00 a.m. |
| Debtor. | : : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
ACTING UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE
TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING THE CASE
PURSUANT TO 11 U.S.C. § 1112(b)**

The Acting United States Trustee (the "U.S. Trustee") by and through counsel, in furtherance of his duties and responsibilities, hereby respectfully moves for an Order converting this case to Chapter 7 or, in the alternative, dismissing this case pursuant to 11 U.S.C. § 1112(b). Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas SYS., Inc. (In re Columbia Gas SYS., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgen Stern v. Revco D.S.,*

*Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

## Background

1. On February 17, 2019 (the "Petition Date"), Immune Pharmaceuticals, Inc., (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11, United States Code. *See* Docket Entry 1. *See also* Certification of Tina Oppelt (the "Oppelt Cert.") at ¶ 2.

2. Since the Petition Date, the Debtor has remained in possession of its property and management of its affairs. *See* Oppelt Cert. at ¶ 3.

3. As of the date of this Objection, the Debtor has failed to file monthly operating reports for the months of April 2019 through July 2019. *See id.* at ¶ 4.

## Relief Requested

4. The U.S. Trustee requests that the Debtor's case be converted to chapter 7 or, in the alternative, dismissed pursuant to Section 1112(b) of the Bankruptcy Code due to the failure to file monthly operating reports.

## Basis For Relief Requested

5. 11 U.S.C. § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

6. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

by this title or by order of the court;

---

[1] 11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
>     (i) for which there exists a reasonable justification for the act or omission; and
>     (ii) that will be cured within a reasonable period of time fixed by the court.

[2] 11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

. . . ; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of filing of the petition.

7. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." *See* H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See also In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008)(Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

8. Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration.

9. Here, the Debtor has failed to file monthly operating reports for the months of April 2019 through July 2019.

10. The Debtor's failure to file these reports hinders the Court's, the U. S. Trustee's and the creditors' ability to monitor the financial condition of the Debtors. For example, in the absence of reports, it is impossible to determine whether the Debtor is current with his post-petition obligations, whether the Debtor has paid the correct statutory quarterly fees to the U.S. Trustee, or whether the Debtor has the ability to confirm a feasible plan of reorganization within a reasonable period of time.

11. As the Debtor has not filed monthly operating reports for the months of April 2019 through July 2019, the case should be converted or dismissed pursuant to 11 U.S.C. § 1112(b)(4)(F).

**Conclusion**

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an Order either converting this case to Chapter 7 or dismissing this case, whichever is in the best interest of the estate and its creditors, and for such other and further relief that is deemed just and equitable.

                Respectfully submitted,

                ANDREW R. VARA
                ACTING UNITED STATES TRUSTEE
                REGION 3

                By: */s/ Benjamin Teich*
                      Benjamin Teich
                      Trial Attorney

DATED: August 20, 2019