| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**NORRIS McLAUGHLIN, P.A.**<br>Morris S. Bauer<br>Melissa A. Pena<br>400 Crossing Boulevard, 8th Floor<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700<br>msbauer@norris-law.com<br>mapena@norris-law.com<br>Counsel for the Plaintiff<br>and Debtors/Debtors-in-Possession |
| In re:<br><br>IMMUNE PHARMACEUTICALS INC, *et al.*,<br><br>Debtors.[1] |

Case No.:    19-13273 (VFP)

Judge:    Hon. Vincent F. Papalia

Chapter:    11

**NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH SALE OF ANTI-EOTAXIN ASSETS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.    On July 16, 2019, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an Order Approving and Authorizing (i) Bid Procedures and Form of Notice in Connection with the Sale of the Debtors' Anti-Eotaxin Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (ii) Stalking Horse Agreement and Staking Horse Bid Protections, (iii) the Scheduling of a Sale Hearing, (iv) Sale to the Purchaser

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceuticals, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

Submitting the Highest or Best Offer, (v) Procedures for Assuming and Assigning Executory Contracts; and (vi) Other Related Relief (the "Bid Procedures Order").

**Cure Schedule**

2. In accordance with the Bid Procedures Order, the Debtors may, in connection with the sale of the Anti-Eotaxin Assets,[2] seek to assume and assign to the Stalking Horse Bidder the Contracts identified on Exhibit A hereto (the "Cure Schedule").

3. The inclusion of any Contract on Exhibit A does not constitute an admission that a particular Contract is an executory contract within the meaning of the United States Bankruptcy Code (the "Bankruptcy Code") or require or guarantee that such Contract ultimately will be assumed or assigned. Assumption or assignment of a Contract is subject to the Bankruptcy Court's approval. All rights of the Debtors and other parties in interest with respect thereto are reserved.

**Objections**

4. Any objections to this Cure Notice by a nondebtor party to such Contracts, must be in writing, filed with the Bankruptcy Court, and actually received by (i) the attorneys for the Debtors, and (ii) the attorneys for the Official Committee of Unsecured Creditors on or before **September 19, 2019 at 4:00 p.m. (Eastern Time).**

5. If no timely objection to this Cure Notice is filed by a nondebtor party to the Contracts, or if the Bankruptcy Court overrules such objection, then the cure amounts set forth in the Cure Schedule shall be binding on such nondebtor party to the Contracts for all purposes in this case and will constitute a final determination of total cure amounts required to be paid by the purchaser in connection with the assignment to, and assumption by, the Successful Bidder. Each nondebtor contracting party in connection with a Contract shall be forever barred from objecting

---

[2] All capitalized terms, not otherwise, defined herein, shall have the meaning set forth in the Bid Procedures Order.

10449683-1

to the cure information set forth in the Cure Schedule, including, without limitation, the right to assert any additional cure or other amounts with respect to the Contract. If a timely objection is received, the hearing to consider any objections to the proposed Cure Schedule will be held at the Sale Hearing on **September 24, 2019 at 11:00 a.m. (Eastern Time)** (or other date to be established by the Bankruptcy Court or other agreed upon adjourned date). The Debtors and Successful Bidder may elect to close the transactions contemplated by the Bid Procedures Order notwithstanding any objection to a Cure Notice provided that the Successful Bidder provides adequate assurance of payment of any disputed amounts should such objection be sustained.

**Adequate Assurance**

6. Upon request to Debtors' counsel, the Debtors shall make available to parties to Contracts that received an Assumption Notice, the adequate assurance package provided by the Purchaser to support its Qualified Bid in connection with the assumption and assignment of Contracts.

                                    **NORRIS McLAUGHLIN, PA**
                                    Attorneys for Debtors and Debtors-In-Possession

Dated: September 6, 2019        By:   */s/ Morris S. Bauer*
                                                Morris S. Bauer

10449683-1

# EXHIBIT A

| Debtor | Non-Debtor Counter-Party | Contract Title | Contract Date | Cure Amount |
|---|---|---|---|---|
| Immune Pharmaceuticals, Inc. | WuXi Biologics (Hong Kong) Limited | Biologics Master Services Agreement | 6/27/18 | $555,190 |
| Immune Pharmaceuticals, Ltd. | iCo Therapeutics Incorporated | Product Sublicense Agreement | 12/7/10 | $0.00 |
| Immune Pharmaceuticals, Inc. | Target Health Inc. | Clinical Trial Services Agreement | 6/1/14 | $192,050 |