| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>**MORRIS S. BAUER**<br>**MELISSA A. PEÑA**<br>**NORRIS McLAUGHLIN, P.A.**<br>400 Crossing Boulevard, 8th Floor<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700<br>msbauer@norris-law.com<br>mapena@norris-law.com<br>Counsel for the Debtors/Debtors-in-Possession | Order Filed on October 23, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-13273 (VFP)<br><br>Hon. Vincent F. Papalia |

**ORDER APPROVING IMMUNE PHARMACEUTICALS INC. AND IMMUNE PHARMACEUTICALS, LTD. MEMORANDUM OF UNDERSTANDING WITH THE COMMITTEE AND THE ISRAELI TRUSTEE RELATING TO THE ALLOCATION OF SALE PROCEEDS FROM THE SALE OF THE ANTI-EOTAXIN ASSETS**

The relief set forth on the following page, numbered two (2) and three (3), is hereby

**ORDERED.**

**DATED: October 23, 2019**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceuticals, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

Page 2 of 3
Debtor:         Immune Pharmaceuticals Inc., *et al*.
Case No.:       19-13273 (VFP)
Caption of Order: **Order Approving Immune Pharmaceuticals Inc. and Immune Pharmaceuticals, Ltd. Memorandum of Understanding with the Committee and the Israeli Trustee Relating to the Allocation of Sale Proceeds from the Sale of the Anti-Eotaxin Assets**

This matter, having been opened to the Court by Norris McLaughlin, P.A., counsel for the above-captioned debtors and debtors-in-possession (the "Debtors"), upon the Motion of the Debtors for the entry of an Order Approving Immune Pharmaceuticals Inc. and Immune Pharmaceuticals, Ltd. Memorandum of Understanding with the Committee and the Israeli Trustee Relating to the Allocation of Sale Proceeds from the Sale of the Anti-Eotaxin Assets and for such other and further relief as the Court deems just and proper (the "Motion"); and good and sufficient notice of the Motion having been provided; and the Court having considered the moving papers and the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that good cause exists for the entry of this Order,

IT IS ORDERED as follows:

1. The Motion is Granted as set forth herein.

2. The Memorandum of Understanding annexed hereto as Exhibit "A" be and hereby is approved with the following conditions:

   a) Before disbursement of any sale proceeds to any claimant from funds held by the Official Receiver in Israel, a copy of the disbursement request will be provided to Debtors' counsel (or such appropriate successor) and immediately filed thereby on the docket of these Chapter 11 cases so as to provide all persons having filed notices of appearance in these Chapter 11 cases with notice of the request, the hearing date and court location relating thereto and the deadline to object to such request.

   b) Before disbursement of any sale proceeds to any claimant from funds held in the Debtors' attorney's trust account (or the Debtors' Debtor-In-Possession bank

Page 3 of 3
Debtor: Immune Pharmaceuticals Inc., *et al.*
Case No.: 19-13273 (VFP)
Caption of Order: **Order Approving Immune Pharmaceuticals Inc. and Immune Pharmaceuticals, Ltd. Memorandum of Understanding with the Committee and the Israeli Trustee Relating to the Allocation of Sale Proceeds from the Sale of the Anti-Eotaxin Assets**

account) - all persons having filed notices of appearance in these Chapter 11 cases will receive notice and an opportunity to object.*

c)    After disbursement of sale proceeds pursuant to authorization of the Israeli Court, including disbursements to creditors or for expenses, as the case may be, any excess proceeds will be sent to the Debtors' Debtor-In-Possession bank account or to the bank account of any court ordered appointed successor thereto.

d)    The Debtors remain responsible for reporting all distributions, regardless if the distributions are authorized by the U.S. Bankruptcy Court or the Israeli Court, pursuant to their reporting requirements under title 11 of the United States Code and the Israeli Trustee has agreed to provide such information to Debtors' counsel.

e)    Nothing in the MOU negates the requirement that professionals in the Debtors' cases need U.S. Bankruptcy Court approval of any fees sought to be paid in connection with the Debtors' cases.

*Notice of any such intended disbursement from sale proceeds held in the Debtors' attorney's Trust Account or Debtor in Possession bank account shall be given by way of motion served and filed in accordance with the Federal and Local Rules of Bankruptcy Procedure, including (without limitation) any request to shorten time.

10513297-1

# Exhibit A

## MEMORANDUM OF UNDERSTANDING

This memorandum of understanding ("MOU") is entered into by and between (i) chapter 11 counsel ("Debtors' Counsel") to chapter 11 debtors, Immune Pharmaceuticals, Inc. ("Inc.") and Immune Pharmaceuticals, Ltd. ("Ltd."), (ii) the Official Committee of Unsecured Creditors of the Debtors[1] (the "Committee"), and (iii) Eitan Erez (the "Israeli Trustee" and together with Debtors' Counsel and the Committee, the "Parties"). This MOU relates to the sale of certain assets involving the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") and the District Court of Jerusalem, Israel ("Israeli Court");

WHEREAS, on February 17, 2019 (the "Inc. Petition Date"), Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court commencing its chapter 11 case;

WHEREAS, on February 22, 2019 (the "Ltd. Petition Date"), Ltd. filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing its chapter 11 case;

WHEREAS, on February 26, 2019 (the "Subsidiaries Petition Date"), Cytovia, Inc., Maxim Pharmaceuticals, Inc., Immune Pharmaceuticals USA Corp., and Immune Oncology Pharmaceuticals, Inc. (collectively, the "Subsidiaries" and together with Inc. and Ltd., the "Debtors"), each filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing their chapter 11 cases;

WHEREAS, the Debtors continue to operate their businesses and manage their property as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, on March 14, 2019, the Committee was appointed;

---

[1] As further described herein, the debtors in the chapter 11 cases are as follows: Immune Pharmaceuticals, Inc.; Immune Pharmaceuticals, Ltd.; Cytovia, Inc.; Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc., and Immune Pharmaceuticals USA Corp.

