# NORRIS McLAUGHLIN | P.A.
## ATTORNEYS AT LAW

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

**WRITER'S DIRECT DIAL & EMAIL ADDRESS**
**(908) 252-44345**
msbauer@norris-law.com

March 24, 2020

**Via ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Courtroom 3B
Newark, NJ 07102

Re:    **Immune Pharmaceuticals, Inc., *et al.*, Case No. 19-13273 (VFP)** [1]

**Supplement to the Debtors Opposition to Discover Growth Fund, LLC Motion for to Convert Case Pursuant to 11 U.S.C. § 1112(b) and in Further Support of Debtors' Motion to Extend the Exclusivity Period**

**Hearing Date: April 1, 2020**

Dear Judge Papalia:

As Your Honor is aware, this firm represents the above referenced debtors (collectively, the "Debtors") in their chapter 11 cases (the "Chapter 11 Cases"). On March 19, 2020, the Court provided that any supplemental opposition to the Discover Growth Fund, LLC Motion to Convert Case Pursuant to 11 U.S.C. § 1112(b), Doc. No. 184 (the "Conversion Motion") is to be filed by March 24, 2020. In addition, the Court also provided that any additional submissions relating to the Debtors' motion to extend the exclusivity periods, Doc. No. 178 (the "Exclusivity Motion"), are to be combined with the Conversion Motion submissions. Please accept this letter as the Debtors' supplemental submission in opposition to the Conversion Motion and in support of the Exclusivity Motion.

## PRELIMINARY STATEMENT

As this Court is aware and as referenced in the Bauer Certification, as defined below, these Chapter 11 Cases have proven to be very complex with some unforeseeable occurrences that have

---

[1] The Debtor Subsidiaries include Immune Pharmaceuticals, Ltd. ("Ltd."), Cytovia, Inc., Maxim Pharmaceuticals, Inc., Immune Pharmaceuticals USA Corp. and Immune Oncology Pharmaceuticals Inc.



**Norris McLaughlin, P.A.**

March 24, 2020
Page 2

resulted in protracted litigation and delay.  Discover has objected to almost every motion filed by the Debtors in these Chapter 11 Cases.

Further, Discover's pre-petition conduct, the fact that it failed to properly perfect its security interest and the fact that its transaction documents, including the securities purchase agreement and debenture, require mandatory subordination, resulted in the Debtors and the Committee having to commence an adversary proceeding against Discover, Adv. Pro. No. 19-02033 (the "Discover Adversary Proceeding") for the benefit of all creditors.  Discover refuses to settle the Discover Adversary Proceeding at an amount that would not only afford a dividend to unsecured creditors, but also payment to holders of administrative claims.  In light of this fact, the Debtors and the Committee continue to prosecute the Discover Adversary Proceeding.

In the Conversion Motion, Discover's purported "cause" for converting the Chapter 11 Cases to Chapter 7 was as follows:  (i) the Chapter 11 Cases were filed in "bad faith" to "forestall Discover's foreclosure of the Collateral …";  (ii) the Chapter 11 Cases are a "two-party dispute"; (iii) the Debtors have no cash flow, are unable to meet current expenses and have few employees at this point; and (iv) the Debtors are somehow abusing the bankruptcy process because Vector has not closed on the Ceplene Assets.

The Conversion Motion was originally scheduled to be heard on July 2, 2019.  As a result of the Debtors having filed a motion to sell its Anti-Eotaxin Assets, iCo agreed to adjourn its motion asserting that its license agreement with Ltd., which Discover characterized as an integral component to the Anti-Eotaxin Assets, was terminated pre-petition to see how the sale process would proceed.  The Court then turned to Discover and advised Discover that it was not inclined on granting the Conversion Motion at that time.  As a result, the Conversion Motion has been continued on the Court's calendar.

At no time has Discover supplemented the Conversion Motion.  As a result, the Debtors are uncertain as to Discover's new allegations for conversion.  What the Debtors are certain of is that Discover's reason for prosecuting the Conversion Motion is its unhappiness with the proposed resolutions provided by the Debtors and the Committee, and the fact that Discover is having to continue to defend the Discovery Adversary Proceeding.  Discover is hoping for a Chapter 7 trustee that will allow Discover to take all of the cash on hand.

As referenced in the Bauer Certification, as defined below, the Debtors and the Committee have been moving these cases.  From the Discover Adversary Proceeding, the possible recover from the Israel Stay Proceedings, and the on-going negotiations relating to the disposition of the remaining assets, the Debtors and the Committee believe that they can effectuate a dividend/recovery for all creditors.

