| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Dale E. Barney, Esq.<br>David N. Crapo, Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: dbarney@gibbonslaw.com<br>         dcrapo@gibbonslaw.com<br>*Counsel for Discover Growth Fund, LLC* |
| **In re:**<br><br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>**Debtor.** |

Chapter 11

Case No. 19-13273 (VFP)

(Jointly Administered)

Hearing Date: April 21, 2020 at 2 p.m. ET

Response Deadline: April 14, 2020

**OBJECTION OF DISCOVER GROWTH FUND, LLC TO FEE APPLICATIONS OF CHAPTER 11 ESTATE PROFESSIONALS**

Defendant Discover Growth Fund, LLC ("**Discover**"), by and through its undersigned counsel, submits this objection to the fee applications (collectively, "**Fee Applications**") filed in this case by: (i) Teneo Capital LLC; (ii) Armory Securities, LLC; (iii) Norris McLaughlin, P.A.; (iv) Porzio, Bromberg & Newman, P.C.; and (v) Lowenstein Sandler LLP, and, in support of its opposition states the following:

---

[1] The "**Debtor**s" in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630). The lead debtor is Immune Pharmaceuticals, Inc..

-1-

**PRELIMINARY STATEMENT**

Acknowledging the futility of a reorganization in the above-captioned Chapter 11 cases, this Court converted the Chapter 11 cases to Chapter 7 liquidations and directed the appointment of a Chapter 7 trustee on April 1, 2020. On April 3, 2020, the United States Trustee for Region 3 appointed Jonathan Lester, Esq. as Chapter 7 trustee ("**Trustee**"), and the Trustee has made application to retain Rabinowitz, Lubetkin & Tully LLC as his counsel. The appointment of a Chapter 7 trustee for these cases has stripped the Debtors of any control over their assets. *See* 11 U.S.C. § 704(a) and (b) (Chapter 7 trustee's duties to collect the debtor's assets and be accountable for all property received). The Chapter 7 trustee's administrative expenses will also take priority over any awards on the Fee Applications. Of equal importance, Discover's security interest fully encumbers the assets of lead debtor, Immune Pharmaceuticals, Inc. ("**Immune**"), which now effectively consists of $2.93 million from the proceeds of the sale of the only Immune asset group with any value, the Anti-Eotaxin/Bertilimumab assets (hereafter, "**Proceeds**"). The Proceeds constitute Discover's cash collateral (hereafter, "**Cash Collateral**"), and Discover does not consent to the use of its Cash Collateral to pay any of the fees and expenses of the Chapter 11 estates' professionals. That being the case, there exist no funds out of which any award on the Fee Applications may be paid. With the absence of any funds for the payment of awards on the Fee Applications, they constitute nothing more than another waste of the Court's resources. Until the highly unlikely event that the Trustee realizes cash sufficient to pay Chapter 7 administration, Discover's secured claim, and Chapter 11 administration occurs, the Fee Applications should be tabled. For that reason they should be denied without prejudice at the present time.

**BACKGROUND**

1. On February 17, 2019, Immune and its co-debtors (collectively, "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Cases.

2. The Debtors no longer operate their businesses or manage their assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The United States Trustee for Region 3 ("**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors ("**Committee**") for the cases effective March 14, 2019.

4. By Order Granting Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) dated April 2, 2020, the Court converted the Cases from Chapter 11 to Chapter 7. [Doc 400]

5. By Notice dated April 3, 2020, the U.S. Trustee appointed the Trustee as the Chapter 7 Trustee for the Debtors' bankruptcy estates. [Doc 401]

6. The Fee Applications were filed as follows:

| **Dkt.** | **Applicant** | **Role** | **Fees** | **Expenses** |
|---|---|---|---|---|
| 394 | Armory Securities, LLC | Debtors' Investment Banker | $418,571.43 | $1,761.37 |
| 381 | Lowenstein Sandler, LLP | Special Counsel to Debtors | $134,082.50 | $6,031.10 |
| 380 | Norris McLaughlin, P.A. | Debtors' Counsel | $742,380.50 | $39,154.88 |
| 382 | Porzio, Bromberg & Newman, P.C. | Committee's Counsel | $805,090.75 | $3,454.17 |
| 383 | Teneo Capital LLC | Committee's Accountants | $97,962.50 | $272.25 |

**RELIEF REQUESTED AND REASONS THEREFOR**

7. The Fee Applications are filed pursuant to 11 U.S.C. § 503(b)(1) and seek the award and payment of fees and the reimbursement for expenses aggregating almost $2.25 million.

