# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

### ⬥

### ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKINᐃ
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*▢
JEFFREY A. COOPER*
HENRY M. KARWOWSKI*
LAURA E. QUINN*
JOHN J. HARMON*
LARRY K. LESNIK⁺

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

\* MEMBER NJ & NY BARS
ᐃ MEMBER NJ & GA BARS
⁺ MEMBER NJ BAR
▢ MEMBER MA BAR

May 26, 2020

VIC ECF

Honorable Vincent F. Papalia
United States Bankruptcy Court
MLK Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:   **Immune Pharmaceuticals, Inc., et al.**
**Docket No. 19-13273**

**Immune Pharmaceuticals, Inc., et al. v. Discover Growth Fund, LLC**
**Adv. Pro. No. 19-02033**

Dear Judge Papalia:

In reference to the above-captioned matters, this firm represents Jeffrey Lester, Chapter 7 Trustee.  I submit this letter in connection with the following fee applications:

1. Dkt. No. 380- - Norris McLaughlin – Interim Fee App;
2. Dkt. No. 454 – Norris McLaughlin – Final Fee App;
3. Dkt. No. 381 – Lowenstein – Interim Fee App;
4. Dkt. No. 382 – Porzio Bromberg – Interim Fee App;
5. Dkt. No. 456 – Porzio Bromberg – Final Fee App;
6. Dkt. No. 383 – Teneo Capital – Interim Fee App;
7. Dkt. No. 457 – Teneo Capital – Final Fee App;
8. Dkt. No. 394 – Amory Securities – Interim Fee App; and
9. Dkt. No. 455 – Tadmor – Final Fee App.

(the "Fee Applications").

The following matters in these cases are on the calendar on June 2, 2020 at 10:00 a.m.:

1. Adv. Pro. No. 40 - Trustee's Motion for reconsideration of the denial of partial summary judgment under 11 U.S.C. § 510(b);

2. Dkt. No. 11 – Discover Growth Fund, LLC's Motion for relief from the stay;

3. Dkt. No. 420 - Motion of director's and officer's for reimbursement of defense costs;

4. Dkt. No. 389 - Objection to the claim of Fidelity Venture Capital Ltd.;

5. Dkt. No. 392 - Motion to fix certain claims protocols; and

6. The Fee Applications (listed above).

By this letter, the Trustee seeks to adjourn the Fee Applications. The reason for this adjournment request is because the Trustee has had a short period of time to administer these cases. As set forth above, there has been a lot of activity in this short period of time. The Fee Applications consist of several large applications covering long periods of time. Because of the number of matters that the Trustee has had to attend to in these cases, and the short period of time of his tenure, the Trustee has not had an opportunity to review the details of these Fee Applications. The Applicants are not prejudiced by an adjournment because under 11 U.S.C. § 726(b), these Fee Applications are Chapter 11 administration expenses which are subordinate to Chapter 7 administration expenses. Further, the ability to pay these claims and actual distribution, if there are funds available, will not be made until the end of these cases which could be a year or more away.

Based on the foregoing, the Trustee seeks a 45 day adjournment of the Fee Applications to give him more time to review them. By a copy of this letter, the Trustee is notifying the applicants of this request.

Respectfully,

RABINOWITZ, LUBETKIN & TULLY, L.L.C.

/s/ Jonathan I. Rabinowitz

Jonathan I. Rabinowitz

JIR:jc
Cc:    Fee Applicants (via ECF)
       Dale Barney, Esq. (via ECF)
       U.S. Trustee (via ECF)

F:\Client_Files\A-M\Immune Pharmaceuticals\Papalia.doc