| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP**<br>200 West 41st Street, 17th Floor<br>New York, NY 10036-7203<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>John E. Jureller, Jr. (JJureller@klestadt.com)<br>Lauren C. Kiss (LKiss@klestadt.com)<br><br>*Counsel to Certain Former Directors and Officers of Immune Pharmaceuticals Inc.* | |
| In re:<br><br>IMMUNE PHARMACEUTICALS INC.,<br><br>            Debtor. | Chapter 7<br><br>Case No.: 19-13273 (VFP)<br><br>**Hearing Date and Time: June 2, 2020 at 10:00 A.M.** |

**CERTAIN FORMER DIRECTORS AND OFFICERS OF IMMUNE PHARMACEUTICALS INC.'S REPLY TO OPPOSITION OF JEFFREY A. LESTER, CHAPTER 7 TRUSTEE, TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS UNDER IMMUNE PHARMACEUTICALS INC.'S DIRECTORS AND OFFICERS INSURANCE POLICY**

Anthony Fiorino, M.D. ("Fiorino"), Daniel Kazado ("Kazado"), Daniel Teper, M.D. ("Teper"), Jeffrey Paley, M.D. ("Paley"), and John Neczesny ("Neczesny", collectively the "Former D&Os")[1], by their attorneys Klestadt Winters Jureller Southard & Stevens, LLP, hereby submit their reply (the "Reply") to the opposition (the "Opposition") of Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Immune Pharmaceuticals Inc. ("Immune") to their motion (the "Motion")[2] for an order authorizing Argonaut Insurance Company

---

[1] Additionally, Gary H. Rabin (deceased) ("Rabin") was named as a defendant in the Discover Action (defined later herein). Rabin is also an insured under the Argonaut Policy (defined later herein), however, to date, the Estate of Gary H. Rabin (the "Rabin Estate") has not been served. It is expected that the Rabin Estate will seek similar relief if and when it is served in the Discover Action.
[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

("Argonaut") to pay and/or advance defense costs to the Former D&Os under that certain public company directors and officers insurance policy held by Immune, and in support of the Motion, respectfully represent and allege as follows:

1. It is respectfully submitted that the Trustee's Opposition lacks merit or support. First, the Trustee has taken the position that the proceeds of the Argonaut Policy are property of the Debtor's estate and subject to the automatic stay. The Former D&Os reserve all rights with respect to the issue of whether the proceeds of the Argonaut Policy are property of the estate and do not believe the parties need to debate the extent of such for purposes of the Motion. This is because whether or not the proceeds of the Argonaut Policy are property of the Debtor's estate "is not conclusive on the issue of whether the debtor's directors and officers may access the policy for defense costs during the pendency of the bankruptcy case." *In re GB Holdings, Inc.*, No. 05-42736 JHW, 2006 WL 4457350, at *3 (Bankr. D.N.J. Sept. 21, 2006).[3]

2. Nonetheless, to the extent the Court determines that the proceeds of the Argonaut Policy are property of the estate, the Former D&Os specifically requested that the Motion be considered a request for relief from the automatic stay to allow for the advancement of defense costs under the Argonaut Policy. *See* Motion, ¶ 28, fn. 4.

3. Courts routinely find "cause" exists to lift the automatic stay and authorize advancement of defense costs to directors and officers under a debtor's D&O policy. *See, e.g., In re Downey Fin. Corp.*, 428 B.R. 603, 608 (Bankr. D. Del. 2010) ("Even if the Policy proceeds were property of the estate cause exists to lift the automatic stay to allow the Insureds to access the Policy proceeds"); *In re MF Global Holdings, Ltd.*, 469 B.R. 177, 192 (Bankr. S.D.N.Y. 2012)

---

[3] A significant portion of the Opposition is used to analyze, reference and cite in support to the Court's decision in *In re GB Holdings, Inc.*, and then it abruptly asks this Court to refuse to follow the decision, without citing any other New Jersey case in support of its request. The Trustee cannot have it both ways.

("the Court finds that 'cause' exists for granting relief from the automatic stay to the extent it is applicable").

4. Second, the Trustee's Opposition is implicitly asking this Court to treat the interest of the Former D&Os in the proceeds of the Argonaut Policy *pari passu* with the interests of the Debtor's estate. In essence, the Trustee is seeking to re-write the terms of the Argonaut Policy to avoid the priority of payments provisions. This cannot and should not be allowed. ***In fact, the Opposition fails to even address the priority of payment provision, or the substantial case law that supports upholding such provisions.*** The Argonaut Policy contains a priority of payment provision, which requires that all coverage potentially afforded to the Former D&Os and any other individual insured director and/or officer must be paid *prior to* the payment of any loss on behalf of the Debtor. *See* Argonaut Policy, Section 5.E. This policy language unequivocally indicates that not only are the Former D&Os entitled to defense costs, but they are entitled to the insurance proceeds before any other claim is paid to the Debtor's estate. Thus, to the extent the Debtor's estate has *any* interest in the Argonaut Policy, its interest is contractually junior to coverage provided to the Former D&Os.

