**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., et al.[1],<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Hon. Vincent F. Papalia<br><br>Chapter 7<br>(Jointly Administered)<br><br>**Hearing date and time:**<br>**June 23, 2020 at 10:00 a.m.** |

**CERTIFICATION OF JONATHAN I. RABINOWITZ IN FURTHER SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDTIORS' OBJECTION TO THE CLAIMS OF FIDELITY VENTURE CAPITAL LTD.**

**JONATHAN I. RABINOWITZ**, of full age, hereby certifies and states:

1. I am an attorney-at-law of the State of New Jersey and a member of the firm of Rabinowitz, Lubetkin & Tully, LLC, counsel to Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee").

2. I submit this certification in further support of the objection (the "Objection") of the Official Committee of Unsecured Creditors (the "Committee") seeking entry of an order disallowing and expunging the claims of Fidelity Venture Capital LTD ("Fidelity").

---

[1] The debtors in these chapter 7 cases are as follows: Immune Pharmaceuticals, Inc.; Immune Pharmaceuticals, Ltd.; Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc.; and Immune Pharmaceuticals USA Corp. (collectively, the "Debtors").

**Relevant United States Procedural History**

3. On February 17, 2019, Immune Pharmaceuticals, Inc. ("Immune Inc.") filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), commencing its chapter 11 case.

4. On February 22, 2019, Immune Pharmaceuticals, Ltd. ("Immune Ltd."), an Israeli company, filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing its chapter 11 case.

5. On February 26, 2019, Cytovia, Inc., Maxim Pharmaceuticals, Inc., Immune Pharmaceuticals USA Corp, and Immune Oncology Pharmaceuticals, Inc., each filed voluntary petitions under chapter 11 of the Bankruptcy Code, commencing their chapter 11 cases.

6. On March 14, 2019, the Office of the United States Trustee appointed the Committee.

7. Per the Notice of the Chapter 11 Bankruptcy Case, the deadline for the filing of proofs of claim with the United States Bankruptcy Court was July 16, 2019.

8. Fidelity filed claims on July 16, 2019, in the amount of $14,357,386.00 against both Immune Inc. and Immune Ltd. (the "Fidelity Claim").

9. The Fidelity Claim is based on an agreement to lend money between Immune Ltd. and Fidelity dated May 4, 2011 (the "2011 Agreement"). A translated copy of the 2011 Agreement is annexed hereto as **Exhibit "A."**

10. On July 17, 2019, Fidelity, by letter, withdrew its claim against Immune Ltd.

11. On March 26, 2020, the Committee filed the Objection[2] to the Fidelity Claim.

---

[2] The Trustee hereby joins and adopts the arguments raised in the Objection, including all arguments contained within the Objection's Reservation of Rights. A copy of the Objection filed by the Committee is annexed hereto as **Exhibit "B."**

12. Through the Objection, the Committee argues that the Fidelity Claim should be expunged for two (2) reasons.

13. First, in summary, the Committee argues that the Fidelity have no claim against Immune Inc. because of the 2011 Agreement giving rise to the Fidelity Claim predates Immune Inc.'s existence. Specifically, the Committee argues, in relevant part, as follows:

> It is undisputable that Fidelity has no claims against [Immune Inc.], which did not even exist until years after the 2011 Agreement, which Fidelity purports gives rise to the [Fidelity Claim]. In the narrative attached to [the Fidelity Claim], the term "Immune Group" is used. However, none of the events referenced in Fidelity's narrative pertain to any of the Debtors except Immune Ltd. Fidelity asserts that the "Immune Group" repudiated and breached its undertakings with Fidelity and that although the agreements and amendments had been agreed upon "by the parties," Immune Ltd and [Immune Inc.] repudiated all of the provisions of the 2011 Agreement and the Amendments. However, [Immune Inc.] was never a party to the discussions with Fidelity, which predates [Immune Inc.'s] existence. In fact, the narrative to the [Fidelity Claim] references communications between Fidelity and Immune Ltd stating that the warrants had never been agreed upon between Fidelity and Immune Ltd. Moreover, [Immune Inc.] was never a party to any of the referenced agreements and could not, contrary to Fidelity's assertions, repudiate agreements which it never signed. Accordingly, Fidelity's claim against [Immune Inc.] should be disallowed in its entirety. (internal citations omitted.)

14. Second, the Committee argued that, as will be discussed more thoroughly below, the Fidelity Claim should be expunged because it is the subject of litigation in the Israeli Proceeding (as defined below). As will be discussed below, since the Committee filed the Objection, as a result of the litigation in the Israeli Proceeding, the Fidelity Claim was disallowed against Immune, Ltd. For the same reasons that the Fidelity Claim was disallowed against Immune, Ltd., it should be disallowed against Immune, Inc.

15. On April 2, 2020, the Court entered an Order converting the Debtors' cases to Chapter 7.

16. On April 3, 2020, the Trustee was appointed as Chapter 7 Trustee for the Debtors and continues to serve as Trustee herein.

17. As a result of the conversion, the Trustee succeeds to all the rights, claims and defenses of the pre-conversion Debtors including, without limitation, any and all defenses to the Fidelity Claim.

