**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
John J. Harmon
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., et al.,<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br>(Jointly Administered) |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>Defendant. | Adv. Proc. No.: |

**COMPLAINT BY CHAPTER 7 TRUSTEE FOR DELCARATORY
JUDGMENT AND FOR OTHER RELATED RELIEF**

**JEFFREY A. LESTER,** Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. ("Immune"), Immune Pharmaceuticals, Ltd. ("Ltd."), Cytovia, Inc. ("Cytovia"), Immune Oncology Pharmaceuticals, Inc. ("Oncology"), Maxim Pharmaceuticals, Inc. ("Maxim"), and Immune Pharmaceuticals USA Corp. ("USA" and, collectively with the foregoing entities, the "Debtors"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, by way of Complaint against Discover Growth Fund, LLC ("Discover"), seeks pursuant to F.R.B.P. 7001(1) to determine the validity and extent of a lien asserted by Discover against certain Causes of Action (as that term is hereinafter defined).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 544(a)(1) and 551.

## PARTIES

3. The Trustee was appointed as Chapter 7 Trustee for the Debtors on April 3, 2020 and continues to serve as Trustee herein. [Docket No. 401].

4. Discover is a limited liability company organized under the laws of the U.S. Virgin Islands.

## GENERAL ALLEGATIONS AND BACKGROUND

5. On February 17, 2019 (the "Petition Date"), Immune filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). [Docket No. 1]

6. On February 22, 2019, Immune's subsidiary Ltd. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and on February 26, 2019, Cytovia, Oncology, Maxim and USA, who are also subsidiaries of Immune, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. On April 2, 2020, the Court entered an Order converting the Debtors' cases to Chapter 7. [Docket No. 400]

8. As stated above, the Trustee was appointed on April 3, 2020.

9. Prior to Immune's bankruptcy filing, on October 9, 2018, Immune and Discover

entered into a stock purchase agreement entitled "Securities Purchase Agreement" (the "SPA"). Recital A of the SPA, which describes its purpose, provides that Discover "will purchase for $5 million a Debenture of [Immune] which is convertible into Common Stock at $0.075 per share, as well as a Warrant exercisable at $0.10 per share …."

10. The SPA granted Discover a security interest in Immune's Collateral, which is a defined term in the SPA.

11. The Glossary of Defined Terms, which is annexed to the SPA as Exhibit "1", provides that the term "Collateral" means:

> all assets of the Company, including without limitation all personal property wherever located, both now owned and hereafter acquired, including, but not limited to, all equipment, fixtures, inventory, goods, documents, general intangibles, accounts, deposit accounts (unless a security interest would render a nontaxable account taxable), receivables, contract rights (including, but not limited to, all of Company's rights in franchise agreements, license agreements and market development agreements), chattel paper, patents, trademarks and copyrights (and the good will associated with and registrations and licensing of them), instruments, letter of credit rights and investment property, capital stock, partnership, membership and equity interests, of any kind or nature, and all additions and accessions to, all spare and repair parts, special tools, equipment and replacements for, software used in, all returned or repossessed goods the sale of which gave rise to, and all accessions, additions, amendments, modifications, replacements, and substitutions to, of or for the foregoing, and all proceeds, supporting obligations and products of the foregoing, except as set forth in the Disclosure Schedules. All terms which are used in this definition which are defined in the UCC shall have the same meanings herein as such terms are defined in the UCC, unless this Agreement shall otherwise specifically provide. Notwithstanding the foregoing, the Ceplene assets (as such term is defined in the Disclosure Schedules) shall not be deemed to constitute "Collateral" unless the Company has not closed a transaction involving the sale, license, divestment or partnering of the Ceplene assets (a "Ceplene Transaction") on or before March 31, 2019 (the "Ceplene Transaction Deadline"). For the avoidance of doubt, in the event that a Ceplene Transaction is not closed by the Ceplene Transaction Deadline, the Ceplene assets shall become and be deemed to be "Collateral" hereunder.

12. Discover attempted to perfect its interest in the Collateral by filing a UCC-1 Financing Statement ("Financing Statement") with the Department of State of the State of Delaware, where the Debtor is incorporated.

13. The Financing Statement described the collateral covered by Discover's security interest as "all assets of the Debtor."

14. The Debtors' estates contain certain causes of action against the Debtors' former directors and officers which the Trustee is contemplating asserting which may have substantial value (the "Causes of Action").

## COUNT I

15. The Trustee repeats and realleges each and every allegation set forth above as if set forth at length herein.

16. Section 9-203 of the UCC provides that a security interest attaches, inter alia, when there is a security agreement that describes the collateral.

17. The Causes of Action are commercial tort claims as defined under UCC § 9-102(a)(13).

18. Section 9-108(e) of the UCC provides that a description of a commercial tort claim by type is insufficient and requires specificity.

19. The definition of the Collateral in the SPA does not satisfy the specificity requirements of Section 9-108(e) with regard to commercial tort claims.

## COUNT II

20. The Trustee repeats and realleges each and every allegation set forth above as if set forth herein at length.

21. The Causes of Action are commercial tort claims as defined under UCC § 9-

102(a)(13).

22. UCC § 9-204(b)(2) provides that a security interest does not attach to commercial tort claims under an after-acquired property clause.

23. Discover never held a security interest that attached to the Causes of Action.

## **COUNT III**

24. The Trustee repeats and realleges each and every allegation set forth above as if set forth herein at length.

25. UCC § 9-308(a) provides that a security interest is perfected when all the steps of attachment under § 9-203 have been taken and an additional step for perfection has been taken.

26. Discover failed to perfect its security interest in the Causes of Action because they are commercial tort claims and the description of commercial tort claims contained in the SPA fails to satisfy the requirements of Section 9-103(e) failing to result in attachment which is a requirement of perfection.

27. Thus, Discover has failed to perfect a security interest in the Causes of Action.

## **COUNT IV**

28. The Trustee repeats and realleges each and every allegation set forth above as if set forth herein at length.

29. UCC § 9-317(a)(2) provides that a subsequent in time judicial lien creditor has priority over a prior in time unperfected security interest.

30. Under 11 U.S.C. § 544(a)(1) a trustee has the avoidance power of a hypothetical judicial lien creditor as of the petition date.

31. Thus, the Trustee has power to avoid Discover's alleged security interest in the

Causes of Action.

## COUNT V

32. The Trustee repeats and realleges each and every allegation set forth above as if set forth herein at length.

33. Pursuant to 11 U.S.C. § 551, Discover's avoided security interest in the Causes of Action is preserved for the benefit of the Debtors' estates.

**WHEREFORE**, the Trustee demands judgment in his favor and against Discover as follows:

(a) On Count I, determining that Discover has not adequately described the Causes of Action in its security agreement;

(b) On Count II, determining that Discover never held a security interest that attached to the Causes of Action;

(c) On Count III, determining that Discover has failed to perfect its security interest in the Causes of Action;

(d) On Count IV, avoiding Discover's perfected security interest in the Causes of Action under 11 UCC § 544(a)(1);

(e) On Count V, preserving the avoided security interest in the Causes of Action for the estates pursuant to 11 U.S.C. § 551; and

(f) Granting such other relief as is just.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel to Chapter 7 Trustee*

By: /s/ Jonathan I. Rabinowitz
JONATHAN I. RABINOWITZ

Dated: June 22, 2020