# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

ATTORNEYS AT LAW

| | | |
|---|---|---|
| JONATHAN I. RABINOWITZ* | 293 EISENHOWER PARKWAY • SUITE 100 | * MEMBER NJ & NY BARS |
| JAY L. LUBETKIN ∆ | LIVINGSTON, NEW JERSEY 07039 | ∆ MEMBER NJ & GA BARS |
| MARY ELLEN TULLY, RETIRED | TELEPHONE: (973) 597-9100 | + MEMBER NJ BAR |
| BARRY J. ROY*☐ | FACSIMILE: (973) 597-9119 | ☐ MEMBER MA BAR |
| JEFFREY A. COOPER* | WWW.RLTLAWFIRM.COM | |
| HENRY M. KARWOWSKI* | | |
| LAURA E. QUINN* | | |
| JOHN J. HARMON* | | |
| LARRY K. LESNIK+ | | |

July 6, 2020

**Via ECF Filing**

Honorable Vincent F. Papalia
United States Bankruptcy Court
P.O. Box 1352
Newark, New Jersey 07101-1352

        Re:    **Immune Pharmaceuticals Inc., et al.**
                **Case No. 19-13272 (VFP)**

                **TDR Services LLC Compensation Claim**
                **Hearing Date: July 14, 2020, at 2:00 p.m.**

Dear Judge Papalia:

     As Your Honor is aware, this office represents Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. and certain subsidiaries (collectively, the "Debtor"). Please accept this letter in place of a more formal submission in opposition to the "compensation claim" filed by Mr. Rama Rao on behalf of his company, TDR Services LLC ("TDR"). As will be discussed more thoroughly below, the Trustee opposes TDR's request for compensation because it was never retained by the Debtor or the Trustee pursuant to 11 U.S.C. § 327 and, as such, is not entitled to compensation pursuant to 11 U.S.C. §§ 330 and 331. Moreover, by TDR's admission, it did not provide any services to the Debtor during the pendency of its bankruptcy. A hearing on TDR's claim for compensation is currently scheduled for July 14, 2020.

     According to TDR, it was retained by debtor Cytovia, Inc. ("Cytovia") pursuant to a written contract, on or about September 1, 2017, to provide interim CFO/COO services. See May 22, 2020 Compensation Claim filed by TDR [Dkt. No. 509] at ¶ 6. The terms of the contract required Cytovia to pay TDR $28,000 per month for services rendered. Id. at ¶ 8. TDR provided services to Cytovia from September 1, 2017 to February 2018. Id. at ¶ 7. During this period Cytovia apparently stopped paying TDR for its services and an unpaid balance of $152,309.01,

Honorable Vincent F. Papalia
July 6, 2020
Page 2

plus interest, accumulated. Id. at 8. TDR subsequently filed suit against Cytovia and Immune Pharmaceuticals, Inc. ("Immune") for the unpaid balance in New Jersey Superior Court, Somerset County, on January 31, 2019. Id. at ¶ 5. The case was dismissed for lack of prosecution on August 16, 2019. TDR filed a general unsecured claim in the amount of $152,309.01 in the Immune case on March 8, 2019.

Given the above, it is clear that TDR is entitled to no more than a general unsecured claim in the Debtor's case[1]. The Debtor filed its case on February 17, 2019, and TDR had, by its omission, ceased providing services in or about February 2018. As such, TDR never entered into a transaction with a debtor-in-possession nor did it provide services that benefitted a debtor-in-possession. See In re Jartron, 732 F.2d 584 (7th Cir. 1984). Further, to the extent TDR is a professional under 11 U.S.C. §330, it was never retained as a professional by the Debtor or the Trustee pursuant to 11 U.S.C. § 327 and, as such, is not entitled to compensation on an administrative claim basis pursuant to 11 U.S.C. §§ 330 and 331. Finally, by filing a general unsecured claim in the Debtor's case TDR has admitted that its claim does not warrant priority status.

For the foregoing reasons, the Trustee respectfully requests that the Bankruptcy Court deny TDR's "compensation claim."

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, LLC

Barry J. Roy

BJR:jc

cc:   Jeffrey A. Lester, Chapter 7 Trustee
      Jonathan I. Rabinowitz, Esq.
      Mr. Rama Krishna Rao (via regular mail 5 Muirfield Lane, Bridgewater, New Jersey 08807)

---

[1] The Trustee reserves the right, to the extent warranted, to object to the amount and priority of TDR's proof of claim.