**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., *et al.*,<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br><br>(Jointly Administered)<br><br>**Hearing Date:  July 14, 2020 at 2:00 p.m.** |

**OMNIBUS LIMITED OBJECTION AND RESPONSE**
**OF CHAPTER 7 TRUSTEE TO APPLICATIONS FOR PROFESSIONAL**
**COMPENSATION AND REIMBURSEMENT OF OUT-OF-POCKET EXPENSES**

Jeffrey A. Lester, Chapter 7 Trustee of Immune Pharmaceuticals, Inc., Immune Pharmaceuticals, Ltd, Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc., Maxim Pharmaceuticals, Inc., and Immune Pharmaceuticals USA Corp. (collectively, the "Debtors"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, submits this, his Omnibus Limited Objection (the "Objection"), in response to the interim and final applications for fees and expenses (collectively, the "Applications"), of the following retained professionals: Norris McLaughlin, P.A., counsel for the Debtors; Porzio Bromberg & Newman, P.C., counsel to the Official Committee of Unsecured Creditors (the "Committee"); Lowenstein Sandler LLP, special counsel to the Debtors; Tadmor Levy & Co., special Israeli counsel to the Debtors; Teneo Capital, LLC, financial advisors and investment bankers for the Committee; Gornitzky & Co. ("Gornitzky"), special Israeli counsel to the Committee; and Armory Securities, LLC ("Armory"), investment bankers for the Debtors (collectively, the "Applicants"), which

Applicants seek awards of final fees and reimbursement of out-of-pocket expenses as set forth below:

| Applicant | Role | Fees | Expenses | Hours | Timekeepers |
|---|---|---|---|---|---|
| Norris McLaughlin, P.A. | Counsel to the Debtors | $796,466.50 | $43,131.28 | 1,883.8 | 16 |
| Lowenstein Sandler LLP | Special Counsel to the Debtors | $137,271.50 | $6,043.42 | 158 | 8 |
| Porzio Bromberg & Newman, P.C. | Counsel to the Committee | $987,263.75 | $6,876.84 | 1,773.5 | 13 |
| Gornitzky & Co. | Special Israeli Counsel to the Committee | $151,829.56[1] | $3,158 | 468.3 | 11 |
| Tadmor & Levy Co. | Special Israeli Counsel to the Debtors | $236,430.68 | $1,322.61 | 601.25 | 3 |
| Teneo Capital LLC | Financial Advisors and Investment Bankers for the Committee | $97,962.50 | $272.25 | 140.5 | 5 |
| Armory Securities, LLC | Investment Bankers for the Debtors | $418,571.43[2] | $1,761.37 | 368.75 | 2 |

---

[1] The Gornitzky fee application requests $3,675 in fees incurred prior to the firm's authorized retention.

[2] Armory's fee comprises monthly fees totaling $168,571.43, a transaction fee of $250,000, and out-of-pocket expenses of $1,761.37.

2

**INTRODUCTORY STATEMENT**

According to the Applications, the Applicants seek payment of $2,825.795.92 in professional fees and $62,565.77 in out-of-pocket expenses, for a total of $2,888,361.69

Based on the Objection, the Court should consider: (1) denying the Applications and/or reducing the awards sought therein after its own analysis; (2) appointing a fee examiner to conduct a thorough review of the Applications; or (3) adjourning the currently scheduled hearing on the Applications *sine die* to allow the Trustee a reasonable period to conduct a thorough review of the Applications.

The Trustee recognizes and acknowledges that the Applicants, to the extent that he is familiar with them, are experienced respected practitioners in sophisticated bankruptcy matters. The Trustee also recognizes that the legal and factual issues at play in the Chapter 11 cases were sophisticated and numerous. Moreover, the Trustee recognizes that issues, both legal and factual, raised by certain creditors, made the Chapter 11 cases highly contentious. The Objection is brought by the Trustee, in large part, to advise the Court of the controlling legal standards that he believes should apply to the Applications[3].

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

1. On February 17, 2019, Immune Pharmaceuticals, Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), commencing its chapter 11 case.

2. On February 22, 2019, Immune Pharmaceuticals, Ltd., an Israeli company, filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing its chapter 11 case.

---

[3] The Trustee reserves the right to adopt to the arguments raised to the Applications by Discover Growth Fund, LLC ("Discover").

3. On February 26, 2019, Cytovia, Inc., Maxim Pharmaceuticals, Inc., Immune Pharmaceuticals USA Corp, and Immune Oncology Pharmaceuticals, Inc., each filed voluntary petitions under chapter 11 of the Bankruptcy Code, commencing their chapter 11 cases.

