| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**RABINOWITZ, LUBETKIN & TULLY, LLC**<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ  07039<br>(973) 597-9100<br>Jonathan I. Rabinowitz<br>*Counsel for Jeffrey A. Lester, Chapter 7 Trustee* | Order Filed on July 10, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., et al.,<br><br>　　　　　　　　　　　　　　Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br><br>Jointly Administered |

### ORDER SUSTAINING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE CLAIMS OF FIDELITY VENTURE CAPITAL, LTD.

The relief set forth on the following pages numbered two (2) and three (3) are hereby **ORDERED.**

**DATED: July 10, 2020**

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　**Honorable Vincent F. Papalia
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge**

| | |
|---|---|
| Debtor: | Immune Pharmaceuticals Inc., et al. |
| Case No. | 19-13273 (VFP) |
| Caption of Order: | Order Sustaining The Official committee Of Unsecured Creditors'; Objection To The Claims Of Fidelity Venture Capital Ltd. |

**THIS MATTER** having been brought before the Court by the Official Committee of Unsecured Creditors (the "Committee") of Immune Pharmaceuticals, Inc., Immune Pharmaceuticals, Ltd., Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc., Maxim Pharmaceuticals, Inc., and Immune Pharmaceuticals USA Corp. (the "Debtors"), by a motion for entry of an order pursuant to sections 105(a), 502 and 507 of Bankruptcy Code, Rule 3007 of the Bankruptcy Rules and Local Rule 3007-1, disallowing and expunging the claims of Fidelity Venture Capital Ltd. ("Fidelity"), including Claim No. 48 (the "Objection"); the Debtors' Chapter 11 cases having been converted to cases under Chapter 7 on April 2, 2020; thereafter, Jeffrey Lester having been appointed Chapter 7 Trustee (the "Trustee") of the Debtors' Chapter 7 estates; the Trustee having succeeded to the rights and claims of the Chapter 11 Debtors by operation of law and thus having taken over the Objection from the Committee which dissolved by virtue of the conversion; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b)' and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein including, without limitation, Fidelity's responses and its withdrawal of its claim and the Court having determined that the claims withdrawal is valid and effective; and after due deliberation and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT**:

| | |
|---|---|
| Debtor: | Immune Pharmaceuticals Inc., et al. |
| Case No. | 19-13273 (VFP) |
| Caption of Order: | Order Sustaining The Official committee Of Unsecured Creditors'; Objection To The Claims Of Fidelity Venture Capital Ltd. |

---

1. The claims of Fidelity Venture Capital Ltd. against Immune Pharmaceuticals, Inc. and Immune Pharmaceuticals, Ltd. including any scheduled claims and filed proofs of claim, including but not limited to Claim No. 48, are hereby withdrawn in their entirety with prejudice.

2. The rights of the Trustee to further object to any of the claims that are the subject of the Objection on any grounds, including, without limitation, to object to any amended or newly filed claims are hereby reserved. For the avoidance of doubt, nothing in the Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Debtors, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection, and/or (c) constitute a waiver of the Trustee's rights to dispute any claim on any grounds.

3. The Trustee and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

4. Notwithstanding any applicability or any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

F:\Client_Files\A-M\Immune Pharmaceuticals\Object to Claims of Fidelity - Order.doc