| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**RABINOWITZ, LUBETKIN & TULLY, LLC**<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ 07039<br>(973) 597-9100<br>Barry J. Roy<br>*Counsel to Chapter 7 Trustee, Jeffrey A. Lester* | |
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC.,<br><br>                                        Debtor. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br>(Jointly Administered)<br><br>Hearing Date: September 15, 2020 at 2:00 p.m.<br><br>Judge: Papalia |

## ADJOURNMENT REQUEST

1. I, Barry J. Roy,

    ☒ am the attorney for: Jeffrey A. Lester, Chapter 7 Trustee,

    ☐ am self represented,

    and request an adjournment of the following hearings for the reason set forth below.

    Matter: The interim and final applications for fees and expenses of the following retained professionals: Norris McLaughlin, P.A., counsel for the Debtors; Porzio Bromberg & Newman, P.C., counsel to the Official Committee of Unsecured Creditors; Lowenstein Sandler LLP, special counsel to the Debtors; Tadmor Levy & Co., special Israeli counsel to the Debtors; Teneo Capital, LLC, financial advisors and investment bankers for the Committee; Gornitzky & Co., special Israeli counsel to the Committee; and Armory Securities, LLC, investment bankers for the Debtors.

    Current hearing date and time: September 15, 2020 at 2:00 p.m.

    New date requested: December 17, 2020 at 2:00 p.m.

    Reason for adjournment request: To allow the Trustee additional time to review the seven (7) pending fee applications. To date, the Trustee, given the quantity and complexity of

the issues arising since his appointment including several time sensitive litigated contested matters which include, inter alia, two appeals, has had insufficient time to focus on the Applications to the extent necessary to fulfill his fiduciary obligation to the bankruptcy estates. Adjourning the hearings will not prejudice the Applicants because, given Discover's alleged blanket lien, there are currently no monies available for distribution to Chapter 11 administrative claims. Further, to require the Trustee to conduct a review of the Applications and prosecute potential objections at this juncture in administration of the Chapter 7 cases would simply be an inefficient utilization of resources. Lastly, requiring the Trustee to review the Applications at this time would only serve to take distract him from attempting to create an estate for the benefit of all creditors, including the Applicants.

2. Consent to adjournment:

☐ I have the consent of all parties.   ☒ I do not have the consent of all parties (explain below):

The Trustee is endeavoring to obtain the consent of all Applicants. However, due to the fact that the hearing is currently scheduled for September 15, 2020, the Trustee believes it prudent to request the adjournment at this time.

I certify under penalty of perjury that the foregoing is true.

Date:  9/3/2020                                        /s/ Barry J. Roy
                                                       Signature

**COURT USE ONLY:**

The request for adjournment is:

☒ Granted        New hearing date:  12/10/2020 @ 2:00PM        ☐ Peremptory

☐ Granted over objection(s)   New hearing date: _____        ☐ Peremptory

☐ Denied

**IMPORTANT: If your request is granted, you must notify interested parties who are not electronic filers of the new hearing date.**