**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., et al.[1],<br><br>　　　　　　　　　　Debtors. | Case No. 19-13273 (VFP)<br><br>Hon. Vincent F. Papalia<br><br>Chapter 7<br>(Jointly Administered) |

### APPLICATION IN SUPPORT OF TRUSTEE'S MOTION TO SELL CERTAIN OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365(f)

The application Jeffrey A. Lester, Esq., Chapter 7 Trustee (the "Trustee") of the estates of the above-captioned Debtors, alleges as follows:

1. This application is in support of the Trustee's motion to sell certain of the Debtors' remaining assets free and clear of liens, claims and interests and to assign certain executory contracts pursuant to 11 U.S.C. § 363(b) and (f) and 11 U.S.C. § 365(f) and Bankruptcy Rules 6004 and 6006. Excluded from the sale are (i) all causes of action of the Debtors' estates including, without limitation, avoidance causes of action and other litigated claims, (ii) recoveries from the

---

[1] The debtors in these chapter 7 cases are as follows: Immune Pharmaceuticals, Inc. ("Immune"); Immune Pharmaceuticals, Ltd. ("Ltd."); Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc.; and Immune Pharmaceuticals USA Corp. (collectively, the "Debtors").

Israeli liquidation of Ltd and (iii) any other of the Debtors' assets not listed on the Exhibit "A" attached to the APA (as hereinafter defined). Such sale is subject to higher or better offers.

## BACKGROUND

2.  On October 9, 2018, Discover Growth Fund, LLC ("Discover"), a Cayman Islands limited liability company that invests in "publicly traded emerging growth companies," and one of the Debtors, Immune, a biopharmaceutical company, entered into a Securities Purchase Agreement pursuant to which Discover agreed to purchase "a Debenture of [Immune] which is convertible to Common Stock" in exchange for $2 million in cash and a $3 million promissory note. The Debenture was secured by certain, but not all the Debtors' assets. Excluded from Discover's lien are assets related to a pharmaceutical called Ceplene and commercial tort claims. The Trustee anticipates that Discover will assert a lien against some or all of the proceeds of this sale. On February 8, 2019, Discover issued a "Notice of Default and Notice of Sale of Collateral" to Immune.

3.  On February 17, 2019, in order to stay the Notice of Default and Sale, Immune filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each of the remaining Debtors, which are subsidiaries of Immune, filed its own petition soon thereafter (the "Petition Dates"). Ltd. filed a parallel voluntary liquidation proceeding in Israel. Presently, Eitan Erez is the Israeli Liquidator (the "Liquidator").

4.  The Debtors were a clinical stage biopharmaceutical company specializing in the development of novel targeted therapeutic agents in the fields of inflammation, dermatology and oncology. The Debtors did not have any self-developed or licensed products that were approved for sale by the United States Food and Drug Administration (the "FDA").

5. From the Petition Dates through April 1, 2020, the Debtors were in possession of their assets and the management of their business as debtors-in-possession (the "DIP Period"). During the DIP Period, no trustee had been appointed. On March 14, 2019, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' bankruptcy cases.

6. During the DIP Period, the Debtors and the Committee attempted to market the Debtors' assets. As a result, they were successful in selling the Bert Assets for $6,000,000 which sale was approved by order of this Court entered on October 21, 2019. Pursuant to a memorandum of understanding between the Debtors, the Committee and the Liquidator, which memorandum of understanding was approved by this Court by order dated October 23, 2019, the proceeds of the sale of the Bert Assets was split equally between the bankruptcy estate of Immune and the Israeli liquidation proceeding of Ltd.

7. Despite the efforts of the Debtors and the Committee during the DIP Period, they were unable to sell any of the other assets of the Debtors.

8. On April 2, 2020, this Court entered an order converting the Debtors' bankruptcy cases to cases under Chapter 7.

9. On April 3, 2020, the United States Trustee appointed the Trustee as Chapter 7 Trustee for the Debtors' bankruptcy cases.

