# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

## ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*□
JEFFREY A. COOPER*
HENRY M. KARWOWSKI*
LAURA E. QUINN*
JOHN J. HARMON*
LARRY K. LESNIK+

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
+ MEMBER NJ BAR
□ MEMBER MA BAR

October 22, 2020

**Via ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Court
P.O. Box 1352
Newark, New Jersey 07101-1352

> Re: **Immune Pharmaceuticals Inc., et al.**
> **Case No. 19-13273 (VFP)**
>
> **Motion for Order Authorizing the Chapter 7 Trustee to Sell Certain of the Debtors' Remaining Assets Free and Clear of All Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b) and (f), and to Assume and Assign Certain Executory Contracts Pursuant to 11 U.S.C. § 365(f)**
>
> **Hearing Date: October 23, 2020 at 10:00 a.m.**

Dear Judge Papalia:

This office represents Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the above-captioned debtors (the "Debtors"). As Your Honor is aware, on October 8, 2020, the Trustee, on shortened time, filed a Motion for Order Authorizing the Chapter 7 Trustee to Sell Certain of the Debtors' Remaining Assets Free and Clear of All Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b) and (f), and to Assume and Assign Certain Executory Contracts Pursuant to 11 U.S.C. § 365(f) (the "Motion"). Through the Motion, the Trustee, pursuant to the terms of an asset purchase agreement (the "APA"), seeks to sell substantially all the remaining assets of

Honorable Vincent F. Papalia
October 22, 2020
Page 2

Immune Pharmaceuticals, Inc. ("Inc."), including, but not limited to, Inc.'s right, title and interest in the product histamine dihydrochloride (trade name Ceplene®), formulations of verubulin (trade name Azixa), Amitriptyline and Ketamine emulsion (trade name Amiket), Lidocane Patch (trade name Lidopain) and Crolivulin (collectively, the "Assets") to TSP Therapeutics, Inc. (the "Buyer") for $150,000. A hearing on the Motion is currently scheduled for October 23, 2020.

Please accept this letter in response to the credit bid, limited objection, and cross-motion filed yesterday by Discover Growth Fund, LLC ("Discover"). In short, the Trustee contends that: (1) Discover's limited objection should be overruled, (2) its request to credit bid on the Assets should be denied, and (3) its cross-motion should be denied.

**Limited Objection to Motion**

As a basis for its limited objection, Discover argues that the Trustee's sale of the Assets to the Buyer should be conditioned on (i) it being allowed to credit bid, (ii) the conduct of an auction, and (iii) the escrow of the sale proceeds. None of these grounds represent a valid objection to the sale. As such, Discover's limited objection should be denied.

As the Court is well aware, and as is set forth in the Motion, the sale of a debtor's assets, other than in the ordinary course of business, is appropriate when supported by the sound business judgment of a trustee, when interested parties are provided with adequate and reasonable notice, when the sale price is fair and reasonable, and when the purchaser is acting in good faith. See 11 U.S.C. § 363(b); In re Delaware & Hudson Railway Co., 124 B.R. 169 (D. Del. 1991). The "sound business purpose test" requires a trustee to establish four elements to sell property outside the ordinary course of business set forth in In re Abbotts Dairies of Pa., Inc.,

Honorable Vincent F. Papalia
October 22, 2020
Page 3

788 F.2d 143 (3d Cir. 1986), to wit: (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons; (c) that the trustee has obtained a fair and reasonable price; and (d) good faith. Id. at 143. Here, as Discover admits, the proposed sale transaction reflected in the APA satisfies the "sound business purpose" test because the Assets have not been approved by the FDA and are not ready for market. In addition, the Debtors' business has ceased and the Trustee does not have the capacity to further develop the Assets.

Further, notwithstanding the marketing efforts of the Debtors and the Committee during the DIP Period, the Debtors were unable to sell the Assets. Next, the Trustee was not able to convert other expressions of interest into higher or better offers. Also, the estates do not have the financial resources to fund a further marketing effort. The value of the Assets is declining because of the need to file patent renewals and the absence of financial wherewithal to fund the cost of those renewals. The notice of this sale is adequate and reasonable. Pursuant to order shortening time issued by the Bankruptcy Court, the Trustee gave notice of the proposed sale to all creditors, prior officers and directors, anyone who has expressed an interest in the Assets, those that have filed notices of appearance, the ten largest pharmaceutical companies in New Jersey and other parties in interest. Given the financial constraints of the estates and the declining value of the Assets, the Trustee submits that the foregoing is adequate and reasonable notice.

