UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973_597-9100
Jonathan I. Rabinowitz
Barry J. Roy
Counsel for Jeffrey A. Lester, Chapter 7 Trustee

**Order Filed on October 28, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

IMMUNE PHARMACEUTICALS INC., *et al.*,

Debtors.[1]

Chapter 7

Case No. 19-13273 (VFP)

Hon. Vincent F. Papalia

### ORDER AUTHORIZING: (I) THE SALE OF CERTAIN OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f), AND (II) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365(f)

The relief set forth on the following page, numbered two (2) through twenty-six (26), is

hereby **ORDERED.**

**DATED: October 28, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceuticals, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

Page 3 of 26
Debtor:       Immune Pharmaceuticals Inc., *et al*.
Case No.:     19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

---

This matter having been opened to the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") by Rabinowitz, Lubetkin & Tully, LLC, counsel for Jeffrey Lester, Chapter 7 Trustee (hereinafter, the "Trustee" or "Seller") for the estates of Immune Pharmaceuticals, Inc., *et al*. (the "Debtors"), debtors in the above captioned Chapter 7 cases (the "Chapter 7 Cases"), upon the Motion of the Trustee for the entry of an Order Authorizing the Sale of Certain of the Debtors' Remaining Assets Free and Clear of Liens, Claims and Interests pursuant to 11 U.S.C. § 363(b) and (f) and to Assume and Assign Certain Executory Contracts pursuant to 11 U.S.C. § 365(f)  ( (the "Sale Motion")[2]; and a hearing having been conducted on the Sale Motion on October 23, 2020 (the "Sale Hearing"); and good and sufficient notice of the Sale Motion and the Sale Hearing having been provided; and the Court having considered the moving papers and the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that good cause exists for the entry of this Order,

**IT IS HEREBY FOUND AND DETERMINED** that:

A. **Fed. R. Bankr. P. 7052**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

| | |
|---|---|
| Debtor: | Immune Pharmaceuticals Inc., *et al*. |
| Case No.: | 19-13273 (VFP) |
| Caption of Order: | **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)** |

B.    **Jurisdiction and Venue.**  This Court has jurisdiction to decide the Sale Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases and the Sale Motion is proper under 28 U.S.C. §§ 1408 and 1409.

C.    **Statutory and Rule Predicates.**  The statutory and other legal predicates for the relief granted herein are sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of the United States Bankruptcy Court, District of New Jersey (the "Local Rules").

D.    **Opportunity to Object.**  A fair and reasonable opportunity to object to, and be heard with respect to, the Sale Motion has been given to, without  limitation,  the following:  (i) counsel to Debtors' secured lenders, (ii) all non-Debtor counterparties to executory contracts, (iii) all parties who have requested  notice  in  these Chapter 7 Cases  pursuant to Bankruptcy Rule 2002, (iv) the Office of the United States Trustee, (v) those who have expressed an interest in purchasing the Assets, (vi) the Israeli Liquidator, (vii) counter-parties to the Executory Contracts, (viii) all creditors, (ix) the Debtors' former officers and directors, and (x) other parties-in-interest as determined by the Trustee including ten of the largest pharmaceutical companies in New Jersey.

E.    **Final Order.**  This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

F.    **TPS Offer**.  During the Chapter 7 period, the Trustee received an offer from TSP Therapeutics, Inc. (the "Buyer") to purchase certain of the remaining assets of the Debtors (the

Debtor:        Immune Pharmaceuticals Inc., *et al*.
Case No.:      19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

"Offer"). On September24, 2020, the Trustee and the Buyer entered into an Asset Purchase Agreement (the "<u>APA</u>") embodying the Offer. The material terms of the APA are as follows: (a) the Trustee shall convey, without representation or warranty, to the Buyer all of the Debtors' right, title and interest in the product histamine dihydrochloride (trade name Ceplene®), formulations of verubulin (trade name Azixa), Amitriptyline and Ketamine emulsion (trade name Amiket), Lidocane Patch (trade name Lidopain) and Crolivulin, as more fully described on Exhibit "A" to the APA (all of the foregoing collectively the "<u>Acquired Assets</u>"); (b) the purchase price to be paid by the Buyer for the Assets is $150,000 payable $75,000 down (receipt of which is acknowledged) and the balance upon closing (the "Asset Purchase Price"); (c) the sale is subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 363(b) and (f); (d) certain executory contracts shall be assumed and assigned pursuant to 11 U.S.C. § 365(f); and (e) the offer shall be subject to higher and better offers (the "<u>Sale Transaction</u>").  Upon information and belief, the Acquired Assets, with the exception of causes of action and recoveries from the Israeli liquidation of Ltd., constitute substantially all of the remaining unsold assets of the Debtors.

