| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>**RABINOWITZ, LUBETKIN & TULLY, LLC**<br>293 Eisenhower Parkway, Suite 100<br>Livingston, New Jersey 07039<br>(973) 597-9100<br>Jonathan I. Rabinowitz<br>Barry J. Roy<br>Counsel for Jeffrey A. Lester, Chapter 7 Trustee | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 19-13273 (VFP)<br><br>Hon. Vincent F. Papalia |

Order Filed on December 7, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**

The relief set forth on the following page, numbered two (2) through six (6), is hereby **ORDERED.**

**DATED: December 7, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceuticals, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

Debtor:         Immune Pharmaceuticals Inc., *et al.*
Case No.:       19-13273 (VFP)
Caption of Order: **ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f))**

---

This matter having been opened to the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") by Rabinowitz, Lubetkin & Tully, LLC, counsel for Jeffrey Lester, Chapter 7 Trustee (hereinafter, the "Trustee" or "Seller") for the estates of Immune Pharmaceuticals, Inc., *et al.* (the "Debtors"), debtors in the above captioned Chapter 7 cases (the "Chapter 7 Cases"), upon the Motion of the Trustee for the entry of an Order for an order authorizing the Trustee to include the Debtors' past patent infringement rights in the Trustee's pending sale of certain of the Debtors' remaining assets pursuant to 11 U.S.C. § 363(b) to Discover Growth Fund, LLC ("Discover") under the Court's "Order Authorizing: The Sale of Certain of the Debtors' Remaining Assets Free and Clear of Liens, Clams and Interests Pursuant to 11 U.S.C. 363(b) and (f) and To Assume and Assign Certain Executory Contracts Pursuant to 11 U.S.C. § 365(f) [Doc 578] approving and authorizing the Trustee's sale of the Assets to Discover (the "Supplemental Sale Motion")[2]; and a hearing having been conducted on the Supplemental Sale Motion on December 3, 2020 (the "Sale Hearing"); and good and sufficient notice of the Supplemental Sale Motion and the Sale Hearing having been provided; and the Court having considered the moving papers and the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that good cause exists for the entry of this Order,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. **Supplemental Sale Motion is Granted.** The Supplemental Sale Motion and the relief requested therein is granted and approved as set forth herein. The Trustee be and hereby is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Supplemental Sale Motion.

Page 3 of 6
Debtor: Immune Pharmaceuticals Inc., *et al.*
Case No.: 19-13273 (VFP)
Caption of Order: **ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**

---

authorized to transfer and convey the Debtors' existing past patent infringement rights and claims to Discover pursuant to the Discover APA, the "Patent Assignment Agreement" and the "Trademark Assignment Agreement" by and between the Trustee and Discover and filed with the Supplemental Sale Motion, and the Sale Order.

2. **Objections.** All objections and responses to the Supplemental Sale Motion have been withdrawn, waived, settled or resolved or overruled as set forth on the record at the Sale Hearing or as set forth in this Sale Order.

3. **Notice.** Notice of the Supplemental Sale Motion and the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

4. **Fair Purchase Price.** The consideration provided by Discover under the Discover APA as reflected in the Discover Bid is fair and reasonable.

5. **Approval of the Discover APA and the Patent Assignment Agreement.** The Discover APA, the Patent Assignment Agreement and the Trademark Assignment Agreement, including, without limitation, all transactions contemplated therein or in connection therewith, and all of the terms and conditions thereof, are hereby approved in their entirety. The failure to include any particular provision of the Discover APA, the Patent Assignment Agreement and/or the Trademark Assignment Agreement specifically in this Supplemental Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that said contracts be authorized and approved in their entirety. Likewise, all of the provisions of this Supplemental Sale Order are non-severable and mutually dependent. The Discover Bid is the highest and best offer

Case 19-13273-VFP    Doc 599    Filed 12/09/20    Entered 12/10/20 00:16:39    Desc
                       Imaged Certificate of Notice    Page 4 of 9

Page 4 of 6
Debtor:         Immune Pharmaceuticals Inc., *et al.*
Case No.:       19-13273 (VFP)
Caption of Order: **ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f))**

for the Assets, inclusive of the Debtors' past patent infringement rights and claims, and is hereby approved.

