**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., et al.,<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br>(Jointly Administered) |

### APPLICATION IN SUPPORT OF CONSENT ORDER AUTHORIZING TURNOVER OF ESCROW FROM DEBTORS' COUNSEL TO TRUSTEE'S COUNSEL

TO:    HONORABLE VINCENT F. PAPALIA
       UNITED STATES BANKRUPTCY JUDGE

The application of Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. ("Immune Inc."), Immune Pharmaceuticals, Ltd. ("Immune Ltd."), Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc., Maxim Pharmaceuticals, Inc., and Immune Pharmaceuticals USA Corp. (collectively, the "Debtors"), for the entry of a consent order authorizing the turnover of an escrow from Debtors' counsel to Trustee's counsel, hereby represents as follows:

1.    This is an application pursuant to LBR 9021-1(b) in support of an entry of a consent order (the "Consent Order") authorizing the turnover of an escrow from Debtors' counsel to Trustee's counsel.

2. Immune, Inc. filed a voluntary Chapter 11 Petition in this Court on February 17, 2019 and the remaining Debtors filed shortly thereafter and were thereafter continued in the possession of their assets and the management of their business as debtors-in-possession.

3. No Chapter 11 Trustee was appointed and a Committee of Unsecured Creditors was formed (the "Committee").

4. Immune Ltd, filed a companion liquidation case in Israel ("Israeli Case") and Etan Erez is presently the trustee in the Israeli Case (the "Israeli Trustee").

5. Discover Growth Fund, LLC claims a blanket lien on all of the Debtors' assets.

6. During the pendency of the Debtors' Chapter 11 cases, the Debtors sold their interest in their anti-Eotaxin assets, including Bertilimumab, for $6,000,000 to Alexion Pharmaceuticals, Inc. (the "Sale Proceeds").

7. The Israeli Trustee claims an interest in the Sale Proceeds.

8. The Debtors, the Committee and the Israeli Trustee entered into a memorandum of understanding ("MOU") providing that 50% of the Sale Proceeds would be held by Debtors' counsel in trust, and 50% of the Sale Proceeds would be held by the "Official Receiver in Israel" in the Israeli Case, that said funds held by Debtors' counsel could be disbursed only on further order of the United States Bankruptcy Court ("Bankruptcy Court") in the captioned case, and that said funds held by the Official Receiver in Israel could be disbursed only on further order of the Court in the Israeli Case. The MOU was approved by order of the Bankruptcy Court dated October 23, 2019.

9. Following the sale of the anti-Eotaxin assets, including Bertilimumab, to Alexion Pharmaceuticals, Inc., the Sale Proceeds were deposited as aforesaid in trust. The 50% portion of the Sale Proceeds deposited in trust with Debtors' counsel, which constitutes the Escrow, are

currently being held by Debtors' counsel, Norris McLaughlin, P.A. subject to whatever security interests and lien rights Discover may have in the Sale Proceeds and/or the Escrow.

10. The Debtors' United States Chapter 11 cases were converted to Chapter 7 on April 2, 2020, and on April 3, 2020, Jeffrey A. Lester (the "Trustee") was appointed as Chapter 7 Trustee in the Debtors' cases and continues to serve as Trustee.

11. Pursuant to the provisions of the Bankruptcy Code, the Trustee succeeds to the Debtors' rights as to all property of the estates which includes the Escrow.

12. The Trustee seeks a turnover of the Escrow to his counsel's trust account subject to further order of the Court.

13. The Debtors and Discover have consented to the transfer of the Escrow from Debtors' counsel to Trustee's counsel, and to the form of the Consent Order that has been transmitted to Chambers contemporaneously with the filing of this Application.

14. The Trustee submits that good cause exists for the entry of the Consent Order.

15. The Trustee has served counsel to the parties described hereinafter by e-mail with the proposed Consent Order, supporting Application and Certificate of Consent: the Debtors, Discover, the Office of the United States Trustee and the Israeli Trustee.

16. The Consent Order and this Application have been e-mailed to Chambers.

**WHEREFORE**, the Trustee seeks the entry of the Consent Order and the granting of such other relief as is just.

DATED: January 28, 2021

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

By:  /s/ Jonathan I. Rabinowitz
JONATHAN I. RABINOWITZ