**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
Counsel to Jeffrey A. Lester, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC. et. al.,<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br><br>Jointly Administered |
| JEFFREY A. LESTER, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>ROBERT HALF, INC.,<br><br>Defendant. | Adv. Pro. No. |

## COMPLAINT TO AVOID
## AND RECOVER PRE-PETITION
## TRANSFERS AND FOR OTHER RELATED RELIEF

Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. (the "Debtor"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, by way of Complaint against Robert Half, Inc. (the "Defendant"), seeks to (i) avoid transfers by the Debtor to Defendant as preferential pursuant to 11 U.S.C. § 547; (ii) recover the value of the avoided transfers pursuant to 11 U.S.C. § 550; and (iii) obtain a Bankruptcy Court Order determining that any claims the Defendant may hold against the Debtor's bankruptcy estate are waived, discharged, and barred pursuant to 11 U.S.C. § 502(h).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 547, 550, and 502.

## GENERAL ALLEGATIONS AND BACKGROUND

3. On February 17, 2019 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

4. On April 2, 2020, the Bankruptcy Court entered an order converting the Debtor's Chapter 11 case to Chapter 7.

5. On April 3, 2020, the Trustee was appointed as Chapter 7 Trustee for the Debtor and continues to serve as trustee herein.

6. On July 11, 2019, the Trustee was appointed to serve as interim trustee in the Debtor's bankruptcy case. The Trustee continues to serve as Chapter 7 trustee of the Debtor's bankruptcy estate.

7. Upon information and belief, the Defendant is a Delaware corporation with a principal place of business located at 2884 Sand Hill Road Menlo Park, California 94025.

8. Upon information and belief, the Defendant provides temporary employee services.

9. Upon information and belief, the Defendant provided the Debtor with temporary employees.

10. On January 20, 2021, counsel for the Trustee conducted an interview of John Clark ("Clark"), the Debtor's former controller. During the course of the interview, Clark confirmed that the Defendant provided services to the Debtor.

11. On February 3, 2021, counsel for the Trustee issued a preference demand letter to the Defendant requesting, among other things, a written explanation and calculation of any defenses it may have pursuant to 11 U.S.C. § 547(c) of the Bankruptcy Code.

12. The Defendant did not respond to the preference demand letter.

13. Within ninety days of the Petition Date, the Debtor made payments, by electronic fund transfers, to the Defendant in the aggregate amount of not less than $28,065.34 (the "Transfers"). Upon information and belief, the Transfers were made by the Debtor as follows:

| Date | Amount |
| --- | --- |
| 11/19/2018 | $11,984.14 |
| 12/12/2019 | $8,744.80 |
| 1/10/2019 | $4,372.40 |

## COUNT I

14. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 – 13 as if set forth at length herein.

15. The Transfers were made by the Debtor to the Defendant (a) for the benefit of the Defendant, who was a creditor of the Debtor; (b) on account of an antecedent debt owed by the Debtor to the Defendant; (c) while the Debtor was insolvent; and (d) within ninety days of the Petition Date.

16. The Transfers enabled the Defendant to receive more than it would otherwise receive as a creditor of the Debtor had the Transfers not been made.

17. The Transfers were made outside the ordinary course of business or financial affairs

3

of the Debtor, and were not made according to ordinary business terms.

18. Pursuant to Bankruptcy Code Sections 547 and 550, the Trustee may avoid and recover the Transfers.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) Avoiding the Transfers;

(b) For damages in amount equal to the value of the Transfers, together with interest and cost of suit;

(c) Ordering the Defendant to turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfers; and

(d) Granting such other and further relief that the Court deems just and equitable.

## COUNT II

19. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 – 18 as if set forth herein at length.

20. The Trustee demanded repayment of the Transfers prior to the filing of the within Complaint.

21. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Debtor's bankruptcy estate.

22. Pursuant to Bankruptcy Code 502(d), the Trustee is entitled to an Order waiving, discharging, and barring any claims that the Defendant may hold against the within estate.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

  (a) for an order waiving, discharging, and barring any claims that the Defendant may hold against the within estate; and

  (b) granting such other and further relief that the Court deems just and equitable.

## COUNT III

23. The Trustee repeats and realleges each and every allegation set forth in paragraphs 1 – 22 as if set forth herein at length.

24. The Transfers constitute payments made by the Debtor to the Defendant.

25. The Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, and the beneficial transferee of such Transfers.

26. Pursuant to Bankruptcy Code § 550, the Trustee is entitled to recover the Transfers, together with pre- and post-judgment interest at the maximum legal rate from the date that the Transfers were made to the Defendant.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

  (a) avoiding the Transfers;

  (b) for damages in amount equal to the value of the Transfers, together with interest and costs of suit;

  (c) ordering the Defendant to turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfers; and

  (d) granting such other and further relief that the Court deems just and

equitable.

                **RABINOWITZ, LUBETKIN & TULLY, LLC**
                *Counsel to Chapter 7 Trustee*


                By:    /s/ Barry J. Roy
                        BARRY J. ROY

Dated: March 15, 2021