**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
*Counsel to Jeffrey A. Lester, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 19-13273 (VFP) |
| IMMUNE PHARMACEUTICALS, INC. et. al., | Chapter 7 |
| Debtors. | Jointly Administered |
| JEFFREY A. LESER, CHAPTER 7 TRUSTEE of IMMUNE PHARMACEUTICALS, INC., | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| ELLIOT MAZA, | |
| Defendant. | |

**COMPLAINT TO AVOID AND**
**RECOVER PRE-PETITION TRANSFERS**

Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. (the "Debtor"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, by way of Complaint against Elliot Maza (the "Defendant"), seeks to (i) avoid transfers by the Debtor to Defendant as preferential pursuant to 11 U.S.C. § 547; and (ii) recover the value of the avoided transfers pursuant to 11 U.S.C. § 550.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 547 and 550.

## GENERAL ALLEGATIONS

1. On February 17, 2019 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. On April 2, 2020, the Bankruptcy Court entered an order converting the Debtor's Chapter 11 case to Chapter 7.

3. On April 3, 2020, the Trustee was appointed as Chapter 7 Trustee for the Debtor and continues to serve as trustee herein.

4. Upon information and belief, the Defendant is an individual living in the State of New Jersey.

5. Upon information and belief, the Defendant resides at 800 Park Avenue, Apt. 3507, Fort Lee, New Jersey.

6. Upon information and belief, the Defendant was, at all relevant times hereto, an officer of the Debtor.

7. On January 20, 2021, counsel for the Trustee conducted an interview of John Clark ("Clark"), the Debtor's former controller. During the course of the interview, Clark confirmed that the Defendant was an officer of the Debtor.

8. During the course of the interview Clark also confirmed that the Defendant received expense reimbursements from the Debtor during the year prior to the Petition Date.

9. Based on the totality of the facts set forth above, the Defendant is an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31)(B)(ii) of the Code.

10. Within one year of the Petition Date, the Debtor made payments, by check, to the Defendant in the aggregate amount of $36,827.66 (the "Transfers"). Upon information and belief, the Transfers were made by the Debtor as follows:

| Date | Amount |
| --- | --- |
| 2/20/2018 | $5,686.54 |
| 3/13/2018 | $2,419.91 |
| 4/3/2018 | $2,904.03 |
| 5/21/2018 | $3,200.71 |
| 5/28/2018 | $6,414.29 |
| 6/26/2018 | $3,616.11 |
| 6/29/2018 | $2,362.31 |
| 8/6/2018 | $7,183.11 |
| 10/16/2018 | $3,040.65 |

## COUNT I

11. The Trustee repeats and realleges each allegation contained above as if set forth at length herein.

12. The Defendant is an "insider" as that term is defined in Code § 101(31)(B)(ii).

13. The Transfers made by the Debtor to the Defendant, all of which cleared during the one (1) year prior to the commencement of the within bankruptcy proceeding, were made on account of antecedent debts incurred by the Debtor.

14. At the time each and every one of the Transfers were made, the Debtor was insolvent, evidenced by, *inter alia*, the Debtor's Schedules and Statement of Financial Affairs.

15. The Transfers were made to or for the benefit of a creditor.

3

16. The Trustee, for the purpose of Transfers made within ninety (90) days of the Petition Date, also relies upon the presumption of the Debtor's insolvency pursuant to Code § 547(f).

17. The Transfers enabled the Defendant to obtain more than he would receive from the Debtor's estate if the case was a liquidation proceeding under Chapter 7 of the Code, had the Transfers not been made, and had the Defendant received payment of its debt in accordance with the priorities set forth in the Code.

18. Pursuant to Code §§ 547 and 550, the Trustee may avoid and recover the Transfers.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) avoiding the Transfers;

(b) for damages in amount equal to the value of the Transfers, together with interest and costs of suit;

(c) ordering that the Defendant turn over to the Trustee within ten days of judgment an amount equal to the value of the Transfers; and

(d) granting such other and further relief that the Court deems just and equitable.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel to Jeffrey A. Lester, Chapter 7 Trustee*

By: _____
BARRY J. ROY

Dated: March 31, 2021

F:\Client_Files\A-M\Immune Pharmaceuticals\Preferences\Maza\Complaint.doc

4