**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
(973) 597-9100
Jonathan I. Rabinowitz
*Counsel to Jeffrey A. Lester, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., et als.,<br><br>Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br><br>Jointly Administered |

### TRUSTEE'S NOTICE REGARDING RECENT SEC FILINGS, PRESS RELEASES AND RELATED COMMUNICATIONS

The Trustee states as follows:

1.     The Trustee files this statement to place parties-in-interest on notice regarding recent SEC filings, press releases and related communications.

2.     These bankruptcy cases were commenced by Immune Pharmaceuticals Inc. ("Immune") filing a voluntary Chapter 11 Petition in the United States Bankruptcy Court for the District of New Jersey (the "Court") on February 17, 2019. Its subsidiaries filed voluntary Chapter 11 cases in the Court shortly thereafter (the "Subsidiaries" and Immune collectively the "Debtors"). All of the Debtors were continued in possession of their assets and the management of their businesses as debtors-in possession. No trustee was appointed. A committee of unsecured creditors was formed.

3.     The Debtors' Chapter 11 cases were converted to Chapter 7 on April 2, 2020.

4.      On April 3, 2020, Jeffrey Lester was appointed Chapter 7 Trustee of these cases (the "Trustee").  Since the date of his appointment, the Trustee has been administering and liquidating property of the estate for distribution to creditors and holders of interests in accordance with the priority scheme set forth in the Bankruptcy Code.

5.      Prior to these bankruptcy filings, Immune was a publicly traded company. Before the bankruptcy filings, it appears that Immune's stock was de-listed from NASDAQ.  Subsequent to the bankruptcy filings, it appears that Immune's stock continued to trade.  From time to time, the Trustee received inquiries from holders of interests as to whether they could expect distribution on account of their equity.

6.      Due to the existence of the following factors, the Trustee informed those inquiring holders of interests that no such distribution was expected:

a.      The existence of a secured creditor claiming to be owed approximately $14,000,000 secured by an alleged blanket lien on all of the Debtors' assets;

b.      Chapter 7 and Chapter 11 administration expense claims presently in the approximate amount of $3,600,000; and

c.      Priority and general unsecured debt in the amount of $12,673,847.00.

The Trustee's position with regard to there being no expected distribution to equity has not changed.

7.      The Trustee recently became aware of several press releases apparently issued by Adeel Ahmed and filings ("Filings") with the Securities Exchange Commission addressing a possible merger of Immune with a recently formed Nevada corporation using Immune's name formed for this purpose and also announcing that he was appointed interim CEO of Immune.

8.      These press releases were not authorized nor issued by the Trustee and were prepared and issued without the Trustee's knowledge. Further, the Filings were not prepared nor filed by the Trustee and he had no prior knowledge of their preparation or filing.

9.      The Immune name is property of the Debtors' bankruptcy estates under Section 541(a) of the Bankruptcy Code.  The Trustee has not conveyed nor authorized the use of Immune's name to anyone.  The Trustee notified Mr. Ahmed that his use of the name was not authorized and violates the automatic stay.

10.     The Trustee has not engaged in merger discussions with anyone and does not believe that a merger is legally authorized. Previously, Mr. Ahmed offered to purchase the corporate shell of Immune for a nominal sum of money. The Trustee investigated that offer, determined that it was not legally authorized and so informed Mr. Ahmed of that fact.  There have been no further discussions between the Trustee and anyone regarding the sale of the corporate shell.

11.     On October 28, 2020 and December 7, 2020, the Court entered orders authorizing the Trustee to sell a drug called Ceplene to Discover Growth Fund, LLC.  The transaction closed. The Trustee has no knowledge of any further disposition of Ceplene. Cytovia, Inc. is one of the Debtors. During these Chapter 7 cases, the Trustee has not sought and Court has granted no authority to Cytovia, Inc. to convey any of its assets.

12.     The Trustee promptly notified the appropriate regulatory authorities including the SEC of these matters. These regulatory authorities have taken or will take such action as they deem appropriate.

13.    The Trustee notifies parties-in-interest seeking further information that they can access certain information regarding these Chapter 7 cases by visiting the Court's website located at http://www.njb.uscourts.gov/content/obtaining-case-information

_____/s/ Jeffrey A. Lester_____
JEFFREY LESTER, Chapter 7 Trustee of
Immune Pharmaceuticals, Inc.