UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, NJ  07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
*Counsel for Jeffrey A. Lester, Chapter 7 Trustee*

In re:

IMMUNE PHARMACEUTICALS INC., et al.,

Debtors.

Case No. 19-13273 (VFP)

Chapter 7

Jointly Administered

**Hearing Date: June 22, 2021 at 10:00 a.m.**

## APPLICATION FOR THE ENTRY OF AN ORDER FURTHER EXTENDING CHAPTER 7 TRUSTEE'S TIME TO ASSUME OR REJECT CERTAIN EXECUTORY CONTRACTS

TO:   HONORABLE VINCENT F. PAPALIA
      UNITED STATES BANKRUPTCY JUDGE

The application of Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for Immune Pharmaceuticals, Inc. ("Immune Inc."), Immune Pharmaceuticals, Ltd. ("Immune Ltd."), Cytovia, Inc. ("Cytovia"), Immune Oncology Pharmaceuticals, Inc. ("Oncology"), Maxim Pharmaceuticals, Inc. ("Maxim"), and Immune Pharmaceuticals USA Corp. ("USA," collectively with the foregoing, the "Debtors"), by and through his counsel, Rabinowitz, Lubetkin & Tully, LLC, for entry of an order further extending the Trustee's time to assume or reject c e r t a i n  executory contracts pursuant to 11 U.S.C. 365(d)(1) shows and alleges unto the Bankruptcy Court as follows:

1.      On February 17, 2019 (the "Petition Date"), Immune Inc. filed a voluntary petition

for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. On February 22, 2019, Immune Inc.'s subsidiary Immune Ltd. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and on February 26, 2019, Cytovia, Oncology, Maxim and USA, who are also subsidiaries of Immune Inc., filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. At the time of filing, the Debtors were a clinical stage biopharmaceutical company specializing in the development of novel targeted therapeutic agents in the fields of inflammation, dermatology and oncology.

4. Upon information and belief, at the time of filing, the Debtors' primary assets were agents, including their corresponding patents and licenses, referred to as Bertilimumab (the "Bert Assets") and Ceplene (the "Ceplene Assets").

5. Upon information and belief, the Debtors' Schedules and Statements of Financial Affairs identified the Bert Assets and the Ceplene Assets.

6. On October 21, 2019, the Bankruptcy Court entered an order approving the Debtors' sale of the Bert Assets to Alexion Pharma International Operations Unlimited Company ("Alexion").

7. Upon information and belief, the Debtors' sale of the Bert Assets to Alexion closed in or about November 2019.

8. On March 6, 2019, the Bankruptcy Court entered an Order granting the Debtors' motion for joint administration of the Debtors' bankruptcy cases.

9. On April 2, 2020, the Bankruptcy Court entered an Order converting the Debtors' cases to Chapter 7.

10. On April 3, 2020, the Trustee was appointed as Chapter 7 Trustee for the Debtors

and continues to serve as Trustee herein.

11. On June 10, 2020, the Bankruptcy Court entered an order extending the Trustee's time to assume or reject executory contracts pursuant to 11 U.S.C. § 365(d)(l) to August 30, 2020.

12. On August 26, 2020, the Bankruptcy Court entered an order further extending the Trustee's time to assume or reject executory contracts pursuant to 11 U.S.C. § 365(d)(1) to November 28, 2020.

13. On October 28, 2020, the Bankruptcy Court entered an order approving the sale of Immune Inc.'s interest in the Ceplene Assets to Discover Growth Fund, LLC ("Discover").

14. On November 24, 2020, the Bankruptcy Court entered an order further extending the Trustee's time to assume or reject executory contracts pursuant to 11 U.S.C. § 365(d)(1) to December 28, 2020.

15. On December 23, 2020, the Bankruptcy Court entered an order further extending the Trustee's time to assume or reject executory contracts pursuant to 11 U.S.C. § 365(d)(1) to March 28, 2021.

16. On March 25, 2021, the Bankruptcy Court entered an order further extending the Trustee's time to assume or reject executory contracts pursuant to 11 U.S.C. §365(d)(1) to June 26, 2021 (the "Last Extension Order").

17. On November 19, 2020, counsel for the Trustee received an e-mail from Barbara L Farley, Esq., counsel for SATT PACA CORSE ("SATT"), a French company, indicating that certain of the Debtors' assets may not have been included in the sales of the Bert Assets or the Ceplene Assets (the "Farley e-mail").

18. Upon information and belief, the Debtors' assets referred to in the Farley e-mail include the CXCL patent, the VEGFc patent, and the pro-angio VEGF invention (collectively, the

3

"SATT Assets").

19. Due to the hyper-technical nature of the Debtors' businesses, the Trustee has not yet been able to conclusively establish whether the SATT Assets were sold in the Bankruptcy Court approved sales to Alexion or Discover, or whether they still require administration or abandonment.

