# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

ATTORNEYS AT LAW

Jonathan I. Rabinowitz*
Jay L. Lubetkin ∆
Mary Ellen Tully, Retired
Barry J. Roy *«
Jeffrey A. Cooper*
Henry M. Karwowski*
Laura E. Quinn*
John J. Harmon*

293 Eisenhower Parkway • Suite 100
Livingston, New Jersey 07039
Telephone: (973) 597-9100
Facsimile: (973) 597-9119
www.rltlawfirm.com

* Member NJ & NY Bars
∆ Member NJ & GA Bars
« Member MA Bar

June 21, 2021

**Via ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Court
P.O. Box 1352
Newark, New Jersey 07101-1352

    Re:    **Immune Pharmaceuticals Inc.,** *et al.*
           **Case No. 19-13272 (VFP)**

           **Lester, Chapter 7 Trustee v. Maza**
           **Adv. Pro. No. 21-01225**
           **Notice of Proposed Compromise or Settlement of Controversy (ECF 4)**
           **Hearing Date: June 29, 2021 at 10:00 AM**
           **Request for Hearing and Adjournment**

Dear Judge Papalia:

      This firm represents Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Immune Pharmaceuticals, Inc. (the "Debtor") and related debtors and Plaintiff in the above-referenced adversary proceeding against Elliot Maza ("Defendant"). The Trustee hereby submits this letter in reference to the Notice of Proposed Compromise of Settlement of Controversy recently filed in this proceeding (the "Proposed Settlement").

      As set forth in more detail below, the Trustee writes to inform this Court (i) of changed circumstances that may bear on whether the settlement remains in the best interest of the estate; and (ii) that he believes that the proposed settlement with Defendant may no longer be in the best interest of the estate. Accordingly, for these reasons, the Trustee respectfully requests that this Court schedule a hearing on the Proposed Settlement and then adjourn the hearing for a period of 60 days to allow the Trustee to investigate whether the Proposed Settlement is still in the best interest of the estate.

Honorable Vincent F. Papalia
June 21, 2021
Page 2

**Background**

On February 17, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Compl. (ECF 1) ¶ 3.

On April 2, 2020, this Court converted the Debtor's bankruptcy case to a case under chapter 7. Id. ¶ 4. On April 3, 2020, the United States Trustee appointed the Trustee as Chapter 7 Trustee. Id. ¶ 5.

As part of his duties, the Trustee reviewed the Debtor's books and records and identified possible preferential transfers to Defendant, who was a former director and/or officer of the Debtor. Thereafter, on March 31, 2021, the Trustee filed against Defendant a Complaint seeking the avoidance and recovery of allegedly preferential transfers in the aggregate amount of $36,827.66 made by the Debtor to Defendant. Compl. (ECF 1).

On April 27, 2021, Defendant filed an Answer to the Complaint. Answer (ECF 4).

The Trustee and Defendant recently executed a Settlement Agreement whereby Defendant would pay to the estate the amount of $3,000 in full settlement of all claims raised in the Adversary Proceeding. The Trustee elected to settle the matter for that amount based on Defendant's assertion of a valid new value defense.

The Agreement provides further that the Trustee would release Defendant from "all claims of any kind or nature, known or unknown . . . whether contingent, liquidated, unliquidated, disputed, secured or unsecured including, without limitation, all claims on behalf of the bankruptcy estate." The Agreement will be effective upon among other events "issuance of a Certificate of No Objection by the Clerk of the Court pursuant to Bankruptcy Rule 9019 on notice to all creditors and other parties in interest ("Certificate") or entry of a final, nonappealable order by the Court approving this Agreement and the Settlement Payment over the objection(s) of any part(ies) in interest."

On the same date, the Trustee filed the Notice of Proposed Compromise of Settlement of Controversy. Notice (Bankr. ECF 642). The notice instructs that if any interested party objects to the settlement, it must file a written objection with the Clerk and serve it on the Trustee not later than seven days before the hearing date; and that if an objection is filed, a hearing will be held before this Court on June 29 at 10:00 AM; and that if no objection is filed, the Clerk will enter a "Certification of No Objection" and the settlement may be completed as proposed. Ibid.