4295460

WHEREAS, on or about March 28, 2019, Ltd. filed a motion in the Israeli Court for a stay of proceedings under section 350 of The Companies Law 5759-1999 of the State of Israel and was granted a "stay of proceedings" by the Israeli Court on April 1, 2019;

WHEREAS, on July 16, 2019, the Bankruptcy Court entered an Order approving and authorizing (i) bid procedures and form of notice in connection with the sale of the Debtors' anti-Eotaxin assets, including Bertilimumab assets free and clear of all liens, claims, encumbrances, and interests, (ii) the stalking horse agreement ("APA") with Alexion Pharma International Operations Unlimited Company ("Alexion") and bid protections, (iii) the scheduling of a sale hearing, (iv) the sale to the purchaser submitting the highest or best offer, (v) procedures for assuming and assigning executory contracts, and (vi) other related relief [Dkt. No. 247]² (the "Bidding Procedures Order");

WHEREAS, on or about September 12, 2019, the Israeli Court appointed Eitan Erez as trustee for Ltd alongside Mr. Hakim;

WHEREAS, Mr. Hakim was released by the Israeli Court from his post on September 26, 2019;

WHEREAS, on September 16, 2019, the Israeli Court conducted a hearing (the "September 16th Israeli Court Hearing") whereby Eitan Erez expressed his agreement to adopt the Bidding Procedures Order on certain conditions;

WHEREAS, on September 17, 2019, the Bankruptcy Court conducted a hearing to address scheduling under the Bidding Procedures Order and the related September 16th Israeli Court Hearing;

---

² Unless otherwise noted, references to docket numbers herein ("Dkt. No.") are references to docket numbers in the Debtors' chapter 11 cases jointly administered under Case No. 19-13273-VFP.

2

4296460

NOW, THEREFORE, in consideration of the mutual promises, covenants, agreements set forth herein, and for good and valuable consideration, and incorporating the above recitals herein, it is agreed by and among the undersigned as follows:

I. The Bidding Procedures Order

1. The Bidding Procedures Order shall be modified as follows:

    a. the deadline for submission of Qualified Bids[3] shall be October 11, 2019;

    b. if the Debtors receive more than one Qualified Bid, the Auction shall occur on October 15, 2019 at 11:00 a.m. EST at Norris McLaughlin, P.A., 875 Third Avenue, 8th Floor, New York, NY 10022;

    c. the sale hearing before the Bankruptcy Court to confirm the results of the Auction and to approve the sale of the Acquired Assets to the Successful Bidder shall be October 17, 2019 at 3:00 p.m. EST;

    d. the Bankruptcy Court's sale order shall be presented to Israeli Court and Chief Scientist (Innovation Authority) during week of October 22, 2019 with approvals to be obtained by October 30, 2019 (or later as agreed by the Parties);

2. The Israeli Trustee will seek the approval of this MOU with the Israeli Court, which upon approval by the Israeli Court will constitute approval of the Bidding Procedures Order by the Israeli Court as modified by this MOU.

---

[3] Capitalized terms not otherwise defined shall have the meaning ascribed to such term in the Bidding Procedures Order.

3

4296460

II. The Sale Proceeds

3. The Parties hereby agree regarding the allocation of the sale proceeds of the Acquired Assets ("Sale Proceeds") that fifty percent (50%) of the gross Sale Proceeds without any deduction will be held in trust by the Official Receiver in Israel (the "Official Receiver") and fifty percent (50%) will be held in trust with Debtors' Counsel.

4. The Sale Proceeds which will be deposited in Israel can only be disbursed by authorization from the Israeli Court.

5. The Sale Proceeds, which will be deposited with Debtors' Counsel can only be disbursed by authorization from the Bankruptcy Court.

6. Without derogating from the rights of professional advisers who contributed to the sale proceedings or otherwise were legally appointed in accordance with US law to claim their fees and expenses in accordance with US law, it is hereby agreed that such professionals shall be entitled to reasonable remuneration from the Sale Proceeds deposited with the Official Receiver, subject to approval of the Israeli Court according to Israeli law.

7. This MOU shall be filed for approval in both the Israeli Court and the Bankruptcy Court.

[rest of page intentionally blank]

4

4296460

Dated: October ___, 2019         DEBTORS' COUNSEL

_[signature]_

Morris S. Bauer
NORRIS McLAUGHLIN, P.A.
400 Crossing Boulevard, 8th Floor
P.O. Box 5933
Bridgewater, New Jersey 08807
United States
(908) 722-0700
(msbauer@norris-law.com)

Dated: October ___, 2019         COMMITTEE'S COUNSEL

_[signature]_

John S. Mairo
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
United States
(973) 538-4006
(973) 538-5146 Facsimile
(jsmairo@pbnlaw.com)

Dated: October ___, 2019         ISRAELI TRUSTEE

_[signature]_

Eitan Erez
Eitan S. Erez & Co.
Levinstein Tower, 13th Floor
23 Menahem Begin Rd.
Tel Aviv 66184
Israel
Tel: 972 50 533 0537
(eitan@eitan-erez-law.com)

5

4296460