The Debtors and the Committee hope to be in a position to file a joint plan of reorganization or liquidation depending on their on-going discussions with the third parties that are interested in the remaining assets.  Any plan will require a resolution of the Discover Adversary Proceeding

**Norris McLaughlin, P.A.**

March 24, 2020
Page 3

because there exists uncertainty as to the assets that will be available for all creditors vis-à-vis Discover and there also exists uncertainty as to Discover's ability to thwart confirmation of any plan that is proposed while the Discover Adversary Proceeding is pending and Discover remains an adverse party to these Chapter 11 Cases.

## STATEMENT OF FACTS

The Debtors incorporate herein in its entirety that certain Certification of Morris S. Bauer, Esq. in Opposition to Discover Growth Fund, LLC Motion for Stay Relief and Motion to Convert Chapter 11 Cases to Chapter 7 dated March 24, 2020 (the "Bauer Certification"). In addition, as part of the Debtors supplemental submission, the Debtors' incorporate herein the docket of the Chapter 11 Cases and the docket in the adversary proceeding entitled, *Immune Pharmaceuticals, Inc., et al v. Discover Growth Fund, LLC*, Adv. Pro. No. 19-02033 (the "Adversary Proceeding").

## LEGAL ARGUMENT

**THE COURT SHOULD DENY THE CONVERSION MOTION**

Section 1112(b)(1) provides:

(b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(2) provides as follows:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that ---

    (A) there is a reasonable likelihood that a plan will be confirmed …within a reasonable period of time; and
    (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under pargraph (4)(A) –
        (i) for which there exists a reasonable justification for the act or omission; and

**Norris McLaughlin, P.A.**

March 24, 2020
Page 4

              (ii)    that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

A list of what constitutes "cause" is found in § 1112(b)(4). This list is viewed as illustrative rather than exhaustive, and the Court should "consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases". In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368 (9th Cir. BAP 2000); In re Gateway Access Solutions, Inc., 374 B.R. 556 (Bankr.M.D.Pa. 2007); In re 3 Ram, Inc., 343 B.R. 113 (Bankr.E.D.Pa.2006). Moreover, courts have wide discretion in determining what constitutes such cause. See In re Johnston, 149 B.R. 158, 160 (9th Cir. BAP 1992); Matter of NuGelt, Inc., 142 B.R. 661, 665 (Bankr.D.Del.1992).

The determination of whether conversion is appropriate is made on a case-by-case basis. In the Matter of Halajian, 216 B.R. 502, 511 (D.N.J.), aff'd 168 F.3d 478 (3d Cir. 1998). A movant seeking relief pursuant to Section 1112(b) must demonstrate by a preponderance of the evidence that relief is warranted. In re Lizeric Realty Corp., 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995).

Even if there is a finding of cause a court is not obligated to convert the case. 11 U.S.C. § 1112; H. Rep. 595, 95th Cong., 1st Sess. 405 (1977) ("Subsection (b) gives wide discretion to the court to make an appropriate disposition of the case when a party in interest requests."). In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). The statute explicitly provides for this discretion where a court is able to identify "unusual circumstances ... that establish that the requested conversion is not or dismissal is not in the best interests of creditors and the estate...." Id. at 93. See also, In re Franmar, Inc., 361 B.R. 170 (Bankr. D. Col. 2006).

If a movant establishes that cause for conversion exists (which Debtors maintain does not exist), the burden shifts to the opposing party to specifically identify "unusual circumstances" that show conversion would not be in the best interest of the estate and its creditors and that there is a reasonable likelihood that a plan will be confirmed. 11 U.S.C. § 1112(b)(2); In re Am. Capital Equip., LLC, 688 F.3d 145, 163 (3d Cir. 2012); In re Dr. R.C. Samanta Roy Inst. Of Sci. Tech. Inc., 465 Fed. Appx. at 97; In re Riverbend Community, LLC, Case No. 11-11771, 2012 WL 1030340, at *3 (Bankr. D. Del. Mar. 23, 2012); Fidelity Deposit & Discount Bank v. Domiano (In re Domiano), 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010); In re Franmar, Inc., 361 B.R. 170 (Bankr. D. Col. 2006).