8. The only potential source for the payment of those fees and expenses is the Proceeds, and those are unavailable for the reasons discussed herein.

9. Discover is Immune's secured creditor. Discover's claims against Immune exceed $14.8 million. *See* the Claims Docket in the Cases, Claims No. 37-1 through 37-3. Discover holds a lien on all of Immune's assets, including the Proceeds. Even if it were to be determined that Discover is entitled to recover only the $2,000,000.00 in cash lent under the Debenture, interest at the contractual rate of 10% and attorneys' fees and costs, Discover is owed $2,851,260.45 as of January 31, 2020, consisting of (i) $2,000,000.00 in principal, (ii) interest totaling $262,466.30 at 10% per annum, and (iii) attorneys' fees and costs estimated at $588,794.15 as of January 31, 2020. Declaration of John C. Kirkland in Further Support of Motion of Discover Growth Fund, LLC for Relief from the Automatic Stay dated March 12, 2020 [Doc 374-1], ¶ 5. Since January 31, 2020, Discover has incurred well over $100,000 in additional legal fees in connection with this matter. As such, even Discover's minimum secured claim exceeds Discover's remaining Cash Collateral.

10. Neither Immune nor the Trustee may use of Discover's cash collateral absent either Discover's consent or an order of this Court authorizing such use. 11 U.S.C. § 363(c)(2). Discover expressly does not consent to the use of the Proceeds by the Trustee, including the use of the Proceeds to pay any award on the Fee Applications. The Trustee has not filed a motion

for authorization to use the Proceeds. Accordingly, the Proceeds cannot be used to pay awards on the Fee Applications. *Id*. Notably, the forms of orders submitted by Lowenstein Sandler, LLP, Porzio, Bromberg & Newman, P.C. and Teneo Capital, LLC provide that the Debtors are to remit payment within a specified number of days after the entry of the orders. Given the appointment of the Trustee, the Debtors no longer have authority to make any payments, the only source of payment is the Cash Collateral, and Discover does not consent to its use.

11. Additionally, any award on the Fee Applications would be subordinate in priority to the payment of the Trustee's commission, fees and expenses. 11 U.S.C. § 726(b). As such, after the resolution of Discover's secured claim and the payment of the Trustee's administrative expenses, the prospect of there being funds to pay Chapter 11 administration is dim indeed. Adjudicating the Fee Applications under these circumstances is a poor use of the Court's resources.

12. Under the circumstances, the Fee Applications are an exercise in futility. There are no funds to pay fees if awarded. Debtors' and Committee's counsel's applications run to well over 100 pages. The Cash Collateral and any funds recovered by the Trustee will be paid first to satisfy Discover's liens and then to satisfy the Trustee's commission and administrative expenses. Accordingly, it is submitted that the Court should deny the Fee Applications as futile.

13. Notwithstanding the foregoing, Discover reserves its right to assert opposition in support of any substantive objections it has to any of the Fee Applications if the same are adjourned or denied without prejudice.

**WHEREFORE**, Discover respectfully requests that this Court enter an order or orders: (i) denying the Fee Applications; and (ii) awarding Discover such other and further relief to

which it is entitled.

Dated: April 14, 2020
      Newark, New Jersey

                              **GIBBONS P.C.**

By:   */s/* Dale E. Barney         .
      Dale E. Barney, Esq.
      David N. Crapo, Esq.
      One Gateway Center
      Newark, NJ 07102-5310
      Tel. 973-596-4500
      Fax. 973-596-
      E-mail: dbarney@gibbonslaw.com
              dcrapo@gibbonslaw.com

*Counsel for Discover Growth Fund, LLC*