5. Courts have recognized that director and officer insurance policies have specific priority of payment provisions that require an individual insured's defense costs to be paid first:

> "[C]ourts have given effect to priority of payment provisions in authorizing access to policies to advance defense costs to individual insureds." *See In re Enron,* No. 01-16034, Tr. at 13–14 (Bankr. S.D.N.Y. Apr. 11, 2002) (Gonzalez, J.) ("[T]he parties are bound by the contractual provisions of the policy. The Debtors' interest in the policy is limited by its contractual provisions including a priority advancement and payment obligations contained in those policies. The Court cannot rewrite the provisions of the contract.").

*MF Global Holdings Ltd.,* 469 B.R. at 193.

6. In *MF Global*, the court further reasoned that "D&O policies are obtained for the protection of individual directors and officers . . . . In essence and at its core, a D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection." *Id.* at 192–93 (citations omitted). Individual insureds would suffer great harm if they could not access the insurance proceeds because they would be unable to obtain the very benefits that the insurance policies were designed to provide – *i.e.*, payment of defense costs. *Id.* at 194.

7. As courts have recognized, "[i]t would be fundamentally unfair to allow the litigation to proceed while denying . . . coverage for defense costs." *In re MF Global Holdings Ltd.,* 515 B.R. 193, 205 (Bankr. S.D.N.Y 2014). Accordingly, allowing the payment of defense costs to the Former D&Os will not result in any prejudice to the Debtor's estate. However, failure to do so will result in prejudice to the Former D&Os as their defense costs are provided for under the Argonaut Policy.

8. Moreover, section 541(a) of the Bankruptcy Code "is not intended to expand the debtor's rights against others beyond what rights existed at the commencement of the case." *In re Downey Fin. Corp.,* 428 B.R. 595, 607 (Bankr. D. Del. 2010) (citations omitted); *see also Integrated Solutions, Inc. v. Service Support Specialties, Inc.,* 124 F.3d 487, 492 (3d Cir. BAP 1997) (stating that "without explicit federal preemption, the trustee does not have greater rights in the property of the estate than the debtor had before filing for bankruptcy."). Accordingly, the Trustee has not and cannot articulate any legal basis as to why the contractually mandated priority of payment provisions of the Argonaut Policy should not be followed. The Trustee's refusal to even address this key provision proves the point.

9. Third, failing to submit any persuasive arguments in favor of denying the Motion, the Trustee asks the Court to set restrictions on the defense costs provided to the Former D&Os.

The proposed restrictions include "strict payment amount limits and reporting requirements". Opposition, ¶ 46. These proposed restrictions are unfounded and unwarranted.

10. Argonaut has previously acknowledged coverage for the Former D&Os under the Argonaut Policy, without setting any such caps. It can be assumed that Argonaut monitors any fees that are paid under the Argonaut Policy, and would dispute any fees that it believed were inappropriate.

11. Fourth, the Trustee asserts that the Motion suffers from several procedural and evidentiary infirmities, including (i) the failure to serve the Motion by mail, (ii) the failure to serve the Motion on all creditors, and (iii) the failure to state personal knowledge in the Jureller Certification. Opposition, ¶¶ 4-11. In doing so, the Trustee ignores the current COVID-19 crisis and the *Amended General Order Regarding Court Operations Under the Exigent Circumstances Created by Coronavirus (COVID-19)* (the "Amended Order"), entered by the Chief U.S. Bankruptcy Judge for the District of New Jersey, on March 27, 2020, which specifically provides that "[p]arties initiating contested matters under Fed. R. Bank P. 9013 and 9014, may effectuate service through electronic mail." Pursuant to the Amended Order, counsel to the Former D&Os served the Motion by electronic mail.

12. Next, the Trustee incorrectly assumed that counsel to the Former D&Os was relying on service under Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). However, since the Motion was not seeking a determination of whether the proceeds of the Argonaut Policy were property of the estate, Bankruptcy Rule 2002(a)(2) is not implicated. Rather, counsel to the Former D&Os was providing notice of the Motion to those parties that had filed a notice of appearance in the Debtor's bankruptcy case pursuant to Bankruptcy Rule 2002.

13. In addition, the Jureller Certification was clearly based on Mr. Jureller's personal knowledge as counsel to the Former D&Os. In this capacity, he has communicated with the Former D&Os on many occasions and reviewed the terms of the Argonaut Policy which is the subject of this Motion. The Jureller Certification expressly provides that Mr. Jureller was providing the information contained therein "to the best of [his] knowledge and belief." Moreover, the Trustee has not and cannot dispute the fact that each of the Former D&Os is a former director and/or officer of Immune.

14. As a result of the foregoing, and as set forth in the Motion, it is respectfully requested that the Motion be granted in all respects.

Dated: New York, New York
May 29, 2020

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ John E. Jureller, Jr.*
John E. Jureller, Jr.
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
jjureller@klestadt.com
lkiss@klestadt.com

*Counsel to Certain Former Directors and
Officers of Immune Pharmaceuticals Inc.*