### Relevant Israeli Procedural History

18. Upon information and belief, on or about March 28, 2019, Immune Ltd. filed a motion in the District Court of Jerusalem, Israel (the "Israeli Court") for "stay proceedings" under section 350 of The Companies Law 5759-1999 of the State of Israeli (the "Israeli Proceedings").

19. Upon information and belief, on April 1, 2019, Immune Ltd. was granted a "stay of proceedings" in the Israeli Proceeding by the Israel Court.

20. Upon information and belief, Fidelity filed the same Fidelity Claim against Immune, Ltd. in the Israeli Proceeding.

21. Upon information and belief, on or about March 9, 2019, the Israeli Court appointed a neutral third party attorney, Doran Lange ("Lange"), to make a determination as to the validity and amount of the Fidelity Claim.

22. On May 17, 2020, Lange filed his Ruling on Creditor Debt Claim (the "Ruling") with the Israeli Court in which he "rejects" the Fidelity Claim "in full." A certified translation of the Ruling is annexed hereto as **Exhibit "C."**

23. In summary, Lange determined that, despite Fidelity's assertions to the contrary, the only contract that ever legally existed between the parties (Immune Ltd. and Fidelity) was the 2011 Agreement. Furthermore, Lange found no evidence to support Fidelity's claim that it ever exercised the investment option provided for in the 2011 Agreement, either before or after

4

repayment of the subject loan. See Ex. C at pp. 5-6, 11-12. Further, Lange determined that there was not a later agreement between the parties. Id. at p. 10.

24. Finally, Lange determined that, to the extent an agreement between the parties existed, any amount allegedly due Fidelity was essentially liquidated damages, and not recoverable under applicable Israeli law. Id. at pp. 16-18.

25. In short, in denying the Fidelity Claim in full, the Ruling states as follows:

> An agreement was signed between the parties on 4 May 2011. All of the later conduct consisted of attempts, over years, to reach other accords and such conduct did not lead to an additional agreement between the parties. The agreement dated 4 May 2011 was not breached by the company. The [Fidelity Claim] filed on grounds of a later agreement is irrelevant as no later agreement was signed and thus the [Fidelity Claim] is due to be dismissed. [Fidelity's] conduct here does not grant it any right to compensation. . . . Even had I granted [Fidelity] the benefit of the doubt or ruled otherwise on the contractual level, then in light of the provisions of the bankruptcy laws - - the [Fidelity Claim] should not be approved as it essential relates to interest. Therefore, [Fidelity] has no grounds against [Immune Ltd.]. The [Fidelity Claim] is rejected **in full** and its related articles (i.e. expenses).

See Id. at p. 20.

## RELIEF REQUESTED AND BASIS THERETO

26. The Fidelity Claim filed in the Immune, Ltd. Israeli Proceeding is identical to the Fidelity Claim filed in the Immune, Inc. case before this Court. For the same reasons that Lange disallowed the Fidelity Claim in the Israeli Proceeding of Immune, Ltd., this Court should disallow the Fidelity Claim against Immune, Inc. First, Fidelity failed to exercise its rights under the 2011 Agreement. Second, there was no other agreement between the parties. Third, the Fidelity Claim is substantially post-petition interest not allowable under Israeli insolvency law. Similarly, 11 U.S.C. § 502(b)(2) disallows post-petition interest. Lastly, because the Fidelity Claim against Immune, Inc. duplicates the Fidelity Claim against Immune, Ltd. filed in the Israeli Proceeding,

5

there is the potential for double payment. Because this Court has already granted the Claims Protocol motion directing that creditors first look to the Israeli Proceeding to be paid, this Court should avoid allowing the Fidelity Claim before this Court to avoid impermissible double payment. In re Handy Andy Home Improvement Ctrs., Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998).

27. Fidelity may argue that Immune, Inc. became liable for obligations of Immune, Ltd. by virtue of a merger agreement, a copy of which is annexed hereto as **Exhibit "D."** First, this merger agreement, which was provided to the Trustee by Fidelity is unsigned, and may not be the version of the agreement that was ultimately consummated. Second, the merger agreement provides that Immune, Inc. shall issue certain of its shares to shareholders of Immune, Ltd. under certain conditions. Thus, if, as Lange determined, Fidelity did not receive and was not entitled to shares of Immune, Ltd., then Immune, Inc. had no obligation to issue shares to Fidelity. Because the Fidelity Claim, which was in this Court only filed against Immune, Inc., is for damages based on its alleged failure to receive shares of Immune, Inc., it should be disallowed against Immune, Inc. because Immune, Inc. has no obligation to issue Fidelity any shares.

28. Further, if Fidelity has a claim against Immune, Inc. for damages based on its failure to receive equity, such claim is based on a security and arises from a securities purchase agreement and should be subordinated under 11 U.S.C. § 510(b).

29. Finally, if Fidelity seeks to rely on the alleged issue preclusive effect of a post-petition default judgment that it obtained against Immune, Inc., that may have violated the automatic stay, such default judgment does not have any effect given that it has been vacated.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order expunging the Fidelity Claim.

                                                Respectfully submitted,

DATED: June 19, 2020                    **RABINOWITZ, LUBETKIN & TULLY, LLC**
                                                *Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

                                            By:    /s/ Jonathan I. Rabinowitz
                                                    JONATHAN I. RABINOWITZ