4. On March 14, 2019, the Office of the United States Trustee appointed the Committee.

5. On June 12, 2019, Discover filed a proof of claim number 37-1 (together with the amendments described hereinafter, the "Claim") against the Debtors, and on July 16, 2019, and September 27, 2019, Discover filed amended proofs of claim number 37-2 and 37-3[4], respectively, against the Debtors. Each of these proofs of claim assert damages of $14,848,569.00.

6. Through the Claim, Discover asserts a blanket lien on all the Debtor's assets. To date, the validity, priority, and extent of Discover's alleged lien has yet to be determined.

7. On April 2, 2020, the Court entered an Order converting the Debtors' cases to Chapter 7.

8. On April 3, 2020, the Trustee was appointed as Chapter 7 Trustee for the Debtors and continues to serve as Trustee herein.

9. During the period March 18, 2020, to June 23, 2020, the Applicants filed the Applications.

10. The Applications support an alleged total of 2,485.05 hours in professional time and comprise time records prepared by 58 timekeepers and include hundreds, if not thousands, of individual time entries.

11. A hearing on the Applications is currently scheduled for July 14, 2020.

---

[4] The Trustee expressly preserves the right to object to the Claim.

# LEGAL ARGUMENT

**A.  The Court Should Conduct an Independent Review of the Applications and, if Appropriate, deny the Applications or reduce the Amounts Authorized**

12. Even where no interested party files an objection to a fee application, Courts have their own independent duty to review fee applications to protect a given estate "lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." In re Busy Beaver Bldg. Ctrs., 19 F.3d 833, 844 (3d Cir. 1994); In re Bechtold, 2007 WL 1451512, at * 8 (Bankr. E.D. Pa. May 15, 2007) ("Sections 105 and 330 of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016 provide broad support for both my power and my duty to review counsels' fee applications *sua sponte* without regard to whether an objection has been advanced by some other party.") The Third Circuit has emphasized that the award of professional's requested fees pursuant to 11 U.S.C. § 330 is not mandatory, and that the most import aspect of the analysis is whether the services rendered were necessary and actually benefited the estate. See In re Engel, 124 F.3d 567, 572-73 (3d Cir. 1997).

13. Bankruptcy Code § 330(a)(1) provides that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award . . .
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, . . . or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

14. In determining reasonable compensation, Courts are to consider:

> a. the time spent on such services;

  b. the rates charged for such services;

  c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

  d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

  e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  f. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

 15. Courts in this Third Circuit should typically look to the time spent and the hourly rate, "taking into account the attorney's legal reputation and status" when analyzing fee applications. In re Bella Fiore LLC, 2016 WL 4480717, at *12 (Bankr. D.N.J. Aug. 23, 2016) (citing Lindy Bros. Builders Inc. v. Am. Radiator & Standard Sanitary Corp., 540 F2d 102 (3d Cir. 1976)). The quality of the work performed and the contingent nature of success are also important. Bella Fiore, supra, at *12 (citing Lindy Bros., supra, 540 F.2d at 167-68 and Busy Beaver, supra, 19 F.3d at 844).

 16. Bankruptcy Courts should also consider several other factors including: "time spent; intricacies of the legal questions involved; size of the debtor's estate; opposition encountered; and results obtained." Bella Fiore, supra, at *12, (citing In re Paramount Merrick Inc., 252 F.2d 482, 485 (2d Cir. 1958); In re Hardwick & Magee Co., 355 F. Supp. 58, 64 (E.D. Pa. 1973).

 17. In addition to considering whether the time spent is reasonable and necessary,

6

"'the reasonable hourly rate has a cap based on the expected and actual complexity of the case, a cap which, while flexible, should stave off clear abuses [by fee applicants].'" Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 259 (3d Cir. 1995) (quoting Busy Beaver, supra, 19 F3d at 856 n.35). Courts must make sure that fee applicants in the bankruptcy context should exercise "the same billing judgment as do non-bankruptcy professionals.'" Zolfo Cooper, 50 F.3d at 253 (quoting Busy Beaver, supra, 19 F.3d at 856).

18. In evaluating fee applications, courts must calculate what is referred to as the "lodestar" amount, which is reached by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably spent." Tangible Value, LLC v. Town Sports Int'l Holdings, Inc., 2014 U.S. Dist. LEXIS 162065, at *10 (D.N.J. Nov. 17, 2014) (citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 (3d Cir. 2005)). A party "seeking fees has the burden to come forward with evidence establishing the number of hours worked." Id. at *12 (citing Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997)). While the loadstar amount is typically presumed to be reasonable, parties may seek adjustment of the loadstar amount as necessary. Id. (citing Mosaid Techs., Inc. v. Samsung Elecs. Corp., 224 F.R.D. 595, 597 (D.N.J. 2004)). District Courts ultimately

> Retain[] a great deal of discretion in deciding what a reasonable fee award is . . . in determining whether the fee request is excessive . . . [T]he court will inevitably engage in a fair amount of 'judgment calling' based upon its own experience with the case and the general experience as to how much a case requires.

Id. (citing Bell v. United Princeton Properties, 884 F.2d 713, 721 (3d Cir. 1989) and Evans v. Port Auth. of NY & NJ, 273 F.3d 346, 362 (3d Cir. 2001)).

19. Based on the above, even if the Objection had not been filed by the Trustee, the Bankruptcy Court would still have an independent duty to review the Applications to ensure that

any fees awarded to the Applicants are, in accordance with 11 U.S.C. § 330, both reasonable and necessary.

> **B. To the Extent a More Detailed Analysis Would Assist the Court's Independent Review, the Court Should Consider the Appointment of a Fee Examiner**

20. As stated above, a Bankruptcy Court has an independent statutory obligation under § 330 to review applications for compensation and ensure that any compensation authorized by the court is reasonable and necessary. In re Busy Beaver Bldg. Ctrs., 19 F.3d at 844.

21. In recognition of the "onerous burden" that this duty imposes on courts in large cases with numerous applications for compensation, a court may appoint a fee examiner to assist the court in its review of fee applications pursuant to its inherent equitable powers under § 105 and pursuant to its power to appoint experts under Federal Rule of Evidence 706. In re Molycorp, Inc., 562 B.R. 67, 81–82 (Bankr. D. Del. 2017) (citing In re Armstrong World Industries, Inc., 366 B.R. 278, 281 (D. Del. 2007); In re Busy Building Centers, 19 F.3d 833, 843 (3d Cir. 1994)); see also In re Collins & Aikman Corp., 368 B.R. 623, 627 (Bankr. E.D. Mich. 2007); In re Adelphia Commc'ns Corp., 348 B.R. 99, 102 (Bankr. S.D.N.Y. 2006).

22. Here, as mentioned, the Applications, filed by seven (7) firms, support a total of 2,485.05 hours in professional time and comprise time records prepared by 58 timekeepers and include hundreds, if not thousands, of individual time entries.

23. Given the sheer amount of information supplied by the Applicants in support of their Applications, and being mindful of the burden of the Bankruptcy Court's calendar, a fee examiner with access to proprietary software by which a global comparison of tasks and time entries can be made, would enable a complete evaluation of the Applications.

24. Moreover, given an independent examiner's experience in these kinds of matters,

the administrative expenses associated with such an appointment would likely be less than those incurred by the Trustee were he to undertake the same review.

25. Accordingly, to the extent deemed necessary by the Bankruptcy Court, it should appoint an independent fee examiner to assist in reviewing the Applications to ensure that any fees awarded to the Applicants are, in accordance with 11 U.S.C. § 330, both reasonable and necessary.

    C. **The Bankruptcy Court Should Adjourn the Scheduled Hearing *Sine Die* To Allow the Trustee Reasonable Time to Conduct a Thorough Review of the Applications**

26. As stated, the Applications comprise time records prepared by 58 timekeepers and include hundreds, if not thousands, of individual time entries.

27. To date, the Trustee, given the quantity and complexity of the issues arising since his appointment, has simply been unable to focus of the Applications to the extent necessary to fulfill his fiduciary obligation to the bankruptcy estates.

28. As such, the Bankruptcy Court should adjourn the hearing currently scheduled for July 14, 2020 *sine die* to give the Trustee an opportunity to ensure that any fees awarded to the Applicants are, in accordance with 11 U.S.C. § 330, both reasonable and necessary.

29. Adjourning the hearing would not prejudice the Applicants because, given Discovery's blanket lien, there are currently no monies available for distribution to Chapter 11 administrative claims. In fact, given the current procedural posture of the Trustee's litigation with Discovery, it may be many months before a Court finally determines the extent of Discover's lien.

30. Further, to require the Trustee or the Bankruptcy Court to conduct a review of the Applications at this juncture in administration of the Chapter 7 cases would simply be an imprudent utilization of resources.

31. Based on the above, the Bankruptcy Court should adjourn the July 14, 2020 hearing on the Applications.

### CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court enter an Order: (1) denying the Applications and/or reducing the awards sought therein after its own analysis; (2) appointing a fee examiner to conduct a thorough review of the Applications; or (3) adjourning the currently scheduled hearing on the Applications *sine die* to allow the Trustee a reasonable period of time to conduct a thorough review of the Applications.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel to Jeffrey A. Lester, Chapter 7 Trustee*

By: /s/ Jonathan I. Rabinowitz
 JONATHAN I. RABINOWITZ