10. During the Chapter 7 period, the Trustee received an offer from TSP Therapeutics, Inc. (the "Buyer") to purchase the remaining assets of the Debtors (the "Offer").

11. On September 24, 2020, the Trustee and the Buyer entered into an Asset Purchase Agreement embodying the Offer, a copy of which, with exhibits, is annexed hereto as Exhibit "A" (the "APA").

12. On October 7, 2020, the Trustee and the Buyer executed a First Amendment to the APA (the "First Amendment") providing for a modified sale order, a copy of the First Amendment is attached to Exhibit "A".

13. The material terms of the APA are as follows: (a) the Trustee shall convey, without representation or warranty, to the Buyer all of the Debtors' right, title and interest in the product histamine dihydrochloride (trade name Ceplene®), formulations of verubulin (trade name Azixa), Amitriptyline and Ketamine emulsion (trade name Amiket), Lidocane Patch (trade name Lidopain) and Crolivulin, as more fully described on Exhibit "A" to the APA (all of the foregoing collectively the "Assets"); (b) the purchase price to be paid by the Buyer for the Assets is $150,000 payable $75,000 down (receipt of which is acknowledged) and the balance upon closing; (c) the sale is subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 363(b) and (f); (d) certain executory contracts shall be assumed and assigned pursuant to 11 U.S.C. § 365(f); and (e) the offer shall be subject to higher and better offers. Upon information and belief, the Assets, with the exception of causes of action and recoveries from the Israeli liquidation of Ltd., constitute substantially all of the remaining unsold assets of the Debtors.

14. Notwithstanding the marketing efforts of the Debtors and the Committee during the Chapter 11 period, they were unsuccessful in selling the Assets. The Trustee during the Chapter 7 period received several expressions of interest in the Assets. However, the Offer is the only one that came to fruition.

15. The Trustee by this application seeks approval of the sale of the Assets pursuant to the terms and conditions of the APA pursuant to 11 U.S.C. § 363(b) and (f) and 11 U.S.C. § 365(f) and Bankruptcy Rules 6004 and 6006.

## **LEGAL STANDARD FOR APPROVAL OF THE SALE**

16. The sale of a debtor's assets, other than in the ordinary course of business, is appropriate when supported by the sound business judgment of a trustee, when interested parties are provided with adequate and reasonable notice, when the sale price is fair and reasonable, and when the purchaser is acting in good faith. See 11 U.S.C. § 363(b); In re Delaware & Hudson Railway Co., 124 B.R. 169 (D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334 (Bankr. D. Del. 1997).

17. The "sound business purpose test" requires a trustee to establish four elements to sell property outside the ordinary course of business, namely: (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons; (c) that the trustee has obtained a fair and reasonable price; and (d) good faith. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Sovereign Estates, Ltd., 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989); In re Phoenix Steel Corp., 82 B.R. at 335-36. In addition, bankruptcy courts have made it clear that a trustee's showing of a business justification need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). The requirement of good faith as set forth in Abbotts Dairies requires full and complete disclosure of any relationship between the Buyer and the Debtors.

18. Here, the proposed sale transaction reflected in the APA satisfies this standard. First, the Trustee has exercised sound business judgment in accepting the Offer. The Assets have not been approved by the FDA and are not ready for market. In addition, the Debtors' business has ceased and the Trustee does not have the capacity to further develop the Assets. Further,

notwithstanding the marketing efforts of the Debtors and the Committee during the DIP Period, the Debtors were unable to sell the Assets.  Next, the Trustee was not able to convert other expressions of interest into higher or better offers.  Also, the estates do not have the financial resources to fund a further marketing effort.  Lastly, the value of the Assets is declining because of the need to file patent renewals and the absence of financial wherewithal to fund the cost of those renewals.  Second, notice of this sale is adequate and reasonable.  The Trustee proposes to give notice of the proposed sale to all creditors, prior officers and directors, anyone who has expressed an interest in the Assets, those that have filed notices of appearance and other parties in interest.  Given the financial constraints of the estates and the declining value of the Assets, the Trustee submits that the foregoing is adequate and reasonable notice.  Third, the Trustee submits that the purchase price for the Assets is fair and reasonable.  Prior marketing efforts have not resulted in a higher offer.  Further, if the notice given of the sale does not result in a higher or better offer, then the Offer is presumptively fair value.  See In re Triangle Transp., Inc., 419 B.R. 603, 621 n. 23 (Bankr. D.N.J. 2009) ("Courts are often faced with valuation issues which are not neatly supported by appraisals. Sometimes it is the sale process itself which supports the evaluation (by reflecting, at times, the *absence* of other interested purchasers); at other times evaluation is based upon a trustee's judgment; and, there are occasions when *everyone knows* that a 'good deal,' and even an aberrantly good deal, is on the table and should be taken without the need to 'look a gift horse in the mouth.'"); In re Halt Med., Inc., 2017 WL 5434575, at *3 (Bankr. D. Del. June 8, 2017) (finding fair value where purchaser was only bidder, and adequate notice of opportunity to bid was provided).

19. Fourth, the Trustee and the Buyer have acted in good faith in entering into the APA and seeking its approval by this Court.  The negotiations were at arms-length.  Each side was

6

represented by counsel or had an opportunity to consult with counsel. Lastly, the Buyer has given full disclosure of any relationship with the Debtors. (See Schedule 1 to the APA). For the foregoing reasons, approval of this sale is warranted because the Trustee has satisfied the above applicable legal standard.

### 11 U.S.C. § 363(f) AUTHORIZES THE SALE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

20. Articles 1 and 6 of the APA condition the sale upon the entry of an order authorizing the sale free and clear of liens, claims and interests as defined in the APA.

21. Pursuant to 11 U.S.C. § 363(f), a trustee may sell property under § 363(b) free and clear of any interests or liens in such property if one of the following criteria is met:

1. Applicable nonbankruptcy law permits the sale of such property free and clear of such interests;

2. Such entity consents;

3. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. Such interest is in bona fide dispute; or

5. Such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

See 11 U.S.C. § 363(f).

22. The language of § 363(f) is in the disjunctive, so a sale free and clear of liens, claims and interests can be approved if any one of the aforementioned conditions contained in § 363(f) is met. See 3 Collier on Bankruptcy, ¶ 363.06, p. 363-44 (15th ed. 1997). The only putative secured creditor in these cases is Discover. It is anticipated that Discover will consent to this sale, thus

satisfying Section 363(f)(2). Even if Discover does not expressly consent to the sale, it is not likely to object. If it does not object, it is deemed to have consented to the sale. See FutureSource v. Reuters Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002).

22. Also, as this Court is aware, there is a pending adversary proceeding seeking to subordinate Discover's lien. Thus, Discover's lien is subject to bona fide dispute satisfying 11 U.S.C. Section § 363(f)(4).

23. Lastly, Meda Pharma SARL ("Meda") in its proof of claim (No. 44-1) asserts a right of rescission. Meda has been given notice of this proposed sale free and clear of its alleged right of rescission. If it does not object, it will be deemed to have consented. Id.

24. For the foregoing reasons, at least one of the conditions set forth in Section 363(f) has been satisfied and thus, grounds exist to authorize the sale free and clear of liens, claims and interests.

## ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

25. Exhibit "A" to the APA describes the Assets in detail. Included in that description is certain intellectual property including patents and related agreements. It is unclear if these items are executory contracts as that term is defined under 11 U.S.C. § 365. Nonetheless, in an excess of caution, to the extent that they are executory contracts, the Trustee seeks to assume and assign them under § 365. The Trustee reserves the right to argue that any or all of those items are not executory contracts.

26. Section 365(f) authorizes the Trustee to assign executory contracts if he first assumes them. Section 365(b) provides that the Trustee can only assume executory contracts if he cures any defaults. Section 365(a) provides that assumption of executory contracts must be made upon Court approval.

27. The Trustee is not aware of any defaults that need to be cured. By notice of this motion, the Trustee has given counter-parties to these agreements an opportunity to object to assumption and assignment and/or to assert that there is a cure amount. They can do so by filing a written objection by the objection deadline fixed by this Court in the accompanying order shortening time (the "Objection Deadline"). If the Trustee objects to any cure amount asserted, this Court shall determine the cure amount at the hearing on approval of the sale.

## SALE NOTICE

28. Contemporaneously herewith, the Trustee is submitting an application and order shortening time seeking to have a hearing on approval of the sale prior to October 25, 2020. The reason for shortened time is that the Trustee has just been informed that there is an October 25, 2020 deadline to renew certain of the patents included in the Assets. The cost of renewal is approximately $86,000. See Exhibit "B" attached hereto. The Trustee does not have the wherewithal to fund the cost of renewal of these patents. The Buyer is prepared to take the responsibility for renewal of the patents only of the sale is approved prior to the October 25, 2020 deadline.

29. Despite the request to shorten time for notice of a sale hearing, the Trustee does not seek to limit the parties who will receive notice of the proposed sale. The Trustee proposes the he shall serve a complete copy of the Motion, the within Application and any Order granting the Application via regular mail or ECF on the following: (i) the Buyer, (ii) Buyer's counsel, (iii) counsel for Discovery Growth Fund, LLC, (iv) the Office of the United States Trustee, (v) the Top Twenty Creditors, (vi) parties who filed a notice of appearance in the within action, (vii) all counter-parties to any executory contracts, which the Trustee seeks to assign to the Buyer, (viii) the Israeli Liquidator, and (ix) the Debtors' former officers and directors.

30. The Trustee proposes providing: (1) all creditors identified on the Debtors' schedules and statements, as well as those filing proofs of claim in the Debtors' cases; and (2) all parties expressing an interest in the Debtors' remaining assets, with a Notice of Sale in the form annexed to the application for an order shortening time as Exhibit A via first class mail.

31. The Trustee submits that the proposed notice is sufficient as it will provide notice to all parties impacted by the Motion and who may have an interest in bidding on the Assets.

## SALE SUBJECT TO HIGHER AND BETTER OFFERS

32. All bankruptcy sales are subject to higher and better offers. See Joseph E. DeMarco, Inc. v. Campo, 163 B.R. 49, 51 (S.D.N.Y. 1994).

33. Thus, this sale is subject to higher and better offers.

34. Competing bidders must file a writing setting forth their competing bid by the Objection Deadline containing the following: (i) offer amount; and (ii) assets to be purchased. Any competitive bid will be subject to the same terms and conditions contained in the APA. A competitive bidder must telephonically appear at the hearing on approval of the sale. A competitive bidder must deliver a fifty (50%) percent down payment in good funds to the Trustee prior to the hearing. In order for any competitive bid to be higher or better it must be in an amount greater than $155,000. If there are competitive bids, procedures for the auction shall be announced at the hearing.

## WAIVER OF STAY

35. Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property be stayed for 14 days after the entry of such order unless the Court orders otherwise. Here, the Trustee respectfully requests that the proposed Order submitted herewith be effective immediately, so that the Buyer can promptly take possession of the Assets and renew the patents before the October 25, 2020 deadline.

## CONCLUSION

For the foregoing reasons, this Court should enter the order substantially in the form annexed to the First Amendment to the APA as Exhibit "A" authorizing pursuant to 11 U.S.C. § 363(b) and (f) and 11 U.S.C. § 365(f) and Bankruptcy Rules 6004 and 6006 the (i) sale of the Assets free and clear of liens, claims and interests and (ii) assumption and assignment of certain agreements and granting such other relief as is just.

DATED:  October 8, 2020                     **RABINOWITZ, LUBETKIN & TULLY, LLC**
                                             *Counsel for Jeffrey A. Lester, Chapter 7 Trustee*


                                             By:   /s/ Jonathan I. Rabinowitz
                                                   JONATHAN I. RABINOWITZ