The Trustee submits that the purchase price for the Assets is fair and reasonable. Prior marketing efforts have not resulted in a higher offer. Further, if the notice given of the sale does not result in a higher or better offer, then the offer is presumptively fair value. See In re Triangle Transp., Inc., 419 B.R. 603, 621 n. 23 (Bankr. D.N.J. 2009) ("Courts are often faced with

Honorable Vincent F. Papalia
October 22, 2020
Page 4

valuation issues which are not neatly supported by appraisals. Sometimes it is the sale process itself which supports the evaluation (by reflecting, at times, the *absence* of other interested purchasers); at other times evaluation is based upon a trustee's judgment; and, there are occasions when *everyone knows* that a 'good deal,' and even an aberrantly good deal, is on the table and should be taken without the need to 'look a gift horse in the mouth.'"); In re Halt Med., Inc., 2017 WL 5434575, at *3 (Bankr. D. Del. June 8, 2017) (finding fair value where purchaser was only bidder, and adequate notice of opportunity to bid was provided).

The Trustee and the Buyer have acted in good faith in entering into the APA and seeking its approval by this Court. The negotiations were at arms-length. Each side was represented by counsel or had an opportunity to consult with counsel. Lastly, the Buyer has given full disclosure of any relationship with the Debtors.

The fact that Discover now seeks to submit a credit bid that arguably represents a modest improvement on the purchase price set forth in the APA does not mean that the Trustee failed to obtain a "fair and reasonable price" for the Assets. Any such finding remains the province of the Court after reviewing all evidence. Moreover, as Discover is well aware, all sales in Bankruptcy Court are subject to higher and better offers, even offers submitted at the sale hearing. Thus, an auction will be conducted. It is also important to note that Discover's current bid of $160,000 does not take into account that pursuant to Article 10(c) of the APA, in the event of a sale to a third-party, the Buyer would be entitled to apply to the Court for an expense reimbursement, which could exceed the $10,000 over bid by Discover, thus putting into question whether Discover's current bid represents a higher or better offer. Finally, Discover submits no authority to support its argument that its request that all sale proceeds be escrowed subject to its lien

Honorable Vincent F. Papalia
October 22, 2020
Page 5

provides a legal basis for the Motion to be denied. The Trustee does not dispute that any valid lien of Discover shall attach to the sale proceeds pending further order of the Court.

For the foregoing reasons, approval of the proposed sale is warranted, and Discover's limited objection should be sustained, because the Trustee has satisfied the above applicable legal standard.

**Request to Credit Bid**

Discover's request to submit a credit bid for Inc.'s assets should be denied because: (1) its claim is subject to a *bona fide* dispute; and (2) it will serve to chill bidding for the Assets.

Courts have routinely held that a dispute regarding the extent and validity of a secured creditor's lien supplies the requisite cause to deny said creditor the right to credit bid under § 363(k). See In re L.L. Murphrey Co., 2013 WL 2451368, at * 4-6 (Bankr. E.D.N.C. June 6, 2013); In re Daufuskie Island Properties, LLC, 441 B.R. 60, 64 (Bankr. D.S.C. 2010); In re McMullan, 196 B.R. 818, 835 (Bankr. W.D. Ark. 1996); aff'd 162 F.3d 1164 (8th Cir. 1998); In re Akard Street Fuels, L.P., 2001 WL 1568332, at * 3 (D. N.D. Tex. Dec. 4, 2001).

Section 363(k) provides as follows:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise, the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property. (emphasis added.)

11 U.S.C. § 363(k). The language of 363(k) allows a court, in its discretion to deny a creditor's right to credit bid "for cause." In re Olde Prairie Block Owner, LLC, 464 B.R. 337, 347 (Bankr. N.D.Ill. 2011). "Cause" sufficient to deny or condition a secured creditor's ability to credit bid

under § 363(k) is determined on a case-by-case basis. In re Merit Group, Inc., 464 B.R. 240, 252 (Bankr. D.S.C. 2011). Generally, "courts have found 'cause' to deny the opportunity to credit bid when a sufficient dispute exits regarding the validity of the lien forming the basis for the credit bid." Id. (citations omitted); Olde Prairie, 464 B.R. at 348 (stating that "[c]ourts have found cause under 363(k) to bar a secured creditor from credit bidding when the creditor's lien is in question or otherwise in dispute.") accord In re Daufuskie Island Props., 441 B.R. at 61 (holding that a secured creditor, whose lien and $34 million claim are disputed and subject to an adversary proceeding seeking avoidance and equitable subordination, was not entitled to credit bid its claim at the sale of the debtor's assets); In re McMullan, 196 B.R. at 835 (holding that "at any such sale, [the secured creditor] shall not be entitled to offset any of its claims, liens or security interests under 11 U.S.C. § 363(k) because the validity of its liens and security interests are unresolved.").

Here, as the Court is well aware, the Trustee and Discover are in the midst of litigating the validity of Discover's lien. Specifically, the Trustee, through Adv. Pro. No. 19-02033 (the "Adversary Proceeding"), seeks, among other things, to subordinate Discover's claim under 11 U.S.C. § 510(b). Based on the existence of the Adversary Proceeding, it is clear that Discover's lien is subject to dispute. As such, its request to credit bid should be denied.

The Trustee recognizes that in some instances courts faced with requests to credit bid from secured creditors whose liens are disputed have permitted the bid where the secured creditor agrees to pay the difference in cash if their secured claim is ultimately reduced to less than the purchase price. However, in those cases the secured creditors have posted irrevocable letters of credit or other form of security. See In re Octagon Roofing, 123 B.R. 583, 592 (Bankr.

N.D. Ill. 1991) (letter of credit); SEC v. Equitybuild, Inc., 2019 WL 1953117, at * 3 (N.D. Ill. May 2, 2019) (letter of credit); In re RML Dev., Inc., 528 B.R. 150, 155-157 (Bankr. W.D. Tenn. 2014) (permitting holder of allowed secured claim to credit bid but limiting right to offset uncontested amount of claim and requiring funds exceeding amount to be paid into escrow).

Here, Discover has offered nothing comparable to the security afforded by an irrevocable letter of credit. In fact, according to its papers, Discover only promises to "pay in cash the difference between its allowed claim and its successful credit bid . . . ." This lack of security provides an additional basis for the Court to deny Discover's request for authority to credit bid.

In addition, Discover's request to credit bid for the Assets should be denied because it will likely chill bidding. The Court in In re Fisker Automotive Holdings, Inc., 510 B.R. 55, 60 (Bankr. D. Del. 2014) recognized this limitation on the right to credit bid based on the fact that a credit bid would chill the bidding:

> [t]he evidence in this case is express and unrebutted that there will be no bidding – not just chilling of the bidding – if the Court does not limit the credit bid...Thus, the 'for cause' basis upon which the Court is limiting Hybrid's credit bid is that bidding will not only be chilled without the cap; bidding will be frozen

Id. Here, Discover's credit bid will chill the bidding because Discover claims to be owed on a secured claim $14,000,000. Therefore, although the Trustee does not acknowledge any secured claim held by Discover, it may be willing and argue that it is entitled to bid up to the face amount of its claim. This will chill the willingness of other interested parties in bidding.

Finally, Discover provides no authority for its contention that is should be relieved from certain requirements of the APA, such has having to comply with the requirement to fund a cash deposit.

Honorable Vincent F. Papalia
October 22, 2020
Page 8

Based on the above, the Court should deny Discover's request to credit bid for the Assets pursuant to 11 U.S.C. § 363(k).

**Discover's Cross-Motion**

Through its cross-motion, Discover seeks an order confirming that its lien attaches to the proceeds of the sale of the Assets and granting adequate protection. For the following reason, Discover's cross-motion should be denied.

First, Discover's cross-motion is untimely. Pursuant to D.N.J. LBR 9013(a)(2) a cross-motion must be filed and served not later than seven (7) days prior to the hearing date. This was obviously not done. Moreover, the order shortening time entered by the Court in connection with the Motion did not provide for the filing of cross-motions on shortened time. At a minimum, the cross-motion should be heard after the sale hearing affording the Trustee an adequate opportunity to respond,

Second, Discover's request that an order be entered confirming that, if the Court grants the Motion and permits the Trustee to sell the Assets to the stalking horse bidder, then Discover's lien automatically attaches to the proceeds. Given that Discover's lien is the subject of an adversary proceeding which disputes the validity of said lien, the grant of any such relief on a final basis is inappropriate at this time and must be denied. The Trustee does not dispute that any validly determined lien shall attach to the proceeds to the extent of such lien.

Third and finally, as alternative relief, Discover seeks additional adequate protection. To the extent Discover is determined to have a valid lien, such lien attaches to the proceeds of sale. Such lien is the same as it had prior to the sale. Thus, it is adequately protected.

Honorable Vincent F. Papalia
October 22, 2020
Page 9

**Conclusion**

Based on the above, the Court should: (1) over-rule Discover's limited objection to the Motion, (2) deny its request to credit bid, and (3) deny or adjourn the cross-motion.

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, LLC

Barry J. Roy

BJR:jc
Enclosure

cc:  (via-e-mail)
  Mo Bauer, Esq.
  John Mairo, Esq.
  United States Trustee
  Dale E. Barney, Esq.
  Dror Atzmon, Esq.
  Nir Kehat, Esq.
  Etan Erez, Esq.
  Jeffrey Lester, Chapter 7 Trustee
  Martin Weisberg, Esq.