G.     **Auction**.  The Trustee having conducted an auction in open court and Discover Growth Fund, LLC (the "Highest Bidder") having bid $180,000 which was determined to be the highest and best offer for the Acquired Assets on substantially the same terms as set forth in the APA (the "Highest Bid").   The Highest Bidder has agreed to execute the APA with a modification of certain recitals.  The Buyer has agreed to be the back up bidder, at its highest bid of $170,000, if the Highest Bidder does not close the sale transaction.

Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

H.    **<u>Sound Business Purpose – the APA.</u>**   The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for approval of the APA, and for entering into the APA.  The APA, and the Seller's entry into and performance under the APA, (i) constitutes a sound and reasonable exercise of the Trustee's business judgment consistent with his fiduciary duties, (ii) provides value to and are beneficial to the Debtors' estates, and are in the best interests of the Debtors and their estates, creditors, and other parties in interest, and (iii) are reasonable and appropriate under the circumstances.   Business justifications for the Sale Transaction include, without limitation, the following: (i) the APA constitutes the highest or otherwise best offer received for the Acquired Assets; (ii) the APA presents the best opportunity to maximize the value of the Acquired Assets and to avoid deterioration in the value of the Acquired Assets; (iii) unless the Sale Transaction and all of the other transactions contemplated by the APA are concluded expeditiously, as provided for pursuant to the APA, recoveries to creditors may be materially diminished; and (iv) the value of the Debtors' estates will be maximized through the transactions effectuated pursuant to the APA.

I.    **<u>Marketing Process.</u>**   (i) Prior to conversion, the Debtors and their advisors, including,  without limitation, Armory Securities LLC ("<u>Armory</u>") engaged in a robust and extensive marketing and  sale  process,  both  prior  to  the  commencement  of  the  Chapter 11 Cases  and  within the Chapter 11 cases.  The Debtors received no bids for the Immune Assets other than for the Ceplene Assets.  With respect to the Ceplene Assets, the Court entered an order for the sale of those assets but that sale was never consummated.  With regard to the Acquired Assets, the Trustee conducted a fair and open sale process.  The sale process was non-collusive,

Page 7 of 26
Debtor:          Immune Pharmaceuticals Inc., *et al.*
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Acquired Assets, or who the Trustee believed may have had an interest in acquiring the Acquired Assets, to make an offer to purchase the Acquired Assets.  The Trustee and the Buyer have negotiated and undertaken their respective roles leading to the applicable Sale Transaction and entry into the applicable APA in a diligent, non-collusive, fair, reasonable, and good faith manner.  The sale process conducted by the Trustee resulted in the highest or otherwise best value for the Acquired Assets in the circumstances, was in the best interests of the Debtors' Estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result.

J.    **Arm's-Length Sale; Fair Consideration.**  The consideration to be paid by the Highest Bidder under the APA resulted from a duly conducted auction and constitutes fair and reasonable consideration for the Acquired Assets.  The terms and conditions  set  forth  in  the APA  are  fair  and  reasonable  under  these circumstances and were not entered into for the purpose of, nor do they  have  the  effect  of, hindering, delaying, or defrauding the Debtors' Estates or their creditors under any applicable laws.

K.    **Good Faith.**  The Trustee, the Buyer and the Highest Bidder acted in good faith. The APA, and each of the transactions contemplated therein, were negotiated, proposed, and entered into by the Trustee and the Buyer in good faith, without collusion or fraud, and from arm's-length bargaining positions.  The Highest Bidder is a "good faith purchaser" within the meaning of sections 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby in the event that this Sale Order is modified, amended, vacated, or reversed by a subsequent

Page 8 of 26
Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

order of this Court or any other court on appeal, as is the Buyer, as back-up bidder.  No such appeal, modification, amendment, or vacatur shall affect the validity and enforcement of the sale or the liens or priority authorized or created under the APA or this Sale Order.  Neither the Trustee nor the Buyer nor the Highest Bidder has engaged in any conduct that would cause or permit the APA to be avoided and/or costs and damages to be imposed under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) of the Bankruptcy Code.  The Buyer and the Highest Bidder have not violated section 363(n) of the Bankruptcy Code by any action or inaction.  The Trustee was free to deal with any other party interested in buying or selling on behalf of the Debtors' Estates the Acquired Assets.  The Highest Bidder has not acted in a collusive manner with any Person.  The Highest Bidder's payment of amounts owing under the Highest Bid is in good faith and for valid business purposes and uses.  The Highest Bidder is not an "insider" of the Debtors, as that term is defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, formation parties, managers, directors, or controlling stockholders or members exists between the Highest Bidder and the Debtors.

L.      **Notice.**  Proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with sections 102(1), 105(a), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 6004, and in compliance with orders and determinations of the Court.  As evidenced by the certificates of service filed with the Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale Hearing, and entry of this Sale Order was provided by the Trustee; (ii) such notice was good, sufficient, and appropriate

Debtor:           Immune Pharmaceuticals Inc., *et al.*
Case No.:         19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

---

under the circumstances; and (iii) no other or further notice of the Sale Motion, the Sale Hearing, or this Sale Order is required.

M.    **Contract Notices**. As evidenced by the certificates of service filed with the Court in connection with the Sale Motion, the Trustee has served, prior to the Sale Hearing, notice of the Trustee's potential intent to assume and assign certain contracts and the proposed cure amount associated therewith upon each non-Debtor counterparty to such contracts. The Sale Motion alleges that there are no cure costs.  The service of the Sale Motion was good, sufficient, and appropriate under the circumstances and no further notice need be given with respect to the cure costs for the assumption and assignment of the contracts or leases.  All non-Debtor parties to the contracts have had a reasonable opportunity to object to the proposed cure costs and the assumption and assignment of its contract.  Accordingly, all non-Debtor parties to the contracts who did not file an objection prior to the Sale Hearing are deemed to consent to the cure costs and assumption and assignment of its contract to the Highest Bidder.

N.    **Satisfaction of Section 363(f) Standards.**  Except as provided for in paragraph 8 of this Sale Order, the Trustee may sell the Acquired Assets free and clear of any claim within the meaning of Section 101(5) of the Bankruptcy Code; any claim, community or other marital property interest, condition, equitable interest, right of way, encroachment, servitude, right of first refusal or similar restriction, including any restriction on use, voting (in the case of any security or equity interest), transfer, receipt of income or exercise of any other attribute of ownership; any interest within the meaning of Section 363(f) of the Bankruptcy Code, and all other interests, pledges, security interests, rights of setoff, restrictions or limitations on use, successor liabilities,

Page 10 of 26
Debtor:        Immune Pharmaceuticals Inc., *et al.*
Case No.:      19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

conditions, rights of first refusal, options to purchase, obligations to allow participation, agreements or rights, rights asserted in litigation matters, competing rights of possession, obligations to lend, matters filed of record that relate to, evidence or secure an obligation of Debtors (and all created expenses and charges) of any type under, among other things, any document, instrument, agreement, affidavit, matter filed of record, cause, or state or federal law, whether known or unknown, legal or equitable, and all liens, rights of offset, replacement liens, adequate protection liens, charges, obligations, or claims granted, allowed or directed in any order; any liability or obligation of whatever kind or nature (whether known or unknown, whether asserted or unasserted, whether absolute or contingent, whether accrued or unaccrued, whether liquidated or unliquidated and whether due or to become due) regardless of when arising; lien (statutory or otherwise), deed of trust, right of first offer, easement, transfer restriction under any shareholder or similar agreement, mortgage, charge, option, security agreement or other encumbrance or restriction on the use or transfer of any property, hypothecation, license, preference, priority, covenant, right of recovery, orders and decrees of any court or foreign or domestic governmental entity, or any other order, to the fullest extent of the law, in each case, of any kind or nature, including, without limitation, (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, and (iii) any license, or other right, in favor of a third party or a seller, to use any portion of the applicable Acquired Assets, whether imposed by agreement, understanding, law, equity, or otherwise, whether derivatively, vicariously, as a transferee or successor or otherwise, and whether known or unknown, pre-

Page 11 of 26
Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

petition or post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown, perfected or unperfected, liquidated or unliquidated, statutory or non-statutory, matured or unmatured, legal or equitable, of any kind or nature, including, without limitation, product liability claims, environmental liabilities, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims or claims for taxes (including foreign, state and local taxes, including, without limitation, bulk sale taxes) of or against the Debtors including, without limitation, the right of rescission referred to by Meda Pharma SARL in its proof of claim No. 44-1 filed in the bankruptcy case (collectively, the " Liens, Claims, Charges, Equitable Interests, Security Interests, Liens. Encumbrances  and  Liabilities "), because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  Those holders of any Claims, Charges, Equitable Interests, Security Interests, Liens,  Encumbrances  and Liabilities  who did not object (or who ultimately withdrew their objections, if any) to the Sale Transaction or the Sale Motion have consented or are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Upon the Closing (where defined), all Persons having Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities of any kind or nature whatsoever against the Debtors or the Acquired Assets shall be forever barred from pursuing or asserting such Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities against the Highest Bidder or any of their assets, property, affiliates, successors, assigns, or the Acquired Assets.

Page 12 of 26
Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

O.    <u>**Assumption and Assignment of Acquired Contracts.**</u>    The assumption and assignment of the assigned contracts or leases (the "<u>Acquired Contracts</u>") are integral to the APA, may be amended, supplemented or otherwise modified prior to assumption and assignment without further order of the Court with the consent of the Seller, the applicable counterparty(s) and the Highest Bidder, are in the best interests of the Debtors' Estates, do not constitute unfair discrimination, and represent the reasonable exercise of the Seller's sound business judgment. Specifically, the assumption and assignment of the Acquired Contracts (i) are necessary to sell the Acquired Assets to the Highest Bidder, (ii) limit the losses suffered by counterparties to the Acquired Contracts, and (iii) maximize the recoveries to other creditors of the Debtors by limiting the number and amount of claims against the Debtors' estates by avoiding the rejection of the Acquired Contracts. With respect to each of the Acquired Contracts, the Debtors have met the requirements of section 365(b) of the Bankruptcy Code.    Further, in compliance with the requirements of sections 365(b) and 365(f) of the Bankruptcy Code, the Highest Bidder has provided adequate assurance of future performance under the Acquired Contracts to the extent that any such assurance is required and not waived by the counterparties to such Acquired Contracts. Accordingly, the Acquired Contracts shall be assumed by the Debtors' Estates and assigned to the Highest Bidder as provided for in the APA and this Sale Order, and remain in full force and effect for the benefit of the Highest Bidder notwithstanding any provision in the Acquired Contracts or other restrictions prohibiting their assignment or transfer in connection with the sale of the Acquired Assets. Each of the Acquired Contracts shall be assumed and assigned to

Debtor:          Immune Pharmaceuticals Inc., *et al.*
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

the Highest Bidder free and clear of all Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities .

P.    **Validity of the Transfer.**    As of the Closing of the applicable Sale Transaction (the "Closing"), the transfer of the applicable Acquired Assets to the Highest Bidder will be a legal, valid, and effective transfer of such Acquired Assets, and will vest in such Highest Bidder with all right, title, and interest of the Debtors' Estates in the Acquired Assets, free and clear of all Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities.

Q.    **Authority.**    Upon entry of this Order, the Seller shall have the full corporate power and authority to execute, deliver, and perform his obligations under the APA and all other documents contemplated thereby, and the entry unto the APA and the Sale Transaction have been duly and validly authorized by the necessary corporate action of the Debtors. No consents or approvals, other than those expressly provided for herein or in the APA, are required for the Seller to consummate the Sale Transaction.

R.    **Valid Contract.**    The APA and the Transaction Documents (as defined in the Asset Purchase Agreement) are valid and binding contracts between the Seller and the Highest Bidder and shall be enforceable pursuant to their respective terms.  From and after the Closing of the Sale Transaction, the APA, the other Transaction Documents and the Sale Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Seller and the Highest Bidder and shall not be subject to rejection or avoidance by the foregoing parties or any other Person.

Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

---

S.      **No Successor or Other Derivative Liability.**  The Highest Bidder is not, nor will

be, a mere continuation, alter ego, or successor in interest, and the Highest Bidder is not holding

itself out as a mere continuation, alter ego, or successor in interest, of any of the Debtors or their

estates, and there is no continuity between the Highest Bidder and the Debtors.   The Sale

Transaction does not amount to a consolidation, merger, or *de facto* merger of the Highest Bidder,

on the one hand, and the Debtors, on the other hand.

T.      **Waiver of Bankruptcy Rules 6004(h) and 6006(d).**   Based on the record of the

Sale Hearing, and for the reasons stated on the record at the Sale Hearing, including the fact that

there is an October 26, 2020 deadline to renew certain of the patents included in the Assets, for

which the cost of renewal is approximately $86,000 and the Debtors' estates do not have the

wherewithal to fund the cost of renewal of these patents, the sale of the Acquired Assets must be

approved and consummated promptly to preserve the value thereof.  Time, therefore, is of the

essence in approving the Sale Transaction, effectuating the APA and consummating the sale of the

Acquired Assets.   Therefore, the Seller and the Highest Bidder intend to close the sale as soon as

reasonably practicable and, in any event, on or prior to 75 days from the date of execution of the

APA.  The Seller has demonstrated compelling circumstances and a good, sufficient, and sound

business purpose and justification for the immediate approval and consummation of the sale of the

Acquired Assets as contemplated by the APA.  Accordingly, there is sufficient cause to waive the

fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) and any obligations of

finality contained in the APA.

| | |
|---|---|
| Debtor: | Immune Pharmaceuticals Inc., *et al*. |
| Case No.: | 19-13273 (VFP) |
| Caption of Order: | **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)** |

U.     **Legal and Factual Bases.**  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

## NOW, THEREFORE, IT IS ORDERED THAT:

1.     **Sale Motion is Granted.**  The Sale Motion and the relief requested therein is granted and approved as set forth herein. The sale of the Acquired Assets to the Highest Bidder on the terms and conditions set forth in the APA is approved.

2.     **Objections.**  All objections and responses to the Sale Motion, including, without limitation, to the Closing or the Sale Transaction have been withdrawn, waived, settled or resolved or overruled as set forth on the record at the Sale Hearing or as set forth in this Sale Order.

3.     **Notice.**  Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

4.     **Fair Purchase Price.**  The consideration provided by the Highest Bidder under the APA as reflected in the Highest Bid is fair and reasonable.

5.     **Approval of the APA.**  The APA and the Sale Transaction, including, without limitation, all transactions contemplated therein or in connection therewith, and all of the terms and conditions thereof, are hereby approved in their entirety.  The failure to include any particular provision of the APA specifically in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent. The Highest Bid is the highest and best offer for the Assets and is hereby approved.

Debtor:         Immune Pharmaceuticals Inc., *et al*.
Case No.:       19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And
Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The
Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. §
365(f)**

---

6.      **<u>Consummation of the Sale Transactions</u>.**  Pursuant to sections 105, 363, and 365

of the Bankruptcy Code, the Seller is authorized to execute, deliver, and perform his obligations

under and comply with the terms of the APA and to consummate the Sale Transaction.  The Seller

is authorized to execute and deliver, and authorized to perform under, consummate, and implement

all additional instruments and documents that may be reasonably necessary or desirable to

implement the APA and to take all further actions as may be (i) reasonably requested by the

Highest Bidder for the purpose of assigning, transferring, granting, conveying, and conferring to

the Highest Bidder, or reducing to possession, the Acquired Assets, or (ii) necessary or appropriate

to the performance of the Seller's obligations contemplated by the APA, all without further order

of the Court.

7.      **<u>Possession</u>**.  Except as otherwise directed by the Highest Bidder, all Persons that

are currently in possession of some or all of the applicable Acquired Assets are hereby directed to

surrender possession of the Acquired Assets to the Highest Bidder, as of the Closing Date.

8.      **<u>Transfer of Acquired Assets Free and Clear</u>.**  Subject to the Closing, pursuant to

sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to

transfer the Acquired Assets in accordance with the terms of the APA.  The Acquired Assets shall

be transferred to the Highest Bidder, and, upon the Closing, such transfer shall: (i) be valid, legal,

binding, and effective; (ii) vest the Highest Bidder with all right, title, and interest of the Debtors'

Estates in the Acquired Assets as they may appear; and (iii) be free and clear of all Claims,

Encumbrances, Interests, Liabilities and Liens in accordance with section 363(f) of the Bankruptcy

Code or otherwise to the extent permitted by Section 363(f) and the case law construing same

Page 17 of 26
Debtor:         Immune Pharmaceuticals Inc., *et al.*
Case No.:       19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

including, without limitation, the right of rescission referred to by Meda Pharma SARL ("Meda") in its proof of claim No. 44-1 filed in the Bankruptcy Court (the "Meda Reservation"), with all Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and  Liabilities that represent interests in property, inclusive of those of Discover Growth Fund LLC, to attach to the net proceeds of the Sale Transaction, in the same amount and order of their priority, with the same validity (or invalidity), force, and effect that they have against the Acquired Assets immediately prior to the Sale Transaction, and subject to any rights, claims, defenses and objections, if any, the Debtors' Estates or any other interested parties may possess with respect thereto, in each case immediately before the Closing.  For the avoidance of doubt, the Acquired Assets are sold to the Highest Bidder free and clear of any Liens of Meda and Discover Growth Fund LLC.  Meda and Discover Growth Fund LLC may assert any of their Liens against the proceeds of the Sale Transaction wherever located, deposited, escrowed or otherwise held or transferred.

9.      Subject to and upon the Closing, all Persons (and their respective successors and assigns) including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, employees, former employees, trade creditors, trustees, and any other creditors holding Liens against  any of the Debtors or the Acquired Assets, are hereby forever barred and estopped from asserting or pursuing such Liens against the Highest Bidder, or its respective Affiliates, successors, or assigns, their property, or the applicable Acquired Assets, including, without limitation, taking any of the following actions with respect to any Liens: (i) commencing or continuing in any manner any action or other proceeding against the Highest Bidder or its Affiliates, successors or assigns, assets, or

Debtor:       Immune Pharmaceuticals Inc., *et al*.
Case No.:     19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Highest Bidder or its Affiliates, successors or assigns, assets, or properties; (iii) creating, perfecting, or enforcing any Liens, against the Highest Bidder or its Affiliates, successors or assigns, assets, or properties; (iv) asserting any Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances, and Liabilities  as a setoff, right of subrogation, or recoupment of any kind against any obligation due to the Highest Bidder or its Affiliates, successors or assigns, assets, or properties; or (v) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof.  No such Persons shall assert or pursue against the Highest Bidder or its Affiliates, successors, or assigns any such Claims, Encumbrances, Interests, Liabilities and Liens.

10.     Following the Closing of the Sale Transaction, no holder of any Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities   shall interfere with the Highest Bidder's title to or use and enjoyment of the applicable Acquired Assets based on or related to any such Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities or based on any actions or inactions the Seller or the Debtors may take in these Chapter 7 Cases.

11.     Subject to and upon the Closing, the Highest Bidder and its Affiliates, successors and assigns shall have no liability for any Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities  in, on, or against the Debtors or their assets, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent,

Debtor:              Immune Pharmaceuticals Inc., *et al.*
Case No.:            19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And
Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The
Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. §
365(f)**

---

whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or

character whatsoever, including, without limitation: (i) any employment or labor agreements or

the termination thereof; (ii) any pension, welfare, compensation, or other employee benefit plans,

agreements, practices, or programs, including, without limitation, any pension plan of or related

to the Debtors or the Debtors' Affiliates or predecessors or any current or future employees of any

of the foregoing, or the termination of any of the foregoing (and without limiting the generality of

this clause (ii), any Liabilities, whether for contributions required by contract, minimum required

contributions pursuant to Section 302 of the Employee Retirement Income Security Act of 1974

("ERISA"), or any form of withdrawal or other Liability pursuant to Title IV of ERISA or any

other statutory or contract source, such as a trust agreement; (iii) the Debtors' business operations

or the cessation thereof; (iv) any litigation involving the Debtors; (v) any employee, workers'

compensation, occupational disease or unemployment, or temporary disability related law

(including, without limitation, Claims, Charges, Equitable Interests, Security Interests, Liens,

Encumbrances and Liabilities  that might otherwise arise pursuant to (a) the Employee Retirement

Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the

Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor

Relations Act, (f) the Worker Adjustment and Retraining Notification Act of 1988, (g) the Age

Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as

amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget

Reconciliation Act of 1985, (j) the Multiemployer Pension Plan Amendments Act of 1980, (k)

state and local discrimination laws, (1) state and local unemployment compensation laws or any

Debtor:    Immune Pharmaceuticals Inc., *et al*.
Case No.:    19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

other similar state and local laws, (m) state workers' compensation laws, and (n) any other state, local, or federal employee benefit laws, regulations or rules or other state, local, or federal laws, regulations or rules relating to, wages, benefits, employment, or termination of employment with the Debtor or its predecessors); (o) any antitrust laws; (p) any product liability or similar laws, whether state, federal, foreign  or otherwise; (q) any environmental laws, rules, or regulations, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, or similar state statutes; (r) any bulk sales or similar laws; (s) any federal, state, foreign, or local tax statutes, regulations, or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended and the Israeli Innovation Authority; and (d) any common law doctrine, domestic or foreign, of *de facto* merger or successor or transferee liability, successor-in-interest liability theory, or any other theory of or related to successor liability, and the Debtors hereby irrevocably  waive,  release and discharge the Highest Bidder from any such Claims,   Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities .

12.    This Sale Order (i) shall be effective as a determination that, as of the Closing, the conveyances and transfers described herein have been effected and (ii) is and shall be binding upon and govern the acts of all Persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or

Debtor:           Immune Pharmaceuticals Inc., *et al*.
Case No.:         19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing Persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Sale Order.

13.    Upon the Closing, except if any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities against the Debtors or the applicable Acquired Assets shall not have delivered to the Debtors prior to the Closing of the Sale Transaction, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all interests that the Person has with respect to the Debtors or the Acquired Assets, such entity is hereby directed to deliver all such statements, instruments, and releases and, if they do not, then: (i) the Seller is hereby authorized and directed to execute and file such statements, instruments, or releases on behalf of the Person with respect to the Acquired Assets; and (ii) Highest Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities against the Acquired Assets.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office which is hereby directed to accept any and all documents and instruments necessary or appropriate to give effect to the Sale Transaction.

Debtor:     Immune Pharmaceuticals Inc., *et al*.
Case No.:   19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

14.     **No Successor or Other Derivative Liability.**  By virtue of the sale of the Acquired Assets, the Highest Bidder shall not be deemed to: (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, *de facto* or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

15.     The Seller is hereby authorized in accordance with section 365 of the Bankruptcy Code, the Sale Order and the APA to assume and assign the Acquired Contracts to the Highest Bidder free and clear of all Claims, Charges, Equitable Interests, Security Interests, Encumbrances and Liabilities, and to execute and deliver to the Highest Bidder such documents or other instruments as may be necessary to assign and transfer the Acquired Contracts to the Highest Bidder as provided in the APA.  The Highest Bidder shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Acquired Contracts assumed and assigned in accordance with the procedures set forth in this Sale Order and the APA and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors' Estates shall be relieved from further liability with respect to the Acquired Contracts.  The Highest Bidder acknowledges and agrees that, from and after Closing, subject to the terms of this Sale Order, it shall comply with the terms of each assumed and assigned Acquired Contract from and after the Closing Date.

16.     Payment of the Cure Costs (which shall be an obligation of Highest Bidder and not paid from the proceeds of this sale or from the Debtors' Estates) shall be in full satisfaction and cure of any and all monetary defaults under the Acquired Contracts.  Each non-Debtor party to an Acquired Contract is forever barred and estopped from asserting against the Debtors' Estates or

Debtor:         Immune Pharmaceuticals Inc., *et al.*
Case No.:       19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And**
                **Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The**
                **Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. §**
                **365(f)**

the Highest Bidder, their successors or assigns, or the property of any of them, any default existing

as of the date of the Sale Hearing if such default was not timely raised or asserted prior to or at the

Sale Hearing.  Except as expressly set forth herein, to the extent a counterparty to an Acquired

Contract failed to timely object to the Cure Costs prior to the Sale Hearing, such Cure Costs have

been and shall be deemed to be fully determined and any such counterparty shall be prohibited

from challenging, objecting to, or denying the validity and finality of the Cure Costs and/or the

assumption and assignment of the Acquired Contract at any time.

17.     Upon the Seller's assignment of the Acquired Contracts to the Highest Bidder, no

default shall exist under any Acquired Contracts, and no counterparty to any Acquired Contracts

shall be permitted to declare a default by any Debtor or the Highest Bidder, or otherwise take

action against the Highest Bidder, as a result of any Debtors' financial condition, bankruptcy, or

failure to perform any of its obligations under the relevant Acquired Contracts.  Any provision in

an Acquired Contract that prohibits or conditions the assignment or sublease of such Acquired

Contract or allows the counterparty thereto to terminate, recapture, impose any penalty, condition

on renewal or extension, or modify any term or condition upon such assignment or sublease,

constitutes an unenforceable anti-assignment provision that is void and of no force and effect, but

only in connection with the assumptions and assignments authorized by this Sale Order.  The

failure of the Seller or the Highest Bidder to enforce at any time one or more terms or conditions

of any Acquired Contract shall not be a waiver of such terms or conditions, or of the Seller's or

the Highest Bidder's rights to enforce every term and condition of the Acquired Contract.

Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

18.      ***Ipso Facto* Clauses Ineffective.**  The Acquired Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Highest Bidder in accordance with their respective terms, including, without limitation, all obligations of the Highest Bidder as the assignee of the Acquired Contracts, notwithstanding any provision in any such Acquired Contracts (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.  There shall be no rent accelerations, escalations, assignment fees, increases, or any other fees charged to the Highest Bidder or the Debtors' Estates as a result of the assumption or assignment of the Acquired Contracts.

19.      **Statutory Mootness**.  The transactions contemplated by this Sale Order are undertaken by the Highest Bidder in good faith, as that term is used in sections 363(m) of the Bankruptcy Code. The Highest Bidder is a "good faith purchaser" within the meaning of sections 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded and, accordingly, the reversal, modification, amendment, or vacatur on appeal of the authorization provided herein (including without limitation the terms and provisions of the APA and the Sale Transaction) shall not affect the validity and enforceability of the APA or the Sale Transaction, the transfer of the Acquired Assets to the Highest Bidder free and clear of Claims, Charges, Equitable Interests, Security Interests,  Liens Encumbrances and, Liabilities , absent entry of a Court order imposing a stay before the Closing pending such appeal.

Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

---

20.     **No Avoidance of Asset Purchase Agreement.**  Neither the Seller nor the Highest Bidder have engaged in any conduct that would cause or permit the APA to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

21.     **Waiver of Bankruptcy Rules 6004(h) and 6006(d).**  This Sale Order shall be effective immediately upon entry pursuant to Rules 7062 and 9014, and notwithstanding the provisions of Rule 62(a) of the Federal Rules of Civil Procedure, Bankruptcy Rules 6004(h) and 6006(d), or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Rule 62(a), and/or Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

22.     **Binding Effect of this Sale Order.**  The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Seller, the Debtors' Estates, and their creditors (whether known or unknown), the Highest Bidder, and its Affiliates, successors, and assigns, and any affected third parties, including, without limitation, all Persons asserting Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities  (collectively, the "Bound Parties"), notwithstanding any subsequent appointment of any trustee or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such receiver, party, entity, or other fiduciary under any chapter of the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors' Estates, their creditors or any receiver,

Page 26 of 26
Debtor:        Immune Pharmaceuticals Inc., *et al*.
Case No.:      19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

party, entity, or other fiduciary.  The provisions of this Sale Order and the terms and provisions of the APA, shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code or any similar foreign law.

23.    **Highest Bidder a Party in Interest**.  The Highest Bidder is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale Transaction, and any issues related to or otherwise connected to the Sale Transaction and the APA.

24.    **Conflicts; Precedence.**  In the event that there is a direct conflict between the terms of this Sale Order and the terms of the APA, the terms of this Sale Order shall control.  Nothing contained in any other order of the Court, shall conflict with or derogate from the provisions of the applicable APA or the terms of this Sale Order.

25.    **Modification of the APA.**  The APA and any related agreements, documents, or other instruments, may be modified, amended, or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of the Court provided that any such modification, amendment, or supplement does not materially change the terms of the APA or any related agreements, documents, or other instruments.

26.    **Retention of Jurisdiction.**  This Court shall retain exclusive jurisdiction to, among other things, (i) interpret, enforce, and implement the terms and provisions of this Sale Order and the APA (including, without limitation, all amendments thereto, any waivers and consents

Debtor:          Immune Pharmaceuticals Inc., *et al*.
Case No.:        19-13273 (VFP)
Caption of Order: **Order Authorizing: (I) The Sale Of Certain Of The Debtors' Remaining Assets Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363(b) And (f); And (II) The Assumption and Assignment Of Certain   Executory Contracts Pursuant To 11 U.S.C. § 365(f)**

---

thereunder, and of each of the agreements executed in connection therewith) and (ii) adjudicate disputes related to this Sale Order and the APA (including, without limitation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith).

27.     **No Revocation of Permits and Licenses.**  To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred or conveyed to the Highest Bidder on account of the filing or pendency of these Chapter 7 Cases or the consummation of the transactions contemplated by the APA.

28.     **No Bulk Sales; No Brokers**. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction. Other than the professionals retained by the Seller pursuant to orders of this Court, no brokers were involved in consummating the Sale Transaction, and no brokers' commissions shall be due to any person or entity in connection with the Sale Transaction. The Highest Bidder is not obligated to pay any fee or commission or like payment to any broker, finder, or financial advisor as a result of the consummation of the Sale Transaction.