6. **Supplemental Nature of Order.** This Supplemental Sale Order is a supplement to the Sale Order entered for the purpose of authorizing the Trustee to convey the Debtors' existing past patent infringement rights and claims pursuant to the Patent Assignment Agreement. The "Acquired Assets" identified in the Sale Order are specifically hereby determined to include the Debtors' past patent infringement rights and claims to be conveyed under the Patent Assignment Agreement. All other provisions of the Sale Order, inclusive of its findings of fact and recitals, are hereby incorporated by reference, as applicable. All of the protections and rights provided to Discover as the "Highest Bidder" under the Sale Order are likewise provided to Discover hereunder, by reference.

7. **Statutory Mootness**. The transactions contemplated by this Supplemental Sale Order are undertaken by Discover in good faith, as that term is used in sections 363(m) of the Bankruptcy Code. Discover is a "good faith purchaser" within the meaning of sections 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded and, accordingly, the reversal, modification, amendment, or vacatur on appeal of the authorization provided herein (including without limitation the terms and provisions of the Discover APA, the Patent Assignment Agreement and the Trademark Assignment Agreement) shall not affect the validity and enforceability of the Discover APA, the Patent Assignment Agreement or the Trademark Assignment Agreement, the transfer of the Acquired Assets to Discover free and clear of Claims,

Case 19-13273-VFP    Doc 599    Filed 12/09/20    Entered 12/10/20 00:16:39    Desc
Imaged Certificate of Notice    Page 5 of 9

Page 5 of 6
Debtor:          Immune Pharmaceuticals Inc., *et al.*
Case No.:        19-13273 (VFP)
Caption of Order: **ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**

Charges, Equitable Interests, Security Interests, Liens Encumbrances and, Liabilities, absent entry of a Court order imposing a stay before the Closing pending such appeal.

8. **No Avoidance of Asset Purchase Agreement.** Neither the Seller nor the Highest Bidder have engaged in any conduct that would cause or permit the Discover APA to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

9. **Waiver of Bankruptcy Rules 6004(h) and 6006(d).** This Supplemental Sale Order shall be effective immediately upon entry pursuant to Rules 7062 and 9014, and notwithstanding the provisions of Rule 62(a) of the Federal Rules of Civil Procedure, Bankruptcy Rules 6004(h) and 6006(d), or any applicable provisions of the Local Rules, this Supplemental Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Rule 62(a), and/or Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

10. **Binding Effect of this Sale Order.** The terms and provisions of the Discover APA, the Patent Assignment Agreement, the Trademark Assignment Agreement and this Supplemental Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the Debtors' Estates, and their creditors (whether known or unknown), Discover, and its Affiliates, successors, and assigns, and any affected third parties, including, without limitation, all Persons asserting Claims, Charges, Equitable Interests, Security Interests, Liens, Encumbrances and Liabilities (collectively, the "Bound Parties"), notwithstanding any subsequent appointment of any receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such receiver, party, entity, or other fiduciary under any

Page 6 of 6
Debtor:              Immune Pharmaceuticals Inc., *et al.*
Case No.:            19-13273 (VFP)
Caption of Order:    **ORDER AUTHORIZING: TRUSTEE TO INCLUDE PAST PATENT INFRINGEMENT RIGHTS AND CLAIMS IN TRUSTEE'S PENDING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (f))**

---

chapter of the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors' Estates, their creditors or any receiver, party, entity, or other fiduciary. The provisions of this Supplemental Sale Order and the terms and provisions of the Discover APA, shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code or any similar foreign law.

11. **Retention of Jurisdiction.** This Court shall retain exclusive jurisdiction to, among other things, (i) interpret, enforce, and implement the terms and provisions of this Supplemental Sale Order and the Discover APA (including, without limitation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith) and (ii) adjudicate disputes related to this Supplemental Sale Order and the Discover APA (including, without limitation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith).

United States Bankruptcy Court

District of New Jersey

In re:   Case No. 19-13273-VFP

Immune Pharmaceuticals Inc.   Chapter 7

    Debtor(s)

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Dec 07, 2020 | Form ID: pdf903 | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 09, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Immune Pharmaceuticals Inc., 1 Bridge Plaza North, Suite 270, Fort Lee, NJ 07024-7586 |
| aty | | Frumin Mizrachi Machum, Frumin & Co. Law Offices, Shmuel Hanagid I, Jerusalem, Israel |
| aty | + | Norris McLaughlin, P.A, 400 Crossing Boulevard, 8th Floor, PO BOX 5933, Bridgewater, NJ 08807-5933 |
| aty | | Shir Frumin, Frumin & Co. Law Offices, Shmuel Hanagid 1, Jerusalem Israel |
| aty | | Tadmor Levy & Co, Tadmor Levy & Co, Azrieli Center The Square Tower, 132 Begin Road, Tel Aviv 6701101, Israel |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2020    Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2020 at the address(es) listed below:

**Name**    **Email Address**

Allen J. Underwood, II
    on behalf of Creditor FIRST Insurance Funding  a Division of Lake Forest Bank & Trust Company, N.A. ajunderwood@beckermeisel.com, ajunderwood@ecf.courtdrive.com;mambrose@becker.legal

Allison J. Arotsky
    on behalf of Other Prof. Armory Securities  LLC aarotsky@moritthock.com

Barbara Lanza Farley
    on behalf of Attorney SATT PACA CORSE blfpclaw@gmail.com

District/off: 0312-2      User: admin      Page 2 of 3
Date Rcvd: Dec 07, 2020      Form ID: pdf903      Total Noticed: 5

Barry J. Roy
    on behalf of Plaintiff Jeffrey A Lester broy@rltlawfirm.com

Barry J. Roy
    on behalf of Trustee Jeffrey Lester broy@rltlawfirm.com

Benjamin Teich
    on behalf of U.S. Trustee U.S. Trustee Benjamin.Teich@usdoj.gov

Catherine L. Corey
    on behalf of Debtor Immune Pharmaceuticals Inc. clcorey@nmmlaw.com

Catherine L. Corey
    on behalf of Debtor Immune Pharmaceuticals Ltd. clcorey@nmmlaw.com

Dale E. Barney
    on behalf of Defendant Discover Growth Fund LLC dbarney@gibbonslaw.com

Dale E. Barney
    on behalf of Creditor Discover Growth Fund LLC dbarney@gibbonslaw.com

Jeffrey Lester
    jlester@bllaw.com NJ19@ecfcbis.com

Jeffrey Lester
    on behalf of Trustee Jeffrey Lester jlester@bllaw.com NJ19@ecfcbis.com

Jeffrey D. Prol
    on behalf of Attorney Lowenstein Sandler LLP jprol@lowenstein.com
    jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com

Jeffrey Thomas Testa
    on behalf of Interested Party Ayrton Capital LLC jtesta@mccarter.com, lrestivo@mccarter.com

John E. Jureller, Jr.
    on behalf of Interested Party Jeffrey Paley jjureller@klestadt.com

John E. Jureller, Jr.
    on behalf of Interested Party John Neczesny jjureller@klestadt.com

John E. Jureller, Jr.
    on behalf of Interested Party Daniel Teper jjureller@klestadt.com

John E. Jureller, Jr.
    on behalf of Interested Party Daniel Kazado jjureller@klestadt.com

John E. Jureller, Jr.
    on behalf of Interested Party Anthony Fiorino jjureller@klestadt.com

John S. Mairo
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jsmairo@pbnlaw.com
    pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;NVFuentes@pbnlaw.com;cpmazza@pbnlaw.com

John S. Mairo
    on behalf of Attorney Porzio Bromberg & Newman, P.C. jsmairo@pbnlaw.com,
    pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;NVFuentes@pbnlaw.com;cpmazza@pbnlaw.com

John S. Mairo
    on behalf of Debtor Immune Pharmaceuticals Inc. jsmairo@pbnlaw.com
    pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;NVFuentes@pbnlaw.com;cpmazza@pbnlaw.com

Jonathan I. Rabinowitz
    on behalf of Trustee Jeffrey Lester jrabinowitz@rltlawfirm.com jcoleman@rltlawfirm.com

Jonathan I. Rabinowitz
    on behalf of Plaintiff Jeffrey Lester Chapter 7 Trustee jrabinowitz@rltlawfirm.com, jcoleman@rltlawfirm.com

Jonathan I. Rabinowitz
    on behalf of Plaintiff Jeffrey A Lester jrabinowitz@rltlawfirm.com jcoleman@rltlawfirm.com

Joseph L. Schwartz
    on behalf of Creditor Meda Pharma SARL jschwartz@riker.com

Joseph L. Schwartz
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jschwartz@riker.com

Joseph L. Schwartz
    on behalf of Creditor Meda AB jschwartz@riker.com

Kelly D. Curtin
    on behalf of Creditor Committee Official Committee of Unsecured Creditors kdcurtin@pbnlaw.com
    mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;NVFuentes@pbnlaw.com;cpmazza@pbnlaw.com

| | |
|---|---|
| Kenneth S. Leonetti | on behalf of Creditor Alexion Pharma International Operations Unlimited Company KSL@foleyhoag.com abauer@foleyhoag.com |
| Lauren Kiss | on behalf of Interested Party Daniel Kazado lkiss@klestadt.com |
| Lauren Kiss | on behalf of Interested Party Anthony Fiorino lkiss@klestadt.com |
| Lauren Kiss | on behalf of Interested Party Jeffrey Paley lkiss@klestadt.com |
| Lauren Kiss | on behalf of Interested Party John Neczesny lkiss@klestadt.com |
| Lauren Kiss | on behalf of Interested Party Daniel Teper lkiss@klestadt.com |
| Melissa A. Pena | on behalf of Debtor Immune Pharmaceuticals Inc. mapena@norris-law.com  pfreda@nmmlaw.com |
| Melissa A. Pena | on behalf of Debtor Immune Pharmaceuticals  Ltd. mapena@norris-law.com, pfreda@nmmlaw.com |
| Morris S. Bauer | on behalf of Debtor Maxim Pharmaceuticals  Inc. msbauer@nmmlaw.com, rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Debtor Immune Oncology Pharmaceuticals  Inc. msbauer@nmmlaw.com, rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Debtor Immune Pharmaceuticals  Ltd. msbauer@nmmlaw.com, rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Debtor Immune Pharmaceuticals Inc. msbauer@nmmlaw.com rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Debtor Immune Pharmaceuticals USA Corporation msbauer@nmmlaw.com rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Debtor Cytovia  Inc. msbauer@nmmlaw.com, rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Morris S. Bauer | on behalf of Other Prof. Armory Securities  LLC msbauer@nmmlaw.com, rjacome@norris-law.com,relikens@nmmlaw.com,ddewey@norris-law.com |
| Patricia A. Staiano | on behalf of Mediator Patricia Staiano pstaiano@hlgslaw.com  pstaiano@hlgslaw.com |
| Robert M. Schechter | on behalf of Creditor Committee Official Committee of Unsecured Creditors rmschechter@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com |
| Sally E. Veghte | on behalf of Creditor Alpha Capital  AG sveghte@klehr.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 48