20. In addition, due to the hyper-technical nature of the Debtors' businesses, it is unclear to the Trustee at this point whether the SATT Assets were identified as assets of the bankruptcy estates on the Debtors' Schedules and Statements of Financial Affairs.

21. Finally, again as a result of the hyper-technical nature of the Debtors' businesses, it is unclear to the Trustee at this time whether all of the assets, other than the SATT Assets, identified on the Debtors' Schedules and Statements of Financial Affairs were included in the sales of the Ceplene Assets or the Bert Assets, or whether there are certain remnant assets which still require administration or abandonment (the "Remnant Assets").

22. Out of an abundance of caution, the Trustee files the within motion to allow the Trustee additional time to determine whether the executory contracts which constitute the SATT Assets and Remnant Assets have value or simply require abandonment.

23. As set forth above, pursuant to 11 U.S.C. § 365(d)(1) of the Bankruptcy Code and the Last Extension Order, the Trustee now only has until June 26, 2021 (the "Deadline") to assume or reject the Debtors' executory contracts which include the SATT Assets and Remnant Assets (collectively, the "Contracts") or seek an extension of time within which to do so. Failing assumption or an extension of time, executory contracts are deemed rejected.

### Requested Relief

24. By this Motion, the Trustee seeks an Order of the Court further extending the time to assume or reject the Contracts.

4

25. The Trustee submits that granting the relief requested herein is in the best interests of the bankruptcy estate.

26. Extending the Deadline for an additional ninety (90) days until September 24, 2021, will, as stated previously, allow the Trustee additional time to determine whether the executory contracts constituting the SATT Assets and Remnant Assets have value or simply require abandonment.

## Notice

27. Notice of this Motion has been given to: (a) the Office of the United States Trustee for this District; (b) creditors holding the 20 largest unsecured claims against the Debtor; (c) those persons or entities who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (d) the known various counter-parties to the contracts identified on the Debtors' Schedules and Statement of Financial Affairs, if any; (e) secured creditors; (f) counsel for TSP; and (g) counsel for SATT (collectively, the "Notice Parties"). The Trustee submits that, in light of the relief requested, no other or further notice need be given.

## Basis for Requested Relief

28. The Bankruptcy Code sets forth a sixty (60) day deadline by which the trustee must assume or reject an executory contract. See 11 U.S.C. § 365(d)(l). If the trustee fails to assume or reject by an "unequivocal act by that deadline," then an executory contract is deemed automatically rejected. See In re Antonio Del Grosso, 115 B.R. 136 (Bankr. N.D. Ill. 1990).

29. At this time, the Trustee is not in a position to take an "unequivocal act" in regards to the Contracts.

30. Therefore, the Trustee seeks to extend the time for him to take an affirmative act to assume or reject any of the Contracts.

31. While § 365(d)(l) of the Bankruptcy Code provides a 60-day deadline, it also provides a basis for the relief the Trustee is requesting in the Motion. Specifically, § 365(d)(1) provides:

> In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or personal property of the debtor within 60 days after the order for relief, or <u>within such additional time as</u> the court, for cause, within such 60-day period, fixes, then such <u>contract or lease is deemed rejected.</u>

11 U.S.C. § 365(d)(1) (emphasis added).

32. The Trustee may, for cause, seek additional time to assume or reject executory contracts or unexpired leases of personal property, so long as such additional time is set by the Court within 60 days of the Petition Date, or such previously extended period of time. <u>Id.</u>

33. The Trustee has timely filed the within motion prior to the expiration of the Deadline

34. Based on the foregoing, the Trustee respectfully requests that the Bankruptcy Court enter an Order further extending the Trustee's time to assume or reject the Contracts for an additional ninety (90) days pursuant to 11 U.S.C. § 365(d)(l).

### Reservation of Rights

35. The Trustee reserves his right to modify the list of Contracts for which he seeks to extend the time to assume or reject until the time of the hearing of the within motion.

### Conclusion

**WHEREFORE,** Jeffrey A. Lester, as the Chapter 7 Trustee for Immune Pharmaceuticals, Inc., Immune Pharmaceuticals, Ltd., Cytovia, Inc., Immune Oncology Pharmaceuticals, Inc., Maxim Pharmaceuticals, Inc., and Immune Pharmaceuticals USA Corp., respectfully requests that the Bankruptcy Court enter an order (i) granting this Motion; (ii) further extending the time for

6

the Trustee to assume or reject executory contracts to September 24, 2021; (iii) granting such other relief as the Bankruptcy Court deems just and proper.

          **RABINOWITZ, LUBETKIN & TULLY, LLC**
          Counsel to Jeffrey A. Lester, Chapter 7 Trustee

          By: /s/ Barry J. Roy
              BARRY J. ROY

Dated: May 26, 2021

F:\Client_Files\A-M\Irnmune Pharmaceuticals\Assume or Reject- APP.doc