As this Court is aware, the Trustee is investigating the possibility of asserting breach of fiduciary duty and related claims against the Debtor's officers and directors. In pursuing that investigation, the Trustee has been conducting discovery and he has recently received a voluminous amount of documents in response to his discovery requests. The Trustee has now undertaken the process of reviewing these documents – of which there are almost a million pages

Honorable Vincent F. Papalia
June 21, 2021
Page 3

– collected from multiple sources including hard copy documents from the Debtor's storage facility, hard copy documents from the Israeli Liquidator, electronic documents from the data room maintained by the Israeli Liquidator, and electronic documents from Discover Growth Fund, LLC and the Debtor.

In addition, the Trustee has served Interrogatories and a Notice to Take Oral Deposition on John Kirkland, the Debtor's principal; and Rule 2004 Subpoenas for the production of documents and a deposition on Anthony Fiorino and Daniel Teper, who are also directors and officers of the Debtor. Each of these individuals has yet to produce responses or documents.

The Trustee's review of the recently produced documents reveals an e-mail from a former officer or director alleging that Defendant may have breached his fiduciary duty to the Debtor. This allegation was previously unknown to the Trustee, especially since the pending Complaint by Discover Growth Fund, LLC against the Debtor's directors and officers does not name Defendant as a party.[1]

**The Effect of Changed Circumstances on the Proposed Settlement.**

In Myers v. Martin (In re Martin), the Third Circuit addressed whether a bankruptcy court had abused its discretion when it disapproved a certain stipulation between a chapter 7 trustee and a creditor. 91 F.3d at 391 (3d Cir. 1996). The stipulation had provided for a mutual release of all claims of the debtors and the creditor in a certain state court action. Ibid. Unbeknowst to the trustee or the bankruptcy court, however, the debtors had in the meantime convinced the state court to grant an expedited trial date. Id. at 392. Recognizing the potential to recover additional property for the estate, the trustee did not argue in favor of her motion to approve the stipulation; also, the trustee's counsel stated that although she believed the stipulation was in the best interest of the estate at the time she signed it, she would not have agreed to the stipulation had she known of the expedited trial date arranged by the debtors. Ibid. The bankruptcy court deferred ruling on the trustee's motion; and the debtors ultimately obtained a jury verdict against the creditor. Ibid. Faced with a potential increase in the bankruptcy estate resulting from the verdict, the bankruptcy court ultimately disapproved the stipulation. Ibid.

On appeal, the Third Circuit found no abuse of discretion by the bankruptcy court. Id. at 391. Although the court noted that a bankruptcy trustee has a duty of good faith and fair dealing in connection with an agreement to which she is a party, a trustee at the same time has a

---

[1] The Trustee's investigation recently indicated that the Debtor may have made an additional possible preferential transfer in the amount of $25,000 based on a "Negotiated Settlement Agreement and Release" executed by the Debtor and Defendant on or about December 6, 2018; this payment was not identified in the Trustee's preference analysis, and thus, it was not addressed in the Trustee's Complaint, because it appears to have been paid through the Debtor's payroll service, which made what appeared to be ordinary course payments.

Honorable Vincent F. Papalia
June 21, 2021
Page 4

fiduciary relationship with *all* creditors of the estate and a duty to maximize the value of the estate. Id. at 393-94. Thus, the court determined, "this trustee was faced with a conflict between her fiduciary duty to the creditor body as a whole and the alleged duty to go forward with a settlement agreement favoring one creditor but otherwise detrimental to the estate." Id. at 394.

The Third Circuit held: "We cannot require a trustee herself to choose between these conflicting legal obligations." Ibid. "Rather, Rule 9019(a) [providing that a bankruptcy court may approve a compromise or settlement] demonstrates the legislature's intent to place this responsibility with the bankruptcy court." Ibid. "In order to make such a determination, the bankruptcy court must be apprised of all relevant information that will enable it to determine what course of action will be in the best interest of the estate." Ibid. Accordingly, the court determined, "the trustee should inform the court and the parties of any changed circumstances since the entry into the stipulation of settlement." Ibid.

The court noted further that the contemplated agreement compromised an asset of the estate and that such act fell outside the ordinary course of business, and thereby implicated section 363, which provides that a trustee's actions which are not in the ordinary course must be subjected to complete disclosure and review. Id. at 395. The court added that if a trustee is prohibited from informing the court of changed circumstances, or from advocating on behalf of creditors in light of changed circumstances, a bankruptcy court could proceed without full information and the creditor body could suffer. Ibid.

Accordingly, the court concluded: "[T]he better course is to allow a trustee who fulfills her statutory duty to maximize assets of the estate the opportunity to report the change in circumstances to the court and to the creditors; such an act without more would not constitute a breach of contract." Ibid. "What the trustee did here was to fulfill her obligations to *all* creditors, as required by, *inter alia*, 11 U.S.C. § 704(1) [providing that the trustee shall collect and reduce to money the property of the estate]." Ibid. "Although a party to the stipulation, the trustee was not bound to vigorously urge the court to accept it in light of changed circumstances that added $150,500 to the corpus of the bankruptcy estate." Ibid. "Indeed, had she done so, a serious question of breach of a fiduciary responsibility to all creditors would have arisen." Ibid. See also id. at 394 (rejecting "the proposition that a trustee is required to champion a motion to approve a stipulation that is no longer in the best interest of the estate" and holding that "we will not constrain a bankruptcy trustee from fulfilling her statutory duty to the estate and the creditor body as a whole by preventing her from informing the court and the parties of changed circumstances").

In the wake of Martin, a court is not limited to a consideration of the circumstances present at the time the parties first reached agreement on a settlement; instead, courts in this Circuit, when assessing a settlement in a bankruptcy case, consider any new, intervening circumstances also. See, e.g., In re RFE Indus., 283 F.3d 159, 165 (3d Cir. 2002) ("Because the situation has changed drastically since [the trustee] first negotiated the Settlement, the bankruptcy court should examine the Martin factors in light of the present circumstances."); In re

Honorable Vincent F. Papalia
June 21, 2021
Page 5

Congoleum Corp., 2010 U.S. Dist. LEXIS 26557, at *11 n.3, 2010 WL 1133458 (D.N.J. Mar. 22, 2010) (rejecting future claims representative's argument that "this Court must analyze the settlement agreement under the factual circumstances as they existed when the parties first entered into the Travelers Settlement in 2006" and holding that instead, based on Martin, "this Court shall analyze the reasonableness of the Travelers Settlement in light of the current circumstances"); In re Filene's Basement, LLC, 2014 Bankr. LEXIS 2000, at *20, 2014 WL 1713416 (Bankr. D. Del. Apr. 29, 2014) (noting that "[w]hen such a conflict [in the trustee's duties in connection with a settlement] occurs, the trustee should inform the court of any changed circumstances since entry of the settlement agreement and the court will determine whether to approve the settlement," and thus, that "[t]o determine whether the Hartz Settlement should be enforced, I must decide whether, in light of the changed circumstances, the Hartz Settlement should be approved"); In re Northwestern Corp., 2005 Bankr. LEXIS 367, *12 (Bankr. D. Del. Mar. 10, 2005) ("Since the Debtor has now concluded the settlement is not in the best interests of the estate, that it violates express provisions of the Plan and therefore cannot be implemented, particularly where Class 7 and Class 9 creditors vigorously object, as does the Plan Committee, the only conclusion for the Court is that the proposed Settlement Agreement must be rejected for the reasons set forth above.").

And even without changed circumstances, a bankruptcy court, in assessing a settlement, must still evaluate the soundness of the parties' agreement, regardless of the parties' position on the settlement. See, e.g., Zacharias v. Foreman (In re Zacharias), 2015 U.S. Dist. LEXIS 21091, at *5-6, 2015 WL 849048 (D. Del. Feb. 23, 2015) (noting that "[e]ven if Trustee were bound to the Stipulation, thus preventing him from opposing its approval at the April 9, 2014 hearing, Rule 9019 imposes an independent duty upon the Bankruptcy Court to evaluate the agreement before it can be effective" and that "[t]he Bankruptcy Court is not required to accept the proposed settlement merely because the parties agree to it," and thus, affirming bankruptcy court's decision declining to approve stipulation providing for trustee's dismissal of avoidance action, where "[t]he agreement essentially surrendered a potential opportunity to recover property for the estate in return for nothing").

Here, in fulfillment of his obligation to all creditors of the estate, the Trustee hereby reports to this Court and all interested parties that new, changed circumstances may bear on whether the proposed settlement remains in the best interest of the estate. More specifically, as noted above, the Trustee's investigation of the record, which is ongoing, may reveal that the estate hold breach of fiduciary duty and related claims against Defendant.[2] If the Proposed Settlement is approved, the Trustee's ability to pursue against Defendant any breach of fiduciary duty and related claims and any additional preferential claim may be foreclosed based on the expansive scope of the release, to the potential detriment of the estate and its creditors.

---

[2] Also, as noted above, the record indicates that the Debtor may have made to Defendant an additional possible preferential payment that is not the subject of the Trustee's Complaint.

Honorable Vincent F. Papalia
June 21, 2021
Page 6

### The Trustee's Current Position on the Proposed Settlement.

In Martin, the Third Circuit expressly emphasized that "[it did] not decide the broader issue of whether, absent intervention of a bankruptcy court, parties are bound by the terms of a settlement pending final approval of the bankruptcy court." Martin, 91 F.3d at 395 (footnote omitted).

Some courts have held that in light of section 363, a debtor is not bound by a settlement not within the ordinary course of the debtor's business absent court approval. See, e.g., Rinehart v. Stroud Ford, Inc. (In re Stroud Ford, Inc.), 205 B.R. 722, 725 (Bankr. M.D. Pa. 1996) ("Of course, if the compromise agreement did not concern matters within the ordinary course of the debtor's business, then the debtor (or debtor-in-possession) had no authority to enter into the compromise absent 'notice and a hearing' and, therefore, the debtor cannot be bound by its terms.").

In Stroud, the Pennsylvania bankruptcy court considered whether the debtors-in-possession could properly withdraw their motion to sell a certain estate asset after they had received a higher bid for the asset. The court held that "[w]hen a debtor-in-possession contracts, it binds not only itself but it obligates the entire estate for the ramifications of its decisions," and hence, "[f]airness dictates that such an obligation should only be effective after notice and a hearing, if necessary." Stroud, 205 B.R. at 727. Because a hearing was necessary after the original contemplated buyer objected to the debtors' withdrawal of the motion to sell, the court held that "[t]he debtor-in-possession was therefore free to disregard the terms of its commitment prior to court disposition of the objection." Ibid. See also Blue Dog at 399 Inc. v. BP 399 Park Ave. LLC (In re Blue Dog at 399 Inc.), 2017 Bankr. LEXIS 2032, at *16-17 (Bankr. S.D.N.Y. July 21, 2017) ("The notion that a debtor should be forbidden to speak if it no longer thinks that a settlement is proper, and if it no longer thinks in its business judgment that a settlement should be approved, amounts to a suggestion that a debtor is estopped from fulfilling its fiduciary duty and estopped from complying with its duty of candor to the court. In that regard the suggestion is absurd. A debtor not only has the right to tell the court what the debtor thinks, it has an ongoing duty to do so."); In re Sparks, 190 B.R. 842, 845 (Bankr. N.D. Ill. 1996) (reasoning that requiring a debtor to seek approval of an agreement it no longer supports "would pit the debtor in a conflict between his fiduciary duty to the estate and a duty to go forward with the agreement" and "create confusion about the applicable legal standard" (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991))).

Based on this authority, it would appear that the Trustee is not precluded from withdrawing or from advocating against the Notice of Proposed Compromise of Settlement of Controversy on behalf of creditors based on new circumstances.

In any event, even assuming that a settlement is binding on the estate even before court approval, the Third Circuit in Martin held further: "The trustee may even opt not to argue in favor of the stipulation, as was done here, if she no longer believes the settlement to be in the

Honorable Vincent F. Papalia
June 21, 2021
Page 7

best interest of the estate." <u>Martin</u>, 91 F.3d at 394. "The trustee does not breach any term of the stipulation by doing so, for the bankruptcy court may nonetheless approve the settlement." <u>Ibid.</u>

    Here, in light of the circumstances mentioned above, the Trustee believes that the proposed settlement with Defendant may no longer be in the best interest of the estate. Thus, the Trustee respectfully requests that this Court schedule a hearing on the Proposed Settlement and then adjourn the hearing to allow the Trustee to investigate these new claims.

    Thank you very much for Your Honor's consideration.

    Respectfully submitted,

    RABINOWITZ, LUBETKIN & TULLY, L.L.C.

    */s/ Jonathan I. Rabinowitz*
    Jonathan I. Rabinowitz

cc:    Jenny R. Kasen, Esq. (Via ECF, E-mail and Regular Mail)
        Mr. Juan Filgueiras, Courtroom Deputy (Via E-mail)