At this juncture, the Debtors do not know Discover's basis for "cause", except for Discover's dissatisfaction that its claim is being challenged and that it is unable to take for itself to the exclusion of all other creditors all of the Debtors' assets, including cash on hand. Nowhere does case law provide that a single creditors dissatisfaction rises to the level of "cause" such that a chapter 11 case should be converted to chapter 7.

As can be gleaned from the Bauer Certification, the Debtors and the Committee have been working in concert in an effort to maximize the recoveries for all creditors. The Debtors and the

**Norris McLaughlin, P.A.**

March 24, 2020
Page 5

Committee have acted in accordance with their fiduciary duty by challenging the claims of Discover pursuant to legitimate legal theories. It would be unfair to the Debtors and the Committee to convert these cases at this time while such litigation is midstream based on a motion to convert that was filed by one disgruntled creditor, who happens to be the defendant in litigation, especially where no other party in interest has or is supporting the motion.

It would also be unfair to grant the Conversion Motion, less than four months after the Debtors accomplished what they said they would do in response to the initial filing of the Conversion Motion, the effectuation of the sale of the debtors major asset, the Anti-Eotaxin Assets for a purchase price of $6 million. The Court is aware of the significant difficulties and delays that the Debtors and the Committee were confronted with in obtaining approval of and closing on this transaction.

Since closing on the transaction, the Debtors and the Committee have not stood idly by. The Debtors and the Committee have been moving forward with the Discover Adversary Proceeding. The Debtors, under the then guidance of Gary Rabin, were in the process of exploring the disposition of their remaining assets. The Debtors were confronted with another unforeseeable roadblock with the unexpected passing of Mr. Rabin.

Notwithstanding Mr. Rabin's passing, the Debtors and the Committee have engaged in discussions with three groups regarding the prospects of purchasing the remaining assets or possibly proposing a conventional plan of reorganization around the remaining assets and the public shell. The Debtors and the Committee have been again confronted with an unforeseeable delay caused by the global pandemic. However, this delay should not be a reason to convert the cases. The Debtors and the Committee should be afforded an opportunity to complete these discussions in an effort to provide a recovery for all creditors.

In addition to selling the remaining assets, the Debtors and the Committee remain active in the Israel Stay Proceedings in an effort to obtain a monetary return from that proceeding for the creditors. The Debtors and the Committee understand that the Israel Stay Proceedings and the timing of a return of any monies may approximate 6 months or so.

In the original Conversion Motion, Discover incorrectly argued that the Chapter 11 Cases were filed in "bad faith" and that the cases were a "two-party" dispute. The cases were filed to stop Discover from taking all of the assets to the detriment of all other creditors. This continues to be the case at this time. The beneficiaries of these efforts are not one party, but rather numerous parties, the Debtors, the holders of administrative claims and the unsecured creditors.

Other than the accrual of professional fees, the Debtors additional accruals of expenses are *di minimis*, and should continue to be *di minimis*.

The burden is on Discover to show "cause" for conversion. Discover has not satisfied its burden. On the other hand, the Debtors and the Committee have presented to this Court a multitude

**Norris McLaughlin, P.A.**

March 24, 2020
Page 6

of reasons as to why the case should not be converted and as to why the Debtors and the Committee are best suited for administering these Chapter 11 Cases in an effort to reach a successful conclusion for the benefit of all creditors.

**EXCLUSIVITY MOTION**

The Debtors filed the motion to extend exclusivity on May 21, 2019. This motion has been adjourned to April 1, 2020 with exclusivity remaining in place. The basis for the motion was to afford the Debtors control of the plan process while the Debtors proceeded with the sale of the Anti-Eotaxin Assets. This process took longer than expected. As previously stated, less than four months has passed since concluding the sale of the Anti-Eotaxin Assets. The Debtors believe that given such short timeframe the request for a short extension is justified.

Notwithstanding such request, once the chief restructuring officer is in place, Debtors counsel is amenable to having a discussion with the chief restructuring officer and the Board regarding the termination of exclusivity for the Committee in light of the fact that the Debtors have been working closely with the committee. In addition, Debtors counsel is willing to have a discussion that would allow for termination of exclusivity in the event that a third-party submitted a proposed plan that had a reasonable prospect of confirming along with a termination request.

### CONCLUSION

Based on the above, the Debtors respectfully request that the Conversion Motion be denied and Exclusivity extended.

Respectfully submitted,

NORRIS McLAUGHLIN, P.A.

*/s/ Morris S. Bauer*

Morris S. Bauer

cc